IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| CLOUDOFCHANGE, LLC<br><br>                Plaintiff,<br><br>v.<br><br>CLOVER NETWORK, INC.,<br><br>                Defendant. | Civil Action No. 6:22-cv-00634-ADA<br><br>**JURY TRIAL DEMANDED** |

### DEFENDANT'S OPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO THE COMPLAINT

Defendant Clover Network, Inc. ("Clover") hereby moves for a 45-day extension of time, through and including September 1, 2022, to respond to Plaintiff's Complaint for the following reasons:

Plaintiff's Complaint was recently served on Clover at its principal place of business in Sunnyvale, California on June 27, 2022. *See* Docs. 1 (June 17, 2022 Complaint) and 6 (July 5, 2022 Summons Return). Clover's current deadline to respond to the Complaint is therefore July 18, 2022.

Notably absent in the Complaint are allegations to establish that venue is proper in this district. In fact, Plaintiff fails to allege a single fact in support of its conclusion that "[v]enue is proper in this judicial district under 28 U.S.C. § 1400(b)." Doc. 1, p. 4, ¶ 13. Nor does Plaintiff even pay lip service to *TC Heartland LLC* by alleging that Clover has a regular and established place of business in this district. *See TC Heartland LLC v. Kraft Foods Group Brand, LLC*, 137 S.Ct. 1514 (2017) (requiring a party seeking to establish venue to show that the defendant has both committed acts of infringement and has a regular and established place of business in the district). Whether the absence of such allegations in the Complaint is because venue here is not proper or

because Plaintiff lacked any basis for its venue assertion when it filed the Complaint is not clear at this point.

But what is clear is that both Rule 11 and 35 U.S.C. §285 of the Patent Act required that the plaintiff conduct an adequate pre-suit investigation and have a good faith basis for the Complaint's venue assertion. Likewise, Rule 11's mandates apply equally to Clover and require that it conduct a reasonable inquiry under the circumstances to ensure that the representations it makes to this Court are well founded and have or will likely have evidentiary support. *See* Fed. R. Civ. P. 11(b)(2-4). That requisite, reasonable inquiry takes time and, due to recent personnel changes within Clover's upper management and other circumstances, cannot be completed in this case by the current July 18, 2022 deadline to respond to the Complaint.

Clover therefore promptly reached out to Plaintiff after being served with the Complaint to request an additional 45 days to file a responsive pleading. *See* Ex. A (July 6, 2022, 1:54 p.m. Email). Despite the straightforward request, Plaintiff not only refused Clover's request for a 45 day extension, it attempted to use Clover's need for additional time to leverage an agreement whereby Clover waived its right to challenge venue:

> [W]e are a little surprised about Clover's request for a 45-day extension after we reached out to your client two weeks ago without any response (letter and email attached).  My client CloudofChange is agreeable to a 30-day extension with the stipulation that Clover does not file a Motion to Transfer.

Ex. A (July 7, 2022, 2:34 p.m. Email).[1] Needless to say, Clover is not interested in bartering away its substantive right to a proper venue in exchange for a routine extension that is normally granted as a professional courtesy, much less an extension that is significantly shorter than the 45 day extension it requested.

---

[1] The "letter and email" referenced in the response email quoted above refers to June 22, 2022 correspondence to Clover stating that the plaintiff is interested in licensing the '640 Patent.

Even more troubling is Plaintiff's decision to not even pay lip service to the Local Rule governing requests for extension of time such as this, which provides:

> The court expects a lawyer to grant other lawyers' requests for reasonable extensions of time to respond to discovery, pretrial motions, and other pretrial matters. Opposing such requests wastes resources, unless the client's legitimate interests will be adversely affected.

Local Rule AT-4(b). Plaintiff bears the burden of pleading and proving its "legitimate interests will be adversely affected" but has not and cannot make that showing. Without waiving the argument that Plaintiff must show that its legitimate interests will be adversely affected by the extension, the fact remains that Clover simply needs sufficient time to conduct its own venue investigation, and good cause exists in these circumstances to grant the 45-day extension requested herein. While Clover's initial research indicates that it does not have a regular and established place of business in this district—which would explain why Plaintiff chose not to support its venue assertion with factual allegations—Clover has admittedly not had enough time to complete an investigation to confirm that initial finding. And Clover cannot affirmatively make this or any other representation of fact to this Court without first discharging its own obligations pursuant to 35 U.S.C. § 285 and Rule 11.

Because Clover must adequately investigate venue, as well as the other allegations in the Complaint, before seeking relief pursuant to Rule 12, including Rule(b)(3), or otherwise responding the Complaint, Clover prays that this Motion is granted and that the July 18, 2022 deadline to respond to the Complaint is extended by 45 days to September 1, 2022.

Dated: July 11, 2022 　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　*/s/ J. Stephen Ravel*
　　　　　　　　　　　　　　　　　　　　　　J. Stephen Ravel
　　　　　　　　　　　　　　　　　　　　　　Texas State Bar No. 16584975
　　　　　　　　　　　　　　　　　　　　　　Kelly Ransom
　　　　　　　　　　　　　　　　　　　　　　Texas State Bar No. 24109427
　　　　　　　　　　　　　　　　　　　　　　KELLY HART & HALLMAN LLP
　　　　　　　　　　　　　　　　　　　　　　303 Colorado, Suite 2000
　　　　　　　　　　　　　　　　　　　　　　Austin, Texas 78701
　　　　　　　　　　　　　　　　　　　　　　Tel: (512) 495-6429
　　　　　　　　　　　　　　　　　　　　　　steve.ravel@kellyhart.com
　　　　　　　　　　　　　　　　　　　　　　kelly.ransom@kellyhart.com

　　　　　　　　　　　　　　　　　　　　　　***Attorneys for Clover Network, Inc.***

## **CERTIFICATE OF CONFERENCE**

The undersigned certifies that parties conferred on July 6 and 7, 2022 via email but did not reach an agreement regarding the extension requested herein. See Ex. A. This Motion is therefore opposed and the matter submitted to this Court for resolution.

　　　　　　　　　　　　　　　　　　　　　　*/s/ J. Stephen Ravel*
　　　　　　　　　　　　　　　　　　　　　　J. Stephen Ravel

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record are being served with a copy of the foregoing document via the Court's CM/ECF system on July 11, 2022.

　　　　　　　　　　　　　　　　　　　　　　*/s/ J. Stephen Ravel*
　　　　　　　　　　　　　　　　　　　　　　J. Stephen Ravel