**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| CLOUDOFCHANGE, LLC, <br><br> Plaintiff, <br> v. <br><br> CLOVER NETWORK, INC., <br><br> Defendant. | Civil Action No. 6:22-CV-00634-ADA <br><br> **JURY TRIAL DEMANDED** |

**CLOVER NETWORK, INC.'S MOTION TO DISMISS
COMPLAINT UNDER FED. R. CIV. P. 12(b)(6)**

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | BACKGROUND | 1 |
| III. | LEGAL STANDARD | 3 |
| IV. | ARGUMENT | 3 |
| | A. **Plaintiff's Claims for Induced Infringement Should Be Dismissed** | 4 |
| | B. **Plaintiff's Claims for Contributory Infringement Should Be Dismissed.** | 7 |
| | C. **Plaintiff's Willful Infringement Claims Should Be Dismissed.** | 9 |
| V. | CONCLUSION | 10 |

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Artrip v. Ball Corp.*,
  735 F. App'x 708 (Fed. Cir. 2018) ...........................................................................................8

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)................................................................................................................3, 9

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007)..................................................................................................................3

*Berall v. Pentax of America, I*nc.,
  No. 10-CV-5777 (LAP), 2021 WL 3934200 (S.D.N.Y. Sept. 2, 2021) ................................7, 8

*BillJCo, LLC v. Apple Inc.*,
  No. 6:21-CV-00528-ADA, 2022 WL 299733 (W.D. Tex. Feb. 1, 2022).........................4, 6, 8

*Commil USA, LLC v. Cisco Systems, Inc.*,
  575 U.S. 632 (2015)...............................................................................................................7, 8

*EMA Electromechanics, Inc. v. Siemens Corp.*,
  No. 6:21-CV-1001-ADA, 2022 WL 1241967 (W.D. Tex. Apr. 26, 2022) ..............................7

*Global-Tech Appliances, Inc. v. SEB S.A.*,
  563 U.S. 754 (2011)...............................................................................................................7, 8

*Halo Electronics, Inc. v. Pulse Electronics, Inc.*,
  579 U.S. 93 (2016)..................................................................................................................10

*IOENGINE, LLC v. PayPal Holdings, Inc.*,
  No. CV 18-452-WCB, 2019 WL 330515 (D. Del. Jan. 25, 2019) ...........................................6

*MEMC Electronic Materials, Inc. v. Mitsubishi Materials Silicon Corp.*,
  420 F.3d 1369 (Fed. Cir. 2005)................................................................................................4

*Microsoft Corp. v. DataTern, Inc.*,
  755 F.3d 899 (Fed. Cir. 2014)...............................................................................................6, 7

*Monolithic Power Systems, Inc. v. Meraki Integrated Circuit (Shenzhen) Tech., Ltd.*,
  No. 6:20-CV-008876-ADA, 2021 WL 3931910 (W.D. Tex. Sept. 1, 2021) ...........................4

*Kan v. OneWest Bank, FSB*,
  823 F. Supp. 2d 464 (W.D. Tex. 2011)....................................................................................3

*Neology Inc. v. Kapsch Trafficcom IVHS, Inc.*,
  No. CV 13-2052-LPS, 2014 WL 4675316 (D. Del. Sept. 19, 2014) ......................................... 6

*Parity Networks, LLC v. Cisco Systems, Inc.*,
  No. 6:19-CV-00207-ADA, 2019 WL 3940952 (W.D. Tex. July 26, 2019) ............................. 10

*Textile Computer Systems, Inc. v. Broadway National Bank*,
  No. 6:21-CV-1050-ADA, 2022 WL 3142367 (W.D. Tex. Aug. 5, 2022) ............................. 4, 5

*Traxcell Technologies, LLC v. Verizon Wireless Personal Communications, LP*,
  No. 6:20-CV-01175-ADA, 2022 WL 299732 (W.D. Tex. Jan. 31, 2022) ..................... 4, 5, 6, 9

*Tuchman v. DSC Communications Corp.*,
  14 F.3d 1061 (5th Cir. 1994) ................................................................................................... 3

