UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| CloudofChange, LLC, | |
|     Plaintiff, | Case No. 6:22-CV-00634-ADA |
|         v. | |
| Clover Network, Inc., | **JURY TRIAL DEMANDED** |
|     Defendant. | |

**PLAINTIFF CLOUDOFCHANGE, LLC'S RESPONSE TO
DEFENDANT CLOVER NETWORK, INC.'S 12(b)(6) MOTION TO DISMISS**

## LEGAL STANDARD

Rule 12(b)(6) requires that a complaint contain sufficient factual matter, if accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this plausibility standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," based on "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* However, in resolving a motion to dismiss for failure to state a claim, the question is "not whether [the plaintiff] will ultimately prevail, … but whether [the] complaint was sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011). "The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Iqbal*, 556 U.S. at 678). Thus, when addressing a motion to dismiss, the Court "accepts all well-pleaded facts as true, views them in the light most favorable to the plaintiff, and draws all reasonable inferences in the plaintiff's favor." *Johnson v. BOKF Nat'l Ass'n*, 15 F.4th 356, 361 (5th Cir. 2021).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted is "a purely procedural question not pertaining to patent law," and so the law of the Fifth Circuit controls. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007). "A motion to dismiss under rule 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir.

1982)).  "The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true."  *Id*.  When considering such motions, this Court "accepts all well-pleaded facts as true, views them in the light most favorable to the plaintiff, and draws all reasonable inferences in the plaintiff's favor."  *ACQIS LLC v. Lenovo Grp. Ltd.*, No. 6:20-CV-00967-ADA, 2022 U.S. Dist. LEXIS 122565, at *3 (W.D. Tex. July 12, 2022) (Albright, J.) (quoting *Johnson v. BOKF*, 15 F.4th at 361).

## ARGUMENT

The Complaint pleads sufficient facts for induced, contributory, and willful infringement.  Therefore, Defendant's motion to dismiss should be denied.

## INDUCED INFRINGEMENT

The Complaint has sufficiently pleaded induced infringement of the '640, '012, and '793 Patents.[1]  To state a claim for relief for induced patent infringement, "a complaint must plead facts plausibly showing that the accused infringer 'specifically intended [another party] to infringe [the patent] and knew that the [other party]'s acts constituted infringement.'"  *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1376-77 (Fed. Cir. 2017) (quoting *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1336 (Fed. Cir. 2012)).  In order to survive a motion to dismiss on its induced infringement claim, "a plaintiff must 'allege facts showing that [a defendant]: (1) had actual knowledge of the patent; (2) knowingly induced a third-party to infringe the patent; and (3) had specific intent to induce the patent infringement.'"  *VoIP-Pal.com, Inc. v. Facebook, Inc.*, No. 6:21-CV-00665-ADA, 2022 U.S. Dist. LEXIS 79779, at *4 (W.D. Tex. May

---

[1] Plaintiff's notice letter to Clover identified the "'640 Patent including any patents that grant from the pending continuation patent applications claiming priority to the '640 Patent," which includes the '012 Patent (pending at the time) and '793 Patent (later filed).  *See* Ex. 1 (also Dkt. 1-4).

3, 2022) (Albright, J.) (quoting *Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*, No. 6:13-CV-365, 2014 U.S. Dist. LEXIS 90379, 2014 WL 2892285, at *2 (W.D. Tex. May 12, 2014)).

CoC's Complaint alleges facts sufficient to plead knowledge of infringement. Plaintiff in its notice letter to Defendant: (1) identified the "'640 Patent including any patents that grant from the pending continuation patent applications claiming priority to the '640 Patent"; (2) described the applicability of its Patent to the Accused Products; (3) specified that the POS software solutions and register managing software infringed the '640 Patent; and (4) invited Defendant to discuss potential licensing agreements. *See* Dkt. 1-4, attached hereto as Exhibit 1. These facts taken together are sufficient to plead knowledge of infringement at the pleading stage. *See ACQIS LLC v. Wiwynn Corp.*, No. 6:20-CV-00968-ADA, 2022 U.S. Dist. LEXIS 122571, at *11–12 (W.D. Tex. July 12, 2022) (Albright, J.). Defendant erroneously contends that dismissal is warranted because no factual allegations confirm receipt or delivery of the notice letter. This Court "accepts all well-pleaded facts as true, views them in the light most favorable to the plaintiff, and draws all reasonable inferences in the plaintiff's favor." *Id.* at *3–4. Therefore, the Defendant is presumed to have received the notice letter because it was sent. *Id.* at *11. The Court would have to make an unfavorable inference against the non-movant in order to rule in Defendant's favor. *Id*. Defendant may challenge this presumption at a later date by way of a Rule 56 motion. *Id.* However, a Rule 12(b)(6) motion is not the proper avenue for Defendant to start seeking presumptions in its favor. *Id.*

