IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **CLOUDOFCHANGE, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**CLOVER NETWORK, INC.,**<br><br>Defendant. | Civil Action No. 6:22-CV-00634-ADA<br><br>**JURY TRIAL DEMANDED** |

### REPLY IN SUPPORT OF CLOVER NETWORK, INC.'S MOTION TO DISMISS COMPLAINT UNDER FED. R. CIV. P. 12(B)(6)

Plaintiff's Response demonstrates that the Complaint fails to state plausible claims for induced infringement, contributory infringement, and willful infringement. *See* Dkt. 11 ("Pl. Resp.").

**A.  The Claims for Induced Infringement, Contributory Infringement, and Willful Infringement Must be Dismissed Because the Complaint Fails to Sufficiently Allege Knowledge of the '012 and '793 Patents and Knowledge of Alleged Infringement of any Asserted Patent.**

Plaintiff's Response fails to show that the Complaint includes the necessary allegations of knowledge of the '012 and '793 Patents or knowledge of the alleged infringement of any of the Asserted Patents. *See* Dkt. 9 ("Mot. to Dismiss") at 8. Plaintiff's induced infringement, contributory infringement, and willful infringement claims should therefore be dismissed on this basis alone.

Plaintiff relies entirely on the January 19, 2018 letter ("Letter") to argue that it has sufficiently pleaded knowledge of each of the three Asserted Patents and knowledge of their alleged infringement. *See* Pl. Resp. at 3-5. But the Letter only references ***one*** of the three Asserted Patents, and there are no factual allegations in the Complaint explaining how the Letter establishes Clover's knowledge of the other two Asserted Patents that the Letter never mentions.

This Court recently held that notice letters that "entirely fail to mention" asserted patents, "are insufficient to satisfy the knowledge requirements" of contributory infringement and induced infringement claims. *Textile Computer Sys., Inc. v. Broadway Nat'l Bank*, 6:21-CV-1050-ADA, 2022 WL 3142367, at *4 (W.D. Tex. Aug. 5, 2022). The Letter's reference to "any patents that grant from the pending continuation patent applications claiming priority to the '640 Patent" is insufficient to provide Clover with knowledge of the '012 and '793 Patents. *See* Pl. Resp. at 2, n.1. Knowledge of patent ***applications*** alone is not sufficient to establish knowledge of a ***patent***, and the vague reference in the Letter is likewise insufficient to establish knowledge of patents for purposes of alleging induced infringement, contributory infringement, or willful infringement. *See State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985) (explaining that to "infringe a *patent,* the patent must exist and one must have knowledge of it. A 'patent pending' notice gives one no knowledge whatsoever. It is not even a guarantee that an application has been filed. Filing an application is no guarantee any patent will issue and a very substantial percentage of applications never result in patents. What the scope of claims in patents that do issue will be is something totally unforeseeable.") (emphasis in original).

Nor can the Letter provide the requisite knowledge of alleged infringement. As demonstrated in Clover's Motion, the Letter only generically refers to Clover's "POS Software solutions." It does not identify a specific Clover product, much less an Accused Product. The Letter therefore in no way shows that Clover had the requisite knowledge of alleged infringement of any of the Asserted Patents. *See* Mot. To Dismiss at 5; *see also id.* at 5, fn. 1; *Textile Computer*, 2022 WL 3142367, at *4.

Plaintiff's reliance on this Court's recent decision in *ACQIS LLC v. Wiwynn Corp.*, No. 6:20-cv-00968-ADA, 2022 WL 2705267 (W.D. Tex. July 12, 2022), is misplaced. *See* Pl. Resp.

at 4-7. Unlike the Letter here, the notice letter in *ACQIS* "list[ed] each of the ACQIS Patents along with a detailed explanation of their confirmed validity and successful litigation," and detailed how the Accused Servers allegedly infringed. *ACQIS LLC v. Wiwynn Corp.*, 2022 WL 2705267, at *4. This Court therefore concluded that the *ACQIS* notice letter was "sufficient to meet" the requirements to plead knowledge of the patents and alleged infringement. *See id*. But the Letter in this case does not provide anywhere close to the same level of detail as the letter in *ACQIS*—it does not identify *all* of the Asserted Patents; it does not identify any of the specific Clover Accused Products; and it certainly does not explain how they allegedly infringe. These distinctions in the level of detail in the notice letter in *ACQIS* and the Letter here make it clear that a different result is required in this case.

In the absence of any allegation that Clover had knowledge of the '012 and '793 Patents, let alone had knowledge of the alleged infringement of any of the Asserted Patents, the Complaint fails to state plausible claims for induced, contributory, or willful infringement of any of the Asserted Patents, and those claims must be dismissed.

