IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| CloudofChange, LLC<br><br>    Plaintiff,<br><br>v.<br><br>Clover Network Inc.<br><br>    Defendant. | Case No. 6:22-CV-00634-ADA-DTG<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF CLOUDOFCHANGE, LLC'S RESPONSE IN OPPOSITION TO DEFENDANT CLOVER NETWORK INC OPPOSED MOTION TO STAY BASED ON INSITUTED *INTER PARTES* REVIEW OF ALL ASSERTED CLAIMS (DKT. 22)**

## TABLE OF CONTENTS

**TABLE OF CONTENTS** .................................................................................................................. i

**TABLE OF AUTHORITIES** ............................................................................................................ ii

**TABLE OF EXHIBITS** .................................................................................................................... iv

I.      INTRODUCTION ................................................................................................................ 1

II.     BACKGROUND .................................................................................................................. 1

III.    LEGAL STANDARD ......................................................................................................... 2

IV.    ARGUMENT ....................................................................................................................... 2

    A.    **Clover's Proposed Stay Will Cause CloudofChange Undue Prejudice** ....................... 2

    B.    **The Court and parties have expended significant resources already** ......................... 4

    C.    **A stay will not simplify the issues before the Court** ....................................................... 4

V.     CONCLUSION .................................................................................................................... 6

**TABLE OF AUTHORITIES**

**Cases**                                                                                                                                                                         *Page(s)*

*Allure Energy, Inc. v Nest Labs, Inc.*, No. 9-13-CV-102, 2015 U.S. Dist. LEXIS 180294, at *6
     (E.D. Tex. Apr. 2, 2015)                                                                                                                                                               3

*Clinton v. Jones*, 520 U.S. 681, 706 (1997)                                                                                                                                               2

*Code200, UAB V. Bright Data Ltd.*, IPR2021-01502 (Paper No. 13), at 8 (P.T.A.B. Mar. 14,
     2022)                                                                                                                                                                                          4

*Facebook, Inc. v. Windy City Innovations, LLC*, 973 F. 3d 1321, 1333 (Fed. Cir. 2020)                                                                    5

*Intellectual Ventures I LLC v. T Mobile USA, Inc.*, No. 2:17-cv-00577-JRG, 2018 U.S. Dist.
     LEXIS 239587, at *6 (E.D. Tex. Dec. 13, 2018)                                                                                                                                3

*Kirsch Research & Dev., LLC v. Tarco Specialty Prods.*, No. 5:20-cv-00318-ADA, 2021 U.S.
     Dist. LEXIS 191689, at *4-5 (W.D. Tex. Oct. 4, 2021)                                                                                                                      2

*Lightspeed Commerce, Inc. v. CloudofChange, LLC*, IPR2022-00779, Paper 1                                                                                     5

*MiMedx Group, Inc. v. Tissue Transplant Tech. Ltd.*, No. SA-14-CA-719, 2015 U.S. Dist.
     LEXIS 33388, at *4 (W.D. Tex. Jan. 5, 2015)                                                                                                                                  2, 3

*Multimedia Content Mgmt. LLC v. Dish Network L.L.C.*, No. 6:18-CV-00207-ADA, 2019 U.S.
     Dist. LEXIS 236670, at *1 (W.D. Tex. May 30, 2019)                                                                                                                        2

*Proppant Express Investments, LLC v. Oren Techs., LLC*, IPR2018-00914 (Paper No. 38), at 4
     (P.T.A.B. Mar. 13 2019)                                                                                                                                                                      5

*Realtime Data, LLC v. Rackspace US, Inc.*, No. 6:16-CV-00961 RWS-JDL, 2017 U.S. Dist.
     LEXIS 27421, at *6 (E.D. Tex. Feb. 27, 2017)                                                                                                                                2

*USC IP P'ship, L.P.*, No. 6:20-CV-00555-ADA, 2021 U.S. Dist. LEXIS 249095, at *4 (W.D. Tex.
     Aug. 5, 2021)                                                                                                                                                                                      3

