UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| CloudofChange, LLC,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>Clover Network, Inc.,<br><br>　　　Defendant. | Case No. 6:22-CV-00634-ADA<br><br>**JURY TRIAL DEMANDED** |

### PLAINTIFF CLOUDOFCHANGE, LLC'S NOTICE OF SUBPOENA TO PRICE PROFESSIONAL SOLUTIONS LLC D/B/A CLOVER POS AUSTIN

Under Rules 30(b)(6) and 45 of the Federal Rules of Civil Procedure and the Local Rules of this Court, Plaintiff CloudofChange, LLC ("Plaintiff" or "CloudofChange") hereby provides notice that the attached subpoena will be served upon non-party Price Professional Solutions LLC d/b/a Clover POS Austin ("Clover POS Austin") at 3202 Lazada Lane, Round Rock, TX 78681.

The subpoena requests the Price Professional Solutions LLC d/b/a as Clover POS Austin testify on December 30, 2022 at 9:00 A.M. CT or at a mutually agreed time and location, at an oral deposition by remote audio-visual conference. Please take further notice that the deposition will commence at 9:00 A.M. CT on December 30, 2022 and continue from day-to-day (excluding Saturdays, Sundays, and holidays) until completed, before an officer authorized by law to administer oaths. With respect to this deposition:

1. The duration of the deposition on the record will be limited to two (2) hours.
2. The deposition will be conducted remotely using audio-visual conference technology;
3. The court reporter will report this deposition from a location separate from the witness;
4. Counsel for the parties and their clients will participate from various, separate locations;
5. The court reporter will administer the oath to the witness remotely;

1

6. The witness will be required to provide government-issued identification satisfactory to the court reporter, and this identification must be legible on camera;

7. The attorney taking the deposition, the attorney defending the deposition, and any attorney objecting at the deposition may be visible to all other participants, and their statements will be audible to all participants;

8. All exhibits will be provided simultaneously and electronically to the witness and all participants;

9. The court reporter will record the testimony; and

10. The deposition may be recorded electronically by stenographic, audio, audiovisual, video, and real-time computer means.

Dated: December 16, 2022

Respectfully submitted,

PATTERSON + SHERIDAN LLP

*/s/ John A. Yates*

John A. Yates
Attorney In Charge
Texas State Bar No. 24056569
jyates@pattersonsheridan.com

B. Todd Patterson
Texas State Bar No. 00789537
tpatterson@pattersonsheridan.com

Kyrie Kimber Cameron
Texas State Bar No. 24097450
kcameron@pattersonsheridan.com

Edgar Neil Gonzalez
Texas State Bar No. 24092431
egonzalez@pattersonsheridan.com

**Patterson + Sheridan LLP**
24 Greenway Plaza, Suite 1600
Houston, Texas 77046

(Tel): 713-623-4844
(Fax): 713-623-4846

Abelino Reyna
Texas State Bar No. 24000087
areyna@pattersonsheridan.com

Craig V. Depew
Texas State Bar No. 05655820
cdepew@pattersonsheridan.com

**Patterson + Sheridan LLP**
729 Washington Ave., Suite 200
Waco, Texas 76701
(Tel.): 254-777-5248
(Fax): 877-777-8071

*Attorneys for Plaintiff*
*CloudofChange, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on counsel of record on December 16, 2022.

*/s/ John A. Yates*
John A. Yates

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Texas

| | |
|---|---|
| CloudofChange, LLC, *Plaintiff* | ) ) ) |
| v. | ) Civil Action No. 6:22-CV-00634-ADA |
| Clover Network, Inc., *Defendant* | ) ) ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Price Professional Solutions d/b/a Clover POS Austin, c/o David Price 3202 Lazada Lane, Round Rock, TX 78681-2397

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Exhibit A

| Place: Remote Audio-Visual Deposition | Date and Time: 12/30/2022 9:00 am |
|---|---|

The deposition will be recorded by this method: by stenographer and videographer

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/16/2022

| *CLERK OF COURT* | OR | |
|---|---|---|
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff CloudofChange, LLC, , who issues or requests this subpoena, are:

John A. Yates, Patterson + Sheridan L.L.P., 24 Greenway Plaza Suite 1600, Houston, TX, 77046, jyates@pattersonsheridan.com, (713) 577-4817

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 6:22-CV-00634-ADA

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____ on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

**Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)**

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

In accordance with Federal Rule of Civil Procedure 30(b)(6), Plaintiff designates the matters identified below for examination. In construing these topics, the following instructions and definitions apply:

1. All terms shall be construed to encompass as broad a range of information as permitted under the Federal Rules of Civil Procedure.

