# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | |
|---|---|
| CloudofChange, LLC, | |
| Plaintiff, | Case No. 6:22-cv-634-ADA |
| v. | |
| Clover Network, Inc., | **JURY TRIAL DEMANDED** |
| Defendant. | |

## PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION TO DEFENDANT (NOS. 8-10)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the Court's Standing Order Governing Proceedings (OGP) 4.2—Patent Cases, and the Definitions and Instructions that follow, Plaintiff CloudofChange, LLC ("Plaintiff" or "CloudofChange"), serves the following requests for production of documents and things to be answered by Defendant Clover Network, Inc. ("Defendant" or "Clover") within twenty (20) days after service thereof.

## DEFINITIONS

The following definitions shall apply to the requests set forth below:

1. The terms "Clover," "you," "your," and/or "Defendant" means Defendant Clover Network, Inc., and where applicable, its present and former agents, officers, directors, employees, consultants, advisors, partners, corporate parent, affiliates, or subsidiaries.

2. The term "communication" means transmittal of information (in the form of facts, ideas, inquiries, or otherwise) in any form.

3. The term "concerning" means relating to, referring to, describing, evidencing, supporting, refuting, or constituting.

4.      The term "document" as used herein is synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34, any "writings and recording" and "photographs," as defined by Fed. R. Evid. 1001, and any other tangible thing subject to production under Fed. R. Civ. P. 34.  In accordance with Fed. R. Civ. P. 34, the term "document" includes electronically stored information including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

5.      The term "person" means any natural person or business, legal, or governmental entity or association.

6.      The term "third party" or "third parties" shall mean any person or entity who is not an employee, agent, representative subsidiary, affiliate, predecessor in interest, or successor in interest of Clover.

7.      The term "identify" (with respect to persons) means to give, to the extent known, the person's full name, present or last known address, e-mail address, and telephone number, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

8.      The term "identify" (with respect to documents) means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s) or, in the case of documents produced in this litigation, to identify the document(s) by production number.

2

9.      The term "Complaint" means the Complaint for Patent Infringement (Dkt. 1) filed by Plaintiff on June 17, 2022.

10.     The term "First Amended Complaint" means the First Amended Complaint for Patent Infringement (Dkt. 24) filed by Plaintiff on December 12, 2022.

11.     The term "'640 Patent" means U.S. Patent No. 9,400,640, as well as the applications leading thereto.

12.     The term "'012 Patent" means U.S. Patent No. 10,083,012, as well as the applications leading thereto.

13.     The term "'793 Patent" means U.S. Patent No. 11,226,793, as well as the applications leading thereto.

14.     The term "Asserted Patents" means the '640 Patent, '012 Patent, and the '793 Patent.

15.     The term "Asserted Claims" means Claims 1, 3, 5-6, and 8-14 of the '640 Patent; Claims 1-2, 4, and 6-13 of the '012 Patent; and Claims 1-4, 9, 11, 42, and 44 of the '793 Patent.

16.     The term "Prior Art" means all things, patents, publications, disclosures, sales, or other acts included within the broadest meaning of 35 U.S.C. § 102 (or any subpart thereof) and 35 U.S.C. § 103.  The term "Prior Art" also includes publications, patents, patent applications, inventions by others, uses, sales or offers for sale, and disclosures.

17.     The term "Accused Product" means any one or all of Clover's products that use or include technology claimed by the Asserted Patents, including but not limited to, Clover Station Solo, Clover Station Duo, Clover Mini, Clover Sport (formerly Bypass), Clover Dashboard, Clover Web Dashboard, Clover software as a service, related hardware, related service(s), application

software, mobile device software, tablet software, web software, back office software and services, administrators, and related application software.

18.     The term "Component" or "Components" means any and all components, subcomponents, modules, and parts, including hardware and software.

19.     The terms "concern," "concerning," "evidence," "evidencing," "related to," "relates to," "relating to," "refer to," "referring to," and "regarding," shall be construed broadly to mean in whole or in part alluding to; responding to, concerning, regarding, directly or indirectly relating to; connected with; involving; commenting on; in respect of; about; associated with; dealing with; discussing; evidencing; showing; describing; depicting; reflecting; analyzing; summarizing; mentioning; memorializing; bearing upon; consisting of; constituting; containing; embodying; identifying; pertaining to; demonstrating; stating; comprising; tending to support, discredit, refute, or contradict; referring to; and in any way touching upon.

20.     The term "Western District of Texas" means areas subject to the jurisdiction of the Western District of Texas, including the following Texas counties: Bastrop, Blanco, Burleson, Burnet, Caldwell, Gillespie, Hays, Kimble, Lampasas, Lee, Llano, Mason, McCulloch, San Saba, Travis, Washington, and Williamson; Edwards, Kinney, Maverick, Terrell, Uvalde, Val Verde, and Zavala; El Paso and Hudspeth; Brewster, Culberson, Jeff Davis, Loving, Pecos, Presidio, Reeves, Ward, and Winkler; Atascosa, Bandera, Bexar, Comal, Dimmit, Frio, Gonzales, Guadalupe, Karnes, Kendall, Kerr, Medina, Real, and Wilson; Bell, Bosque, Coryell, Falls, Freestone, Hamilton, Hill, Leon, Limestone, McLennan, Milam, Robertson, and Somervell; Andrews, Crane, Ector, Martin, Midland, and Upton.

