UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| CloudofChange, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Clover Network, Inc.,<br><br>　　　　Defendant. | Case No. 6:22-cv-634-ADA<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S SECOND SET OF INTERROGATORIES TO DEFENDANT (NO. 5)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, the Court's Standing Order Governing Proceedings (OGP) 4.2—Patent Cases, and the Definitions and Instructions that follow, Plaintiff CloudofChange, LLC ("Plaintiff" or "CloudofChange"), requests that Defendant Clover Network, Inc. respond to the following interrogatories separately, fully, and under oath within twenty (20) days after service thereof.

## DEFINITIONS

The following definitions shall apply to the requests set forth below:

1. The terms "Clover," "you," "your," and/or "Defendant" means Defendant Clover Network, Inc., and where applicable, its present and former agents, officers, directors, employees, consultants, advisors, partners, corporate parent, affiliates, or subsidiaries.

2. The term "communication" means transmittal of information (in the form of facts, ideas, inquiries, or otherwise) in any form.

3. The term "concerning" means relating to, referring to, describing, evidencing, supporting, refuting, or constituting.

4. The term "document" as used herein is synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34, any "writings and recording" and "photographs," as

defined by Fed. R. Evid. 1001, and any other tangible thing subject to production under Fed. R. Civ. P. 34.  In accordance with Fed. R. Civ. P. 34, the term "document" includes electronically stored information including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

5. The term "person" means any natural person or business, legal, or governmental entity or association.

6. The term "third party" or "third parties" shall mean any person or entity who is not an employee, agent, representative subsidiary, affiliate, predecessor in interest, or successor in interest of Clover.

7. The term "identify" (with respect to persons) means to give, to the extent known, the person's full name, present or last known address, e-mail address, and telephone number, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

8. The term "identify" (with respect to documents) means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s) or, in the case of documents produced in this litigation, to identify the document(s) by production number.

9. The term "Complaint" means the Complaint for Patent Infringement (Dkt. 1) filed by Plaintiff on June 17, 2022.

10. The term "First Amended Complaint" means the First Amended Complaint for Patent Infringement (Dkt. 24) filed by Plaintiff on December 12, 2022.

11. The term "'640 Patent" means U.S. Patent No. 9,400,640, as well as the applications leading thereto.

12. The term "'012 Patent" means U.S. Patent No. 10,083,012, as well as the applications leading thereto.

13. The term "'793 Patent" means U.S. Patent No. 11,226,793, as well as the applications leading thereto.

14. The term "Asserted Patents" means the '640 Patent, '012 Patent, and the '793 Patent.

15. The term "Asserted Claims" means Claims 1, 3, 5-6, and 8-14 of the '640 Patent; Claims 1-2, 4, and 6-13 of the '012 Patent; and Claims 1-4, 9, 11, 42, and 44 of the '793 Patent.

16. The term "Prior Art" means all things, patents, publications, disclosures, sales, or other acts included within the broadest meaning of 35 U.S.C. § 102 (or any subpart thereof) and 35 U.S.C. § 103. The term "Prior Art" also includes publications, patents, patent applications, inventions by others, uses, sales or offers for sale, and disclosures.

17. The term "Accused Product" means any one or all of Clover's products that use or include technology claimed by the Asserted Patents, including but not limited to, Clover Station Solo, Clover Station Duo, Clover Mini, Clover Sport (formerly Bypass), Clover Dashboard, Clover Web Dashboard, Clover software as a service, related hardware, related service(s), application software, mobile device software, tablet software, web software, back office software and services, administrators, and related application software.

18. The term "Component" or "Components" means any and all components, subcomponents, modules, and parts, including hardware and software.

19. The terms "concern," "concerning," "evidence," "evidencing," "related to," "relates to," "relating to," "refer to," "referring to," and "regarding," shall be construed broadly to mean in whole or in part alluding to; responding to, concerning, regarding, directly or indirectly relating to; connected with; involving; commenting on; in respect of; about; associated with; dealing with; discussing; evidencing; showing; describing; depicting; reflecting; analyzing; summarizing; mentioning; memorializing; bearing upon; consisting of; constituting; containing; embodying; identifying; pertaining to; demonstrating; stating; comprising; tending to support, discredit, refute, or contradict; referring to; and in any way touching upon.

