UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| CloudofChange, LLC, | |
|     Plaintiff, | Case No. 6:22-cv-634-ADA |
| v. | |
| Clover Network, Inc., | **JURY TRIAL DEMANDED** |
|     Defendant. | |

## CLOUDOFCHANGE, LLC'S RESPONSE TO CLOVER'S OPPOSED MOTION FOR EXTENSION TO RESPOND TO AMENDED COMPLAINT

Plaintiff CloudofChange, LLC ("Plaintiff" or "CloudofChange") opposes Defendant Clover Network, LLC's ("Defendant" or "Clover") Motion for Extension to Respond to Amended Complaint (Dkt. 33) requesting a 30-day extension that delays Clover's response due date from the statutory date of December 26, 2022 to January 25, 2023. In summary, Clover's dilatory request in combination with Clover's pending motions before the Court will prejudice CloudofChange's positions for the reasons below.

While Plaintiff would normally extend the professional courtesy to accommodate opposing counsel's request to reasonably extend a due date (as Plaintiff has with Clover earlier in this case on at least two occasions)[1], Clover's pending motions before the Court require Plaintiff to diligently move its case forward with the standard due dates so that Plaintiff's positions are not adversely impacted by Clover's delays. *See* Ex. 1. Specifically, Clover's pending motions before the Court include: (i) Opposed Motion to Stay Pending *Inter Partes* Review of U.S. Patent Nos.

---

[1] When the parties conferred on July 6 and 7, 2022, Plaintiff was amenable to Clover requesting a 30-day extension to respond to the Original Complaint. However, Clover declined Plaintiff's offer and requested 45 days from the Court (Dkt. 8-1, Ex. A), which the Court denied on July 12, 2022 and granted Clover 30 days to respond. Also, Plaintiff accommodated Clover's request for additional time to respond to Plaintiff's discovery requests (Dkt. 21).

1

'640, '793, and '012 (Dkt. 22); (ii) Opposed Motion to Transfer Venue to the Northern District of California (Dkt. 19); and (iii) Opposed Motion for Protective Order (Dkt. 34).

### I. Clover's Delay Will Adversely Affect CloudofChange with respect to Cover's Motion to Stay

Clover's request for an extension will prejudice Plaintiff with respect to Clover's Opposed Motion to Stay (Dkt. 22) by preventing the case from advancing. Clover has exerted every effort to delay these proceedings, while simultaneously arguing for a stay on the grounds that this case has not progressed past its infancy. Dkt. 22, p. 1. This Court has stated that it "will not allow any party to employ tactics that it considers to be dilatory and the Court intends to insure as the case proceeds that all of the Parties in this litigation conduct themselves in a professional and ethical manner." *Am. Pats. LLC v. Mediatek, Inc.*, 2019 U.S. Dist. LEXIS 241753, at *11 (W.D. Tex. Sept. 20, 2019) (Albright, J.).

This Court should not allow Clover to get away with such dilatory tactics now. CloudofChange filed an Amended Complaint with this Court on December 12, 2022. Any argument that the Amended Complaint warrants a further extension of time is undercut by Clover's own argument that CloudofChange's revisions were *de minimis*. Dkt. 34, p. 1. Clover cannot simultaneously claim that CloudofChange's revisions to its Complaint were both insubstantial and so substantial as to warrant further delay in the filing of its Answer.

### II. Clover's Delay Will Adversely Affect CloudofChange with respect to Venue Discovery

Clover's request for an extension will hinder Plaintiff's venue discovery by preventing Plaintiff from analyzing Clover's response prior to the close of venue discovery on January 13, 2023 (Dkt. 21). In addition to delaying venue discovery with its Opposed Motion for Protective Order (Dkt. 34) in connection to (i) responses to requests for production; (ii) responses to interrogatories; and (iii) making witnesses available for deposition (to which the parties are in the

process of providing the Court with a discovery dispute chart concurrent with the filing of this response), Clover has provided incomplete and deficient responses to other discovery requests. Ex. 2. Plaintiff anticipates that Clover's discovery deficiencies identified in Ex. 2 will lead to a second discovery dispute that must be resolved by the Court before the end of venue discovery. CloudofChange should not be obstructed in efficiently conducting discovery by Clover's tactics.

For these reasons, CloudofChange respectfully requests the Court deny Clover's request for an extension of 30-days and order Clover to respond on or before January 4, 2023 (since the original due date of December 26, 2022 has passed).

Dated: December 30, 2022

Respectfully submitted,

PATTERSON + SHERIDAN LLP

*/s/ John A. Yates*

John A. Yates
Attorney In Charge
Texas State Bar No. 24056569
jyates@pattersonsheridan.com

B. Todd Patterson
Texas State Bar No. 00789537
tpatterson@pattersonsheridan.com

Kyrie Kimber Cameron
Texas State Bar No. 24097450
kcameron@pattersonsheridan.com

Edgar Neil Gonzalez
Texas State Bar No. 24092431
egonzalez@pattersonsheridan.com

**Patterson + Sheridan LLP**
24 Greenway Plaza, Suite 1600
Houston, Texas 77046
(Tel): 713-623-4844
(Fax): 713-623-4846

Abelino Reyna
Texas State Bar No. 24000087
areyna@pattersonsheridan.com

Craig V. Depew
Texas State Bar No. 05655820
cdepew@pattersonsheridan.com

**Patterson + Sheridan LLP**
729 Washington Ave., Suite 200
Waco, Texas 76701
(Tel.): 254-777-5248
(Fax): 877-777-8071

*Attorneys for Plaintiff*
*CloudofChange, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on counsel of record on December 30, 2022

*/s/ John A. Yates*
John A. Yates