*Vita-Mix Corp. v. Basic Holdings, Inc.*,
  581 F.3d 1317 (Fed. Cir. 2009) ................................................................................................ 4

**Federal Statutes**

35 U.S.C. § 271 .................................................................................................................... 4, 7, 8, 9

**Federal Rules**

Fed. R. Civ. P. 12(b)(6) ........................................................................................................ 1, 3, 11

## I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Clover Network, Inc. ("Clover") respectfully requests that the Court dismiss Plaintiff Cloudofchange, LLC's ("Plaintiff") claims for induced, contributory, and willful infringement for failure to state a claim. The Complaint fails to plead sufficient facts for these claims for at least four reasons. As an initial matter, the Complaint fails to plead factual allegations plausibly establishing that Clover had the requisite knowledge of the Asserted Patents and/or of infringement. Alone this would be sufficient to dismiss Plaintiff's induced, contributory, and willful infringement claims. But the Complaint further fails to plead factual allegations plausibly establishing that (1) any component of the Accused Products, not covered by an Asserted Patent, is used to make the Accused Products or that such a component has no non-substantial infringing uses, (2) Clover knew or intended that the conduct of others constituted infringement of the any Asserted Patent, or (3) Clover should have known its acts constituted infringement.

These fatal flaws in the Complaint compel one outcome: the Court should dismiss the Complaint's allegations of (a) induced, (b) contributory, and (b) willful infringement.

## II. BACKGROUND

Plaintiff filed this suit against Clover on June 17, 2022, claiming that the (1) Clover Station Solo, (2) Clover Station Duo, (3) Clover Mini, and (4) Clover Dashboard (collectively, "Accused Products")[1] allegedly infringe United States Patent Nos. 9,400,640 ("'640 Patent"); 10,083,012 ("'012 Patent"); and 11,226,793 ("'793 Patent") (collectively, "Asserted Patents"). Dkt. 1

---

[1] The Complaint refers to this specific set of four products as both "Accused Products" and "Clover POS." Compl. ¶¶ 8-9. Unless stated otherwise, this brief refers to "Accused Products," "specific Clover product," or "accused Clover product" to refer to (1) Clover Station Solo, (2) Clover Station Duo, (3) Clover Mini, and/or (4) Clover Dashboard.

1

("Compl."); *id.* at ¶ 8. In addition to direct infringement, Plaintiff attempts to assert claims for indirect and willful infringement of the Asserted Patents. However, as demonstrated below, the Complaint includes few, if any, alleged facts to support its indirect and willful infringement claims.

Plaintiff does not affirmatively allege that Clover knew of the Asserted Patents and/or of the Accused Products alleged infringement anywhere in the Complaint. Instead, the general allegations that precede Counts I through III of the Complaint state that Plaintiff, "through its counsel, sent a Notice Letter to [Clover] dated January 19, 2018 via USPS Certified Mail (Tracking # […]). On information and belief Defendant's infringement has been willful at least since at least receipt of the Notice Letter." *Id.* at ¶ 23 (internal citation to Dkt. 1-4 (Ex. 4, Letter) omitted). That 2018 letter ("Letter"), which is the attached as an exhibit to the Complaint, only refers to the '640 Patent and states that Plaintiff "believes that [Clover's] POS software solutions infringe." *Id.* It does not reference the '012 Patent or the '793 Patent or identify any specific Clover product—let alone any Accused Product. *See id.* The Plaintiff also generally alleges that it "previously sought to protect" the Asserted Patents in another case against a third party, but it does not claim or suggest—nor could it–that Clover was in any way involved in that other litigation or that Clover was or should have been aware of that litigation. Compl. at ¶ 24.