Plaintiff has sufficiently alleged that Defendant knowingly induced a third party to infringe the '640, '012, and '793 Patents. A plaintiff sufficiently alleges that a defendant has knowingly induced a third party to infringe a patent by alleging knowledge and acts of inducement. *ACQIS*, 2022 U.S. Dist. LEXIS 122565, at *23 (W.D. Tex. July 12, 2022). Plaintiff has satisfied its burden

3

by alleging knowledge and acts of inducement in the Complaint. Dkt. 1, ¶ 31 ("In particular, Clover sells and/or leases the Accused Products to customers in the United States with the expectation and intent that such customers will use the Accused Products, thereby directly infringing the '640 Patent.").

Plaintiff has sufficiently alleged that Defendant had the specific intent to induce patent infringement of the '640, '012, and '793 Patents. Willful blindness can satisfy the knowledge requirement. *Warsaw Orthopedic, Inc. v. NuVasive, Inc.*, 824 F.3d 1344, 1347 (Fed. Cir. 2016). Plaintiff has already produced a notice letter CoC sent to Defendant regarding the '640 Patent (and related applications), as well as Defendant's accused technology. Defendant failed to respond to the notice letter. This Court has previously ruled that the mere failure of a party to respond to a notice letter is sufficient to support a plausible claim of induced infringement at the pleadings stage. *ACQIS*, 2022 U.S. Dist. LEXIS 122565, at *24 (W.D. Tex. July 12, 2022). Furthermore, Defendant's continued advertising of the infringing products is sufficient to support a plausible claim of induced infringement independent of Defendant's failure to respond to a notice letter. *Id.* ("Whether by willful blindness or specific intent, supported by a failure to respond to the Letter, [Defendant] continued to induce infringement via regulatory approval, advertising, and customer support. **Each of these facts**, among others, supports [Plaintiff's] plausible claim of induced infringement.") (emphasis added).

## CONTRIBUTORY INFRINGEMENT

To state a claim for contributory infringement, a plaintiff "must plausibly allege that the accused infringer knew of the asserted patents… and must 'plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses" and are "not a staple article or commodity of commerce suitable for substantial noninfringing uses.'" *Artrip v.*

4

*Ball Corp.*, 735 F. App'x 708, 713 (Fed. Cir. 2018) (first citing *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015), and then quoting *In re Bill of Lading*, 681 F.3d at 1337). Contributory infringement requires "only proof of a defendant's *knowledge*, not *intent*, that his activity cause[s] infringement." *Hewlett-Packard Co. v. Bausch & Lomb Inc.*, 909 F.2d 1464, 1469 (Fed. Cir. 1990) (emphasis in original). "Like induced infringement, contributory infringement requires knowledge of the patent in suit and knowledge of patent infringement." *Commil*, 575 U.S. at 639.

For the reasons stated above for induced infringement, the Complaint sufficiently pleads facts which support that Defendant had knowledge of the '640, '012, and '793 Patents and knowledge of patent infringement of the Accused Products. Defendant's motion to dismiss erroneously contends that dismissal is warranted because the "Complaint contains no factual allegations that the Clover products–as a component of a patented invention–are especially made to infringe and/or have no substantial non-infringing uses." Dkt. 9. Plaintiff's pleadings do not create internal inconsistencies or contradictions. *ACQIS*, 2022 U.S. Dist. LEXIS 122565, at *26 (W.D. Tex. July 12, 2022). Defendant seeks to impermissibly place the burden of proving a negative on Plaintiff. *Id.* at 27. Federal Circuit precedent does not require Plaintiff to carry the burden of proving a negative in this instance. *Id.* "The Federal Circuit has ruled that affirmatively pleading the absence of substantial non-infringing uses renders the claim plausible if the pleadings do not undermine that allegation." *Merck Sharp & Dohme Corp. v. Teva Pharms. USA, Inc.*, No. 14-874-SLR-SRF, 2015 U.S. Dist. LEXIS 85279, at * 20 (D. Del. July 1, 2015) (citing *In re Bill of Lading*, 681 F.3d at 1339). Accordingly, the Complaint sufficiently pleads contributory infringement. *ACQIS*, 2022 U.S. Dist. LEXIS 122565, at *27 (W.D. Tex. July 12, 2022).