**B.      Plaintiff's Inducement Claims Also Fail Because Plaintiff Has Not Sufficiently Alleged that Clover Induced Others or Acted with Willful Blindness.**

In addition to the failure to sufficiently allege the requisite knowledge elements, Plaintiff's induced infringement claims also fail because the Complaint includes no factual allegations that, if true, could show that Clover knowingly induced others to infringe or that it did so with specific intent. *See* Mot. to Dismiss at 4-5. Plaintiff's Response cites a single paragraph of the Complaint that simply states that "Clover sells and/or leases the Accused Products to customers in the United States with expectation and intent that such customers will use the Accused Products, thereby directly infringement the '640 Patent." Pl. Resp. at 5 (quoting Dkt. 1 ("Compl."), ¶ 31). Merely

asserting that Clover sells products to customers with an expectation that customers will use the products falls far short of alleging that Clover "possess[es] specific intent to encourage another's infringement." *MEMC Electr. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1378 (Fed. Cir. 2005). And baldly including the word "intent" in the allegation certainly does not and cannot transform it into an allegation of fact that Clover knowingly induced others to infringe with the requisite specific intent. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Plaintiffs arguments that the Letter and mere existence of Clover's products amount to "willful blindness" also fail. *See* Pl. Resp. at 4. Nowhere in the Complaint does Plaintiff even refer to willful blindness, much less allege facts that could show Clover was willfully blind. And, despite Plaintiff's argument to the contrary, neither the Letter nor the absence of a response to the Letter can suffice as a substitute for sufficiently alleging specific intent. *See EMA Electromechanics, Inc. v. Siemens Corp., et al.*, 6:21-cv-1001-ADA, 2022 WL 1241967 at *3 (W.D. Tex. 4/4/22) ("Specific intent' requires not only that the defendant knew of the asserted patents and intended to cause the acts that allegedly produced infringement, but also that the defendant had an ***affirmative intent*** to cause infringement." (emphasis added)).

C.     **Plaintiff's Contributory Infringement Should Also Be Dismissed Because the Complaint Fails to Identify Any Specific Component.**

Plaintiff's Response does not address the other pleading deficiencies identified in Clover's Motion regarding Plaintiff's contributory infringement claim. *See* Mot. to Dismiss at 7-9. Instead, Plaintiff only acknowledges that Clover "contends that dismissal is warranted because the Complaint contains no factual allegations that the Clover products-as a component of a patented

4

invention-are especially made to infringe and/or have no substantial non-infringing uses." Pl. Resp. at 5. Despite labeling Clover's contention "erroneous," Plaintiff fails to explain why the absence of such allegations is not fatal to its contributory infringement claims. This conclusory argument highlights the shortcomings of both Plaintiff's Complaint and its Response.

Plaintiff claims that Clover "seeks to impermissibly place the burden of proving a negative" is incorrect. To state a claim for contributory infringement, a plaintiff *must* "plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses" and are "not a staple article or commodity of commerce suitable for substantial noninfringing use." *Artrip v. Ball Corp.*, 735 F. App'x 708, 713 (Fed. Cir. 2018) (internal quotation marks omitted). Plaintiff's Complaint does neither. Plaintiff does not point to any allegation in the Complaint that affirmatively asserts the absence of substantial non-infringing uses. Nor can it do so because it has not alleged that the Clover products—as a component of a patented invention—are especially made to infringe or that they have no substantial non-infringing uses. *Id.*; *see also* 35 U.S.C. § 271(c); *Traxcell Techs., LLC v. Verizon Wireless Pers. Commc'ns, LP*, No. 6:20-CV-01175-ADA, 2022 WL 299732, at *5 (W.D. Tex. Jan. 31, 2022) (Albright, J.) (dismissing contributory infringement claim because boilerplate allegations did not identify any specific component or allege that the component is a material part of the invention or that it has no substantial non-infringing uses). Furthermore, Plaintiff's citation to a District of Delaware case for the general rule that affirmatively pleading the absence of substantial non-infringing uses renders the claim plausible if the pleadings do not undermine that allegation" does not cure Plaintiff's pleading's deficiency. The contributory infringement claims should therefore be dismissed on this basis as well.

## **CONCLUSION**

Because Plaintiff has failed to demonstrate that the Complaint sufficiently alleges that Clover had knowledge of the '012 and '793 Patents and that it had knowledge of the alleged infringement of any of the three Asserted Patents, Plaintiff's claims for induced, contributory, and willful infringement must be dismissed. Furthermore, the induced infringement and contributory infringement claims should also be dismissed in light of Plaintiff's failure to sufficiently allege that Clover knowingly and with specific intent induced others to infringe and affirmatively assert that Clover products have no substantial non-infringing uses.

September 7, 2022

Respectfully submitted,

*/s/ J. Stephen Ravel*
J. Stephen Ravel
Texas State Bar No. 16584975
**KELLY HART & HALLMAN LLP**
303 Colorado, Suite 2000
Austin, Texas 78701
Tel: (512) 495-6429
Fax: (512) 495-6401
steve.ravel@kellyhart.com

and

Kelly Elizabeth Ransom
Texas State Bar No. 24109427
**KELLY HART & HALLMAN LLP**
400 Poydras Street, Suite 1812
New Orleans, LA 70130
Tel: (504) 522-1812
Fax: (504) 522-1813
kelly.ransom@kellyhart.com

***Attorneys for Defendant Clover Network, Inc***.

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record are being served with a copy of the foregoing document via the Court's CM/ECF system on September 7, 2022.

*/s/ J. Stephen Ravel*
J. Stephen Ravel