*Xylon Licensing LLC v. Lone Star Nat'l Bancshares-Tex., Inc.*, No. 6:21-cv-00302-ADA, 2022 WL 2078030 (W.D. Tex.) .................................................................................................. 4

**TABLE OF EXHIBITS**

| Exhibit No. | Description |
|---|---|
| Exhibit 1 | Dkt. 188 of *CloudofChange v. NCR*, 6:19-CV-00513-ADA ("NCR Litigation") |
| Exhibit 2 | Dkt. 159 of *CloudofChange v. NCR* |

**I.     INTRODUCTION**

Plaintiff CloudofChange, LLC ("Plaintiff" or "CloudofChange") files this Response in Opposition to Defendant Clover Network Inc.'s ("Defendant" or "Clover") Opposed Motion to Stay Pending *Inter Partes* Review ("Motion"). *See* Dkt. 22. Clover attempts to characterize the PTAB's decision to institute review of U.S. Patent No. 9,400,640; U.S. Patent No. 10,083,012; and U.S. Patent No. 11,226,793 (the "Asserted Patents") based on Lightspeed's Petitions for *Inter Partes* Review, which Clover seeks to join, as a foregone conclusion. Not so.

A stay would run counter to the Federal Circuit's policy in favor of expeditious resolutions of cases, prejudicing CloudofChange's recognized interest in the timely enforcement of its patent rights. Accordingly, CloudofChange requests that the Court deny Defendant's Motion in its entirety.

**II.    BACKGROUND**

Prior to this litigation, CloudofChange received a Judgment in this Court in which Claims 1, 3, 4, 5, 6, 11, 12, and 13 of the '640 Patent were found to be not invalid. *See* Ex. 1, Dkt. 188 of *CloudofChange v. NCR*, 6:19-CV-00513-ADA ("NCR Litigation"). Additionally, Claims 1, 2, 3, 4, and 9 of the '012 Patent were also found to be not invalid. *Id*. During the NCR Litigation, the issues of validity of the '640 and the '012 Patents were put before the Jury. *See* Ex. 2, Dkt. 159 of *CloudofChange v. NCR*.

Subsequently, CloudofChange brought suit against Clover for willfully infringing the '640 Patent, the '012 Patent, and the '793 Patent. *See* Dkt. 1. Clover has since petitioned the PTAB to join the instituted Lightspeed IPRs of the '640 Patent, the '012 Patent, and the '793 Patent.

### III. LEGAL STANDARD

A decision whether to stay a case is within the sound discretion of the Court. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Multimedia Content Mgmt. LLC v. Dish Network L.L.C.*, No. 6:18-CV-00207-ADA, 2019 U.S. Dist. LEXIS 236670, at *1 (W.D. Tex. May 30, 2019). "[T]here is no *per se* rule that patent cases should be stayed pending PTO proceedings, because such a rule would invite parties to unilaterally derail litigation." *Realtime Data, LLC v. Rackspace US, Inc.*, No. 6:16-CV-00961 RWS-JDL, 2017 U.S. Dist. LEXIS 27421, at *6 (E.D. Tex. Feb. 27, 2017) (quotation and citation omitted).

This Court typically considers three factors when determining whether to grant a stay pending *inter partes* review of a patent in suit: "(1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *Kirsch Research & Dev., LLC v. Tarco Specialty Prods.*, No. 5:20-cv-00318-ADA, 2021 U.S. Dist. LEXIS 191689, at *4-5 (W.D. Tex. Oct. 4, 2021) (quoting *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-cv-1058, 2015 U.S. Dist. LEXIS 29573, at *1 (E.D. Tex. Mar. 11, 2015) (Bryson, J.)). "The party seeking a stay bears the burden of showing that a stay is appropriate." *MiMedx Grp., Inc. v. Tissue Transplant Tech., Ltd.*, No. SA-14-CA-719, 2015 U.S. Dist. LEXIS 33388, at *4 (W.D. Tex. Jan. 5, 2015.

Each of the three factors weighs against a stay here.