2. The term "Price Professional Solutions LLC d/b/a Clover POS Austin," "Price Professional Solutions, LLC," "Price Professional Solutions," "Clover POS Austin," "You," and/or "Your" refers to all current and former officers, directors, agents, employees, representatives, attorneys, investigators, business entities, subsidiaries, holding companies, parent companies, and others who have acted, or may not be acting, for or on behalf of Price Professional Solutions LLC (d/b/a as Clover POS Austin).

3. The term "Clover Network, Inc.," "Clover Network, LLC," "Clover Network," and/or "Defendant" means Defendant Clover Network, Inc. (now Clover Network LLC), and all current and former officers, directors, agents, employees, representatives, attorneys, investigators, business entities, subsidiaries, holding companies, parent companies, and others who have acted, or may not be acting, for or on behalf of Clover Network.

4. The terms "CloudofChange, LLC," "CloudofChange," or "Plaintiff" means Plaintiff CloudofChange, LLC, as well as all its representatives, agents, and others who have acted, or may not be acting, for or on behalf of CloudofChange.

5. The term "communication" means transmittal of information (in the form of facts, ideas, inquiries, or otherwise) in any form.

6. The term "concerning" means relating to, referring to, describing, evidencing, supporting, refuting, or constituting.

7. The term "document" as used herein is synonymous in meaning and equal in scope to the usage of this term in Federal Rules of Civil Procedure 34, any "writings and recording" and "photographs," as defined by Federal Rules of Evidence 1001, and any other tangible thing subject to production under Federal Rules of Civil Procedure 34. In accordance with Federal Rules of Civil Procedure 34, the term "document" includes electronically stored information including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

8. The term "person" means any natural person or business, legal, or governmental entity or association.

9. The term "third party" or "third parties" shall mean any person or entity who is not an employee, agent, representative subsidiary, affiliate, predecessor in interest, or successor in interest of Price Professional Solutions LLC d/b/a Clover POS Austin.

10. The term "identify" (with respect to persons) means to give, to the extent known, the person's full name, present or last known address, e-mail address, and telephone number, and when referring to a natural person, additionally, the present or last known place of employment. The term "identify" (with respect to documents) means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s) or, in the case of documents produced in this litigation, to identify the document(s) by production number.

11. The term "subpoena" refers to any document drafted in accordance with Federal Rule of Civil Procedure 45.

12. The term "and" or "or" shall be construed conjunctively or disjunctively, whichever makes the request more inclusive.

13. Per the Court's Standing Order – Order Governing Proceedings (OGP) 4.2 – dated September 16, 2022, the following interim protective order governs:

> If any document or information produced in this matter is deemed confidential by the producing party and if the Court has not entered a protective order, until a protective order is issued by the Court, the document shall be marked "confidential" or with some other confidential designation (such as "Confidential – Outside Attorneys' Eyes Only") by the disclosing party and disclosure of the confidential document or information shall be limited to each party's outside attorney(s) of record and the employees of such outside attorney(s).
>
> If a party is not represented by an outside attorney, disclosure of the confidential document or information shall be limited to one designated "in house" attorney, whose identity and job functions shall be disclosed to the producing party 5 days prior to any such disclosure, in order to permit any motion for protective order or other relief regarding such disclosure. The person(s) to whom disclosure of a confidential document or information is made under this OGP shall keep it confidential and use it only for purposes of litigating the case.

14. If non-privileged attachments to privileged communications or materials are responsive to this Subpoena, you are instructed to produce the non-privileged attachment and indicated the date of the withheld privileged parent document.

15. None of the definitions, instructions, or requests set forth herein shall be construed as an admission by Plaintiffs relating to the existence of any evidence, to the relevance or admissibility of any evidence, or to the truth or accuracy of any statement or characterization in the definition, instruction, or request.

## DEPOSITION TOPICS

**TOPIC NO. 1:**

All products and services offered and provided by Price Professional Solutions LLC d/b/a Clover POS Austin), including products and services concerning Defendant Clover Network.

**TOPIC NO. 2:**

All agreements, contracts, licenses, purchase orders, invoices, sales incentive documents, terms of service, instruction manuals, training materials, and other documents: (i) between Price Professional Solutions LLC d/b/a Clover POS Austin and Defendant Clover Network; and (ii) concerning Defendant Clover Network.

**TOPIC NO. 3:**

Information concerning Price Professional Solutions LLC d/b/a Clover POS Austin's current and past employees associated with its office(s), located in the Western District of Texas, including but not limited to its location at 3202 Lazada Lane #2397, Round Rock, TX 78681, including employee names, positions, responsibilities, and periods of employment (*i.e.*, start and end dates).

**TOPIC NO. 4:**

Information concerning Price Professional Solutions LLC d/b/a Clover POS Austin past and current customers, including but not limited to customer names and locations.