## **INSTRUCTIONS**

The following instructions shall apply to the requests set forth below:

1.      Each Request for Production herein is deemed to be continuing to the full extent allowed by Rule 26(e) of the Federal Rules of Civil Procedure.  You should supplement your responses as you learn or discover new information.  If at any time after responding to these Requests you acquire actual or constructive possession, custody or control of any additional documents or information within the scope of a particular Request, such documents or information should be promptly provided to counsel for Plaintiff.

2.      These requests shall apply to all documents and things in your possession, custody, or control at the present time, or coming into your possession, custody, or control during the pendency of this litigation.  If you know of the existence, past or present, of documents requested below, but are unable to produce such documents because they are not presently in your possession, custody, or control (whether due to their destruction, loss, or otherwise), you shall so state and shall identify such documents, and the person who had possession, custody, or control of such documents.  Documents in your possession, custody, or control shall include documents in the possession, custody, or control of a third party over which you have control.

3.      In the event a document is withheld or redacted on a claim of attorney-client privilege or work-product, you shall provide a detailed privilege log that describes the privilege being claimed and the information withheld in a manner sufficient to disclose facts upon which you rely in asserting your claim, and to permit your claim of attorney-client privilege and/or work-product to be assessed by the parties issuing this subpoena.

4.      Where an objection is made to a discovery request, state all grounds upon which the objection is based and, if applicable, the extent to which the discovery request is nonetheless being responded to.  Pursuant to Fed. R. Civ. P. 34(b)(2)(C), your response must state whether any responsive materials are being withheld on the basis of such objections.

5.      If you object to a part of a request, you shall state the basis for your objection and respond to all parts of the request not subject to your objections.

6.      In the event that you object to a request or a term used therein as vague and/or ambiguous, identify the particular words, terms, or phrases that are asserted to make such request vague and/or ambiguous and specify the meaning you actually attributed to such words for purposes of your response.

7.      These requests are not limited as to time period unless explicitly stated.

8.      The singular shall always include the plural and the present tense shall also include the past tense.  Any pronoun shall mean the masculine, feminine, and/or gender neutral as in each case is most appropriate.

9.      No discovery request or part thereof shall be construed as a limitation on any other discovery request or part thereof.

10.     If, after exercising due diligence, you are unable to determine the existence of any documents, persons, or things falling within a discovery request requesting identification or production of documents, persons, or things, you shall so state in its written response.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 8:**

Documents sufficient to show the identity of all Defendant's current and past employees associated with Defendant's office located at 901 South Mopac Expressway, Suite 200, Austin, Texas 78746, including employee names, positions, departments, responsibilities, and periods of employment (i.e., start and/or end dates).

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 9:**

All documents concerning Clover Sport's (formerly Bypass) past and present employee organizational structure, including but not limited to, organizational charts (including all subsidiaries, affiliates, or related third party entities) along with documents that list or identify the person or persons who have or had responsibility for the following functions: chief executive officer, chief operating officer, chief financial officer, manager, product manager, product operations, manufacturing, marketing or distribution, sales, product development, product engineering, and research and development.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 10:**

All agreements, contracts, licenses, purchase orders, invoices, sales incentive documents, terms of service, instruction manuals, training materials between Defendant and:

- Supertill LLC (also known as "Clover Texas") located at 4416 Ramsgate, Suite 108, San Antonio, Texas 78230 (registered agent office at 14607 San Pedro Suite 280, San Antonio, Texas 78232); and

- Price Professional Solutions LLC located at 3202 Lazada Lane, Round Rock, Texas, 78681.

**RESPONSE:**


Dated: December 12, 2022

Respectfully submitted,

PATTERSON + SHERIDAN LLP

*/s/ John A. Yates*

John A. Yates
Attorney In Charge
Texas State Bar No. 24056569
jyates@pattersonsheridan.com

B. Todd Patterson
Texas State Bar No. 00789537
tpatterson@pattersonsheridan.com

Kyrie Kimber Cameron
Texas State Bar No. 24097450
kcameron@pattersonsheridan.com

Edgar Neil Gonzalez
Texas State Bar No. 24092431
egonzalez@pattersonsheridan.com

**Patterson + Sheridan LLP**
24 Greenway Plaza, Suite 1600
Houston, Texas 77046
(Tel): 713-623-4844
(Fax): 713-623-4846

Abelino Reyna
Texas State Bar No. 24000087
areyna@pattersonsheridan.com

Craig V. Depew
Texas State Bar No. 05655820
cdepew@pattersonsheridan.com

**Patterson + Sheridan LLP**
729 Washington Ave., Suite 200
Waco, Texas 76701
(Tel.): 254-777-5248
(Fax): 877-777-8071

*Attorneys for Plaintiff*
*CloudofChange, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on counsel of record on December 12, 2022

*/s/ John A. Yates*
John A. Yates