20. The term "Western District of Texas" means areas subject to the jurisdiction of the Western District of Texas, including the following Texas counties: Bastrop, Blanco, Burleson, Burnet, Caldwell, Gillespie, Hays, Kimble, Lampasas, Lee, Llano, Mason, McCulloch, San Saba, Travis, Washington, and Williamson; Edwards, Kinney, Maverick, Terrell, Uvalde, Val Verde, and Zavala; El Paso and Hudspeth; Brewster, Culberson, Jeff Davis, Loving, Pecos, Presidio, Reeves, Ward, and Winkler; Atascosa, Bandera, Bexar, Comal, Dimmit, Frio, Gonzales, Guadalupe, Karnes, Kendall, Kerr, Medina, Real, and Wilson; Bell, Bosque, Coryell, Falls, Freestone, Hamilton, Hill, Leon, Limestone, McLennan, Milam, Robertson, and Somervell; Andrews, Crane, Ector, Martin, Midland, and Upton.

## INSTRUCTIONS

The following instructions shall apply to the interrogatories set forth below:

1. Each Interrogatory herein is deemed to be continuing to the full extent allowed by Rule 26(e) of the Federal Rules of Civil Procedure. You should supplement your responses as you

learn or discover new information. If at any time after responding to these Interrogatories you acquire actual or constructive possession, custody, or control of any additional documents or information within the scope of a particular Interrogatory, such information should be promptly provided to counsel for Plaintiff.

2. In responding to each Interrogatory, please set forth each Interrogatory in full before each response.

3. In answering the Interrogatories that follow, you are required to furnish all information available to you or reasonably obtainable by you.

4. If you refuse to answer, in whole or in part, any of the Interrogatories on grounds of any asserted privilege, you must furnish (i) the general subject matter of the information; (ii) the identity of each person who has knowledge of such information and each person who was present when the information was stated or discussed; (iii) the dates on which the information was stated or discussed; and (iv) the specific basis or ground upon which the information is being withheld. Failure to do so will constitute a waiver of such a claim.

5. If you are unable to answer any of the Interrogatories fully and completely after exercising due diligence to obtain the information necessary to make a full and complete answer, so state and answer the Interrogatory to the fullest extent possible, specifying the extent of your knowledge and your inability to answer the remainder, and setting forth whatever information or knowledge you may have concerning the unanswered portions thereof and the efforts you made to obtain the requested information.

## **INTERROGATORIES**

**INTERROGATORY NO. 5:**

Explain why the Western District of Texas has or does not have any connection to the sources of proof, interests in the case, witnesses (*i.e.*, Defendant and third party witnesses), and facts relevant to Plaintiff's patent infringement claims in Plaintiff's First Amended Complaint, in view of:

(i)   the Clover Sport (formerly called "Bypass") product offered by Defendant;

(ii)  Defendant's office located at 901 South Mopac Expressway, Suite 200, Austin, Texas 78746;

(iii) Defendant's employees with activities related to Clover Sport (formerly called "Bypass") at Defendant's office located at 901 South Mopac Expressway, Suite 200, Austin, Texas 78746;

(iv)  Price Professional Solutions LLC located at 3202 Lazada Lane, Round Rock, Texas, 78681; and

(v)   Supertill LLC (also known as "Clover Texas") located at 4416 Ramsgate, Suite 108, San Antonio, Texas 78230 (registered agent office at 14607 San Pedro Suite 280, San Antonio, Texas 78232).

**RESPONSE:**

Dated: December 12, 2022

Respectfully submitted,

PATTERSON + SHERIDAN LLP

*/s/ John A. Yates*

John A. Yates
Attorney In Charge
Texas State Bar No. 24056569

    jyates@pattersonsheridan.com

B. Todd Patterson
Texas State Bar No. 00789537
tpatterson@pattersonsheridan.com

Kyrie Kimber Cameron
Texas State Bar No. 24097450
kcameron@pattersonsheridan.com

Edgar Neil Gonzalez
Texas State Bar No. 24092431
egonzalez@pattersonsheridan.com

**Patterson + Sheridan LLP**
24 Greenway Plaza, Suite 1600
Houston, Texas 77046
(Tel): 713-623-4844
(Fax): 713-623-4846

Abelino Reyna
Texas State Bar No. 24000087
areyna@pattersonsheridan.com

Craig V. Depew
Texas State Bar No. 05655820
cdepew@pattersonsheridan.com

**Patterson + Sheridan LLP**
729 Washington Ave., Suite 200
Waco, Texas 76701
(Tel.): 254-777-5248
(Fax): 877-777-8071

*Attorneys for Plaintiff*
*CloudofChange, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served on counsel of record on December 12, 2022

    */s/ John A. Yates*
    John A. Yates