Aside from the direct infringement allegations, each count of the Complaint includes only the following two allegations regarding induced and contributory infringement:

> In addition to direct infringement of the ['640, '012, or '793] Patent through making, using, selling, offering to sell, and/or importing into the United States the Accused Products, the use of the Accused Products by other, as intended by Clover and in accordance with the instructions provided by Clover, directly infringes the ['640, '012, or '793] Patent. In particular, Clover sells and/or leases the Accused Products to customers in the United States with the expectation and intent that such customers will use the Accused Products, thereby directly infringing the ['640, '012, or '793] Patent. As such, Clover has induced infringement of the ['640, '012, or '793] Patent under 35 U.S.C. § 271(b).

and

> Further, since the Accused Products infringe the ['640, '012, or '793] Patent, any use or sale thereof infringes the ['640, '012, or '793] Patent. As such, Clover's sale and/or lease and offering for sale and/or lease of the Accused Products constitutes contributory infringement of the ['640, '012, or '793] Patent under 35 USC §271(c).

*Id.* at ¶¶ 31, 51, 73 and ¶¶ 32, 52, 73. These same two allegations are repeated verbatim in each count of the Complaint and appear to be Plaintiff's only attempts to assert claims for willful, contributory, and induced infringement in the entire Complaint beyond the general allegations regarding the Letter and other litigation described above. *See id.*

### III. LEGAL STANDARD

Rule 12(b)(6) requires that a complaint contain sufficient factual matter, if accepted as true, to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this facial plausibility standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In other words, "a plaintiff must plead specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994) (internal quotation marks omitted). And the "complaint must include factual allegations plausibly establishing ***all elements*** required for the particular legal theory." *Kan v. OneWest Bank, FSB*, 823 F. Supp. 2d 464, 469 (W.D. Tex. 2011) (citing *Iqbal*, 556 U.S. at 683) (emphasis added).

### IV. ARGUMENT

The Complaint fails to plead sufficient facts for contributory, induced, and willful infringement, and thus, those claims should be dismissed.

### A. Plaintiff's Claims for Induced Infringement Should Be Dismissed

The Complaint fails to plead any facts that, even if taken as true, would establish that Clover induced infringement of the Asserted Patents.

To state a claim for induced infringement under § 271(b), "the complaint must plausibly plead that the defendant (1) knew of the patent; (2) knowingly induced the infringing acts; and (3) possessed a specific intent to encourage another's infringement of the patent." *Textile Computer Sys., Inc. v. Broadway Nat'l Bank*, No. 6:21-CV-1050-ADA, 2022 WL 3142367, at *4 (W.D. Tex. Aug. 5, 2022) (citing *Vita-Mix Corp. v. Basic Holdings, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009)). Induced infringement further requires that the alleged inducer "possessed specific intent to encourage another's infringement." *MEMC Electr. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1378 (Fed. Cir. 2005). "Mere knowledge of the Asserted Patents is not enough." *BillJCo, LLC v. Apple Inc.*, No. 6:21-CV-00528-ADA, 2022 WL 299733, at *4 (W.D. Tex. Feb. 1, 2022) (Albright, J.); *see Monolithic Power Sys., Inc. v. Meraki Integrated Cir. (Shenzhen) Tech., Ltd.*, No. 6:20-CV-008876-ADA, 2021 WL 3931910, at *5 (W.D. Tex. Sept. 1, 2021) (Albright, J.) (holding that knowledge of a patent and knowledge of infringement are "distinct elements"). The specific intent element of an induced infringement claim is demanding and requires more than simply "[i]nstructing others to perform an action 'such to cause infringement.'" *Traxcell Techs., LLC v. Verizon Wireless Pers. Commc'ns, LP*, No. 6:20-CV-01175-ADA, 2022 WL 299732, at *4 (W.D. Tex. Jan. 31, 2022) (Albright, J.).