## **WILLFUL INFRINGEMENT**

The Complaint provides sufficient factual allegations to render CoC's claim for willful infringement plausible. To state a claim for willful infringement, a plaintiff must allege facts plausibly showing that the accused infringer: "(1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent." *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-CV-00207-ADA, 2019 U.S. Dist. LEXIS 144094, at *7 (W.D. Tex. July 26, 2019) (quoting *Valinge Innovation AB v. Halstead New Eng. Corp.*, No. 16-1082-LPS-CJB, 2018 U.S. Dist. LEXIS 88696, at *35 (D. Del. May 29, 2018)).

The Complaint satisfies all of the *Parity* requirements. For the reasons stated above for induced infringement, the Complaint sufficiently pleads facts which support that Defendant had knowledge of the '640 Patent (and applications claiming priority thereto, including those leading to the '012 and '793 Patents) and knowledge of patent infringement of the Accused Products. Plaintiff sufficiently pleads knowledge of infringement. "[T]he Complaint and notice letter apply [Plaintiff's] patents to the products accused in this case." *ACQIS*, 2022 U.S. Dist. LEXIS 122565, at *16 (W.D. Tex. July 12, 2022). The notice letter specified that the POS software solutions and register managing software infringed the '640 Patent. The Complaint further specifies which products infringe its patent including Defendant's "web dashboard", "point of sale terminals", "local or remote PC workstations", "point of sale builder software", and "web servers [that] are provided as a vendor of subscription service." Dkt. 1 ¶¶ 35, 37, 41, 43, 45. Plaintiff "pleads a notice letter with contents addressing [its] patent and accused products and technology." *ACQIS*, 2022 U.S. Dist. LEXIS 122565, at *17 (W.D. Tex. July 12, 2022). This is sufficient to survive a motion to dismiss. *Id.* "[E]verything in the Complaint and notice letter clearly indicates concerns

of infringement and the hope to find a resolution." *Id.* Therefore, Plaintiff has met the pleading standard regarding knowledge of the infringing activity. *Id.* at *17-18.

## CONCLUSION

Plaintiff's Complaint states plausible claims for induced infringement, contributory infringement, and willful infringement for the reasons stated herein. Plaintiff's claims should not be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), and Defendant's motion should be **DENIED.**

Alternatively, Plaintiff seeks leave to amend its Complaint to clarify the allegation that the accused products cannot be used for purposes other than infringement. The Court's usual practice is to permit Plaintiff to amend its Complaint given the difficulty in alleging these specific details without the benefit of fact discovery. *Traxcell Techs., LLC v. Verizon Wireless Pers. Commc'ns, LP*, No. 6:20-CV-01175-ADA, 2022 U.S. Dist. LEXIS 17609, at *10 (W.D. Tex. Jan. 31, 2022) (Albright, J.).

Dated: August 31, 2022

Respectfully submitted,

By: /s/ *John A. Yates*

John A. Yates
Texas State Bar No. 24056569
jyates@pattersonsheridan.com

B. Todd Patterson
Texas State Bar No. 00789537
tpatterson@pattersonsheridan.com

Kyrie K. Cameron
Texas State Bar No. 24097450
kcameron@pattersonsheridan.com

Edgar N. Gonzalez
Texas State Bar No. 24092431
egonzalez@pattersonsheridan.com

**Patterson + Sheridan LLP**
24 Greenway Plaza, Suite 1600
Houston, Texas 77046

(Tel): 713-623-4844
(Fax): 713-623-4846

Abelino "Abel" Reyna
Texas Bar No. 24000087
areyna@pattersonsheridan.com

**Patterson + Sheridan LLP**
729 Washington Avenue, Suite 200
Waco, Texas 76701
(Tel): 254-777-5248
(Fax): 877-777-8071

*Attorneys for Plaintiff/Counter-Defendant,*
*U.S. Well Services, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on all counsel of record on August 31, 2022.

                                                                             */s/ John A. Yates*
                                                                             John A. Yates