### IV. ARGUMENT

#### A. Clover's Proposed Stay Will Cause CloudofChange Undue Prejudice

A stay of this proceeding would unduly prejudice CloudofChange. A patent holder has "an interest in timely enforcement of its patent right." *See USC IP P'ship, L.P.*, No. 6:20-CV-

2

00555-ADA, 2021 U.S. Dist. LEXIS 249095, at *4 (W.D. Tex. Aug. 5, 2021) ("A patent holder has an interest in the timely enforcement of its patent right."). Further, a patent owner's interest in the timely enforcement of its patent rights is a factor when considering a stay, even when the patent owner has not sought preliminary injunctive relief. *See id*. (citing *MiMedx Group, Inc. v. Tissue Transplant Tech. Ltd.*, No. SA-14-CA-719, 2015 U.S. Dist. LEXIS 33388, at *4 (W.D. Tex. Jan. 5, 2015) and *Intellectual Ventures I LLC v. T Mobile USA, Inc.*, No. 2:17-cv-00577-JRG, 2018 U.S. Dist. LEXIS 239587, at *6 (E.D. Tex. Dec. 13, 2018) ("It is well established that Plaintiff's timely enforcement of its patent rights is entitled to some weight, even if that factor is not dispositive")). Moreover, a stay would increase the likelihood "that evidence and witness[] memories will disappear or deteriorate." *Allure Energy, Inc. v Nest Labs, Inc.*, No. 9-13-CV-102, 2015 U.S. Dist. LEXIS 180294, at *6 (E.D. Tex. Apr. 2, 2015).

Clover claims a stay would not prejudice CloudofChange. However, CloudofChange does have an undeniable interest in timely enforcement of its patent rights. *USC*, 2021 U.S. Dist. LEXIS 249095 at *4. The Scheduling Order in this proceeding was ordered on October 24, 2022, setting preliminary dates for the *Markman* Hearing and Trial. *See* Dkt. 16. If Clover is actually added to the Lightspeed IPRs, a final written decision from the PTAB is not expected until October or November 10, 2023. This would lead to a significant delay in discovery and overall progress of the case as the Scheduling Order has fact discovery opening on April, 11 2023. Furthermore, a decision on whether Clover will be permitted to join is not expected until late May 2023.

Clover attempts to link the delay in enforcing the CloudofChange Patents as evidence that CloudofChange would not be unduly prejudiced. *See* Dkt 22, p7. This is simply not true. The reasoning for the timing CloudofChange chose to pursue enforcement of its patents is beyond the divining of Clover and not the subject of this litigation. Sidelining CloudofChange's infringement

3

claims for an indefinite period, including the potential added time for any party's appeal of the Board's final written decisions, would prejudicially delay the resolution of CloudofChange's claim. This factor favors denying the stay.

### B. The Court and parties have expended significant resources already

This Court, and the parties, have expended significant resources on this case. As previously mentioned a Scheduling Order has been granted and a preliminary *Markman* date has been set. *See* Dkt. 16. The PTAB is expected to issue final decisions regarding the Lightspeed IPRs in November 2023—well after the April 10, 2023 *Markman* hearing in October and November of 2023. *Id*. Furthermore, the Court and the parties have expended significant resources in this case by way of: (i) CloudofChange's Response to Clover's Motion to Dismiss (*See* Dkt. 12); (ii) the Case Readiness Report (*See* Dkt. 13); (iii) CloudofChange's forthcoming Response to Clover's Motion to Transfer Venue; (iv) this Response to Clover's Motion to Stay; and (v) work put into the exchange of the claim terms to be exchanged on January 5, 2023 per the Scheduling Order. This factor favors denying the stay.

### C. A stay will not simplify the issues before the Court

The most important factor in deciding whether to grant a stay is whether or not the IPR proceeding will simplify the issues before the Court. *Xylon Licensing LLC v. Lone Star Nat'l Bancshares-Tex., Inc.*, No. 6:21-cv-00302-ADA, 2022 WL 2078030 (W.D. Tex. Jun. 8, 2022). A stay in the case will not simplify the issues before the Court because Clover's attempts to characterize joinder of the Lightspeed IPRs as a foregone conclusion.