Plaintiff fails to allege facts, even if taken as true, that Clover had the requisite knowledge or intent to induce infringement of the Asserted Patents. The Complaint's attempt to rely on the Letter to infer the requisite knowledge and intent, *see* Compl. ¶ 23; Dkt. 1-4, fails for at least three reasons. *First*, the Letter has no mention of either the '012 Patent or '793 Patent. *Id.* Notice letters that "entirely fail to mention" asserted patents, "are [in]sufficient to satisfy the knowledge

4

requirement[s]" of induced infringement claims. *Textile Computer*, 2022 WL 3142367, at *4. *Second*, even though the Letter references the '640 Patent, it makes no allegations that any Accused Products infringe that patent. *See* Dkt. 1-4. The Letter instead generically defines POS as "point of sale," and refers generally to "Clover Network, Inc.'s POS software solutions," but fails to identify what specific Clover products allegedly use the POS software solutions. *Id*. This is insufficient to establish that Clover had the requisite knowledge that any of the Accused Products infringe any Asserted Patent. *Third*, no factual allegations confirm delivery or receipt of the Letter by Clover. At most, Plaintiff refers to its USPS Certified Mail tracking number—which is unrelated to proof of delivery or receipt. Compl. ¶¶ 23-24. For these reasons alone, Plaintiff's induced infringement claims cannot survive dismissal.

Plaintiff's induced infringement claim should also be dismissed because the Complaint does not allege any facts sufficient to show that Clover knew or intended that the conduct of others constituted infringement of any Asserted Patent. It instead offers mere bald assertions that "the use of the Accused Products by others, as intended by Clover and in accordance with the instruction provided by Clover, directly infringes the [Asserted Patents]," and "Clover sells and/or leases the Accused Products to customers in the United States with the expectation and intent that such customers will use the Accused Products." Compl. ¶¶ 31, 51, 73. These allegations are nothing more than "[i]nstructing others to perform an action 'such to cause infringement' [which] does not plead the intent required by law." *Traxcell*, 2022 WL 299732, at *4. "Specific intent" requires not only that the defendant knew of the asserted patents and intended to cause the acts that allegedly produced infringement, but also that the defendant had an ***affirmative*** intent to cause infringement. *See Microsoft Corp. v. DataTern, Inc*., 755 F.3d 899, 904 (Fed. Cir. 2014) ("[T]he patentee must show that the accused inducer took an affirmative act to encourage infringement

5

with the knowledge that the induced acts constitute patent infringement."). Simply asserting that Clover sells or leases the Accused Products with the expectation and intention that they will be used does not amount to an allegation that Clover had the affirmative intent to cause infringement.

Moreover, the Complaint makes no allegations about what "instructions" Clover allegedly provides, or how those instructions related to the functionality claimed in the Asserted Patents. *See Neology Inc. v. Kapsch Trafficcom IVHS, Inc.*, No. CV 13-2052-LPS, 2014 WL 4675316, at *6 (D. Del. Sept. 19, 2014) (recognizing that "assertions that a defendant provided unspecified 'training and instructions to its customers concerning the use of the Accused Products' are not specific enough ... and simply begs the question: 'Provided 'training and instructions' as to what?'"); *cf. IOENGINE, LLC v. PayPal Holdings, Inc*., No. CV 18-452-WCB, 2019 WL 330515, at *4-5 (D. Del. Jan. 25, 2019) (finding specific intent satisfied where "[t]he complaint contain[ed] detailed references to the directions given by [defendant] to [third parties] and customers as to how to implement its software," and where "'the information and materials provided by [defendant] contain detailed descriptions and instructions for using and implementing the functionality claimed' in the asserted patents."). The Complaint then makes mere conclusory legal allegations on inducement. *Id*. Such threadbare allegations, even if accepted as true, fall short of supporting a plausible inference that Clover had or has the requisite specific intent for induced infringement. *See Traxcell*, 2022 WL 299732, at *4; *cf. BillJCo,* 2022 WL 299733, at *8 (finding specific intent where "[t]he Complaint alleges that Apple has had knowledge of the Asserted Patents since BillJCo filed the Complaint *and* it also maps claim limitations to instructions in Apple's developer guides," and where the "claim charts [were left] unscathed."); *cf. DataTern*, 755 F.3d at 905 (finding "[p]roviding instructions to use a product in an infringing manner [] evidence of the required mental state for inducing infringement," where accompanying claims charts established

how the instructions provided to customers aligned with the asserted claims).[2]  Accordingly, Plaintiff's induced infringement claims should be dismissed.