By statute, the "decision to grant joinder is discretionary" and "may be authorized when warranted." *Code200, UAB V. Bright Data Ltd.*, IPR2021-01502 (Paper No. 13), at 8 (P.T.A.B. Mar. 14, 2022) (citing 35 U.S.C. 315(c); 37 C.F.R. § 42.122). Generally, joinder is only

appropriate "in limited circumstances … where fairness requires it and to avoid undue prejudice to a party." *Proppant Express Investments, LLC v. Oren Techs., LLC*, IPR2018-00914 (Paper No. 38), at 4 (P.T.A.B. Mar. 13 2019) (precedential), overruled on other grounds, *Facebook, Inc. v. Windy City Innovations, LLC*, 973 F. 3d 1321, 1333 (Fed. Cir. 2020).  Joinder should not be granted as a matter of right, even when a party seeks to join a nearly identical petition.  *See* 35 U.S.C. § 316(b); 37 C.F.R. § 42.1(b).

Clover's reliance on their motion to join the Lightspeed IPRs is presumptuous at best due to the prejudice CloudofChange would suffer.  In the Lightspeed IPRs, Lightspeed stipulated "not to pursue in the district court any ground raised or that could have *reasonably* been raised in IPR (*i.e.*, under §§ 102 or 103 based on prior art patents or printed publications alone)" if the IPRs were instituted.  *Lightspeed Commerce, Inc. v. CloudofChange, LLC*, IPR2022-00779, Paper 1, p. 10; *Lightspeed Commerce, Inc. v. CloudofChange, LLC*, IPR2022-00997, Paper 1, p. 11 ("Petitioner stipulates not to pursue in the district court any ground raised or that could have reasonably been raised in IPR (i.e., under §§102 or 103 on the basis of prior art patents or printed publications alone)"); *Lightspeed Commerce, Inc. v. CloudofChange, LLC*, IPR2022-01143, Paper 1, p. 11 (same).  Clover has made no such stipulation and may not be subject to this stipulation.  Without such a stipulation or any stipulation at all, the IPR proceeding will not simplify the issues before the Court because Clover may, and likely will attempt to, bring the same issues before this Court and the PTAB.  Due to this extremely prejudicial issue, their motion to join the Lightspeed IPRs may not succeed because they would have "two bites at the apple" and would be able to re-litigate invalidity.  Regardless, no alleged simplification of issues is likely.

Clover has failed to show why the proposed stay is warranted here.  Because each of the factors above weigh against the proposed stay, the Court should deny Defendant's Motion.

## V. CONCLUSION

For the foregoing reasons, CloudofChange respectfully requests that the Court deny Defendant's Opposed Motion for a Stay Pending *Inter Partes* Review of CloudofChange's Asserted Claims.

December 12, 2022                                                                 Respectfully Submitted,

By: */s/ John A. Yates*
John A. Yates
Attorney in Charge
Texas State Bar No. 24056569
jyates@pattersonsheridan.com

B. Todd Paterson
Texas State Bar No. 00789537
tpatterson@pattersonsheridan.com

Kyrie K. Cameron
Texas State Bar No. 24097450
kcameron@pattersheridan.com

Edgar N. Gonzalez
Texas State Bar No. 24092431
egonzalez@pattersonsheridan.com

**Patterson + Sheridan LLP**
24 Greenway Plaza, Suite 1600
Houston, Texas 77046
(Tel): 713.623.4844
(Fax): 713.623.4846

Abelino "Abel" Reyna
Texas State Bar No. 24000087
areyna@pattersonsheridan.com

Craig V. Depew
Texas State Bar No. 05655820
cdepew@pattersonsheridan.com

**Patterson + Sheridan LLP**
729 Washington Avenue, Suite 200
Waco, Texas 76701

(Tel): 254.777.5248<br>
(Fax): 877.777.8071

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on all counsel of record on December 12, 2022.

<u>/s/ John A. Yates</u><br>
John A. Yates

7