### B. Plaintiff's Claims for Contributory Infringement Should Be Dismissed.

The Complaint fails to plead facts sufficient to state any claim for contributory infringement under 35 U.S.C. § 271(c) against Clover.  Liability for contributory infringement arises when an alleged infringer sells a "component" of a patented invention, *i.e.*, "an item that was not itself covered by the claims of a patent but that enabled another party to make or use a patented machine, process, or combination." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 761 (2011).  An entire product covered by the patent does not meet the "component" requirement.  *See EMA Electromechanics, Inc. v. Siemens Corp.*, No. 6:21-CV-1001-ADA, 2022 WL 1241967, at *3 (W.D. Tex. Apr. 26, 2022) ("Contributory infringement of a patented device involves the sale, offer to sell, or importing of a component of the device, which is 'not itself technically covered by the claims of a product or process patent.'"); *Berall v. Pentax of Am., Inc.*, No. 10-CV-5777 (LAP), 2021 WL 3934200, at *8 (S.D.N.Y. Sept. 2, 2021) ("[A]lmost definitionally, an entire product cannot itself be a component of that same product.").  The accused contributory infringer must also "know that the combination for which his component was especially designed was both patented and infringing." *Global-Tech.*, 563 U.S. at 763-64 (internal quotation marks omitted); *see also Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015).  To state a claim for contributory infringement, a plaintiff must also "plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses" and are "not a staple article or commodity of commerce suitable for substantial noninfringing use." *Artrip v. Ball Corp.*, 735 F. App'x 708, 713 (Fed. Cir. 2018) (internal quotation marks omitted);

---

[2] Plaintiff provided no claim charts for the Asserted Patents, let alone charts that map the alleged Clover "instructions" to the asserted claims.

35 U.S.C. § 271(c). "Like induced infringement, contributory infringement requires knowledge of the patent in suit *and* knowledge of patent infringement." *Commil*, 575 U.S. at 639 (emphasis added).

For the reasons stated above for induced infringement, the Complaint fails to sufficiently plead facts, even if true, that support that Clover had the requisite knowledge of the Asserted Patents and/or knowledge of patent infringement of the Accused Products. On this basis alone, Plaintiff's contributory infringement claims cannot survive a motion to dismiss.

Plaintiff's contributory infringement claims must also be dismissed because the Complaint does not allege plead any facts alleging that Clover supplies any "component" (that is not itself covered by the '640 Patent, '012 Patent, and/or '793 Patent) that is used to make the accused Clover products. *See Berall*, 2021 WL 3934200, at *8 (finding allegations of an entire product rather than components of a product were insufficient to state a claim for contributory infringement); *BillJCo*, 2022 WL 299733, at *9 (same); *Global-Tech*, 563 U.S. at 761. Here, the Complaint refers solely to the wholly formed accused Clover products and does not allege that Clover supplies any "component" of the accused Clover products that are not covered by the Asserted Patents or that any accused Clover products enable another party to make or use a separate product that allegedly infringes. Compl. ¶¶ 8, 30, 50, 72; *Global-Tech*, 563 U.S. at 761; *Berall*, 2021 WL 3934200, at *8.

The Complaint contains no factual allegations that the Clover products—as a component of a patented invention—are especially made to infringe and/or have no substantial non-infringing uses. It offers only insufficient, conclusory statements that "since the Accused Products infringe the '640 Patent [, '012 Patent, and/or '793 Patent], any use or sale thereof infringes the '640 Patent[, '012 Patent, and/or '793 Patent]. As such, Clover's sale and/or lease and offering for sale

8

and/or lease of the Accused Products also constitutes contributory infringement of the '640 Patent [, '012 Patent, and/or '793 Patent] under 35 U.S.C. § 271(c)."  Compl. ¶¶ 32, 52, 74.  Not only is this a clear misstatement of the requirements for contributory infringement, but such conclusory statements—that do not identify "any specific component" and do not amount to an allegation that a "component has no substantial noninfringing uses"—cannot survive a motion to dismiss.  *See, e.g.*, *Traxcell*, 2022 WL 299732, at *5 (dismissing contributory infringement claim because plaintiff "fail[ed] to identify any specific component . . . , fail[ed] to allege that any identified component is a material part of the invention, and fail[ed] to allege that any identified component has no substantial noninfringing uses" outside "allegations for contributory infringement [that were] largely boilerplate"); *Iqbal*, 556 U.S. at 678.

The Complaint further fails to set forth any factual allegations that render plausible that Clover knew that the combination for which the "component" was especially designed was both patented and infringing.  Indeed, the singular factual allegation of knowledge in the Complaint relates to the Letter, which makes no mention of the Accused Products as defined by Complaint, and excluded any reference to 35 U.S.C. § 271(c).  *See* Compl. ¶¶ 8 & 23 (citing Ex. 4); *see also* Dkt. 1-4.  This is insufficient to establish the requisite knowledge for contributory infringement for any of the Asserted Patents.

In short, there are no factual allegations in the Complaint to establish a *prima facie* claim of contributory infringement.

### C. Plaintiff's Willful Infringement Claims Should Be Dismissed.

The Complaint fails to provide factual allegations to render plausible a claim for willful infringement claim.  To allege willful infringement, a plaintiff must plausibly allege the "subjective willfulness of a patent infringer, intentional or knowing." *Halo Electrs., Inc. v. Pulse Electrs., Inc.*, 579 U.S. 93, 105 (2016).  This requires a plaintiff to allege facts plausibly showing

9

that the accused infringer "(1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent." *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-CV-00207-ADA, 2019 WL 3940952, at *3 (W.D. Tex. July 26, 2019) (Albright, J.).

The Complaint's willful infringement claims fail to satisfy the *Parity* requirements. As discussed above, there is no allegation anywhere in the Complaint that Clover had the requisite knowledge of the Asserted Patents and/or alleged infringement by the Accused Products. Also, because the Letter fails to identify the '012 Patent and '793 Patent or any specific Clover product that allegedly infringes, it falls far short of plausibly alleging the knowledge elements of willful infringement. *See* Dkt. 1-4; *id.* at ¶ 23. For that reason alone, the Complaint fails to state a claim for willful infringement relating to the '012 and '793 Patents.

Even if the Letter attached to the Complaint suffices to plead knowledge of the '640 Patent, the claim for willful infringement of the '640 Patent still fails because the second and third *Parity* elements of the claim have not been adequately pleaded. Indeed, the Letter does not identify any specific Clover product, and thus it does not provide a basis from which an inference can be drawn that Clover knew or should have known that its conduct amounted to infringement. *See* Dkt. 1-4. And, as detailed above, there is no allegation that, if even true, could establish that Clover knew or should have known that its conduct amounted to infringement of the '640 Patent. Plaintiff's willful infringement claims should therefore be dismissed.

## V. CONCLUSION

For the above reasons, Plaintiff's Complaint fails to state claims for contributory infringement, induced infringement, and willful infringement, and those claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

Dated: August 17, 2022                    Respectfully submitted,

*/s/ J. Stephen Ravel*
J. Stephen Ravel
Texas State Bar No. 16584975
Kelly Ransom
Texas State Bar No. 24109427
KELLY HART & HALLMAN LLP
303 Colorado, Suite 2000
Austin, Texas 78701
Tel: (512) 495-6429
steve.ravel@kellyhart.com
kelly.ransom@kellyhart.com

***Attorneys for Clover Network, Inc.***

## CERTIFICATE OF CONFERENCE

The undersigned certifies counsel conducted the meet and confer required by OGP Version 4.1 Section VII. Plaintiff declined to dismiss any of its willfulness or indirect infringement claims pursuant to the terms of Section VII. Accordingly, the Motion is presented to the Court for resolution.

*/s/ J. Stephen Ravel*
J. Stephen Ravel

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record are being served with a copy of the foregoing document via the Court's CM/ECF system on August 17, 2022.

*/s/ J. Stephen Ravel*
J. Stephen Ravel