# EXHIBIT 2



Edgar N. Gonzalez<br>
(713) 576-5025<br>
egonzalez@pattersonsheridan.com

December 30, 2022

***Via Electronic Mail*: steve.ravel@kellyhart.com**
J. Stephen Ravel
Kelly Hart & Hallman LLP
303 Colorado, Suite 2000
Austin, Texas 78701

Re:   *CloudofChange, LLC v. Clover Network, Inc*., Case No. 6:22-cv-00634-ADA, In the Western District of Texas Waco Division.

Dear Mr. Ravel:

I write on behalf of CloudofChange, LLC ("CloudofChange") regarding CloudofChange's First Set of Requests for Production ("RFP") Nos. 1-7 and CloudofChange, LLC's First Set of Interrogatories ("ROGs") Nos. 1-4 served on November 4, 2022.

Please respond and supplement the issues discussed below by January 5, 2023. We are available to meet and confer before then.

**<u>Clover's Production as to RFP No. 1 and Response to Interrogatory No. 1 are incomplete and deficient.</u>**

Request for Production No. 1 and Interrogatory No. 1 clearly recite:

**RFP 1:** All documents concerning employment of Clover's current and past employees, principals, sales representatives, service representatives, and other agents or representatives who are or have been located or work remotely in the Western District of Texas, or who conduct or have conducted business in the Western District of Texas electronically, telephonically, or in person, including but not limited to employment agreements, job descriptions, organizational charts, project assignments, position qualification requirements, training documents, remote work policies or agreements, devices or equipment policies or agreements, schedules, rosters, attendance tracking, benefits programs, incentive or bonus programs, and documents sufficient to show each employee's address on or after July 26, 2016.

Patterson + Sheridan LLP
December 30, 2022
Page 2

**Interrogatory 1:** Identify all employees, agents, contractors, or other individuals affiliated with Clover who have resided in or performed work for Clover from the Western District of Texas on or after July 26, 2016.

Clover's production with respect to RFP 1 is deficient. For example, Clover's production lacks documentation, at least, for "Clover's current and past employees, principals, sales representatives, service representatives, and other agents or representatives who are or have been located or work remotely in the Western District of Texas," including documentation of "employment agreements, job descriptions, organizational charts, project assignments, position qualification requirements, training documents, remote work policies or agreements, devices or equipment policies or agreements, schedules, rosters, attendance tracking, benefits programs, incentive or bonus programs, and documents sufficient to show each employee's address on or after July 26, 2016."

Clover's response limits production to Clover's "employees who have performed work for Defendant in the Western District of Texas related to an accused feature of the Clover Solo, Clover Station Duo, Clover Mini, or Clover Dashboard and individuals responsible for making the primary marketing and go-to-market related decisions for those products."

CloudofChange's venue discovery is related to (i) the Asserted Patents and (ii) the Accused Products as defined in the "Definitions" in CloudofChange's First Set of RFPs. Specifically, the term "Accused Product" means "any one or all of Clover's products that use or include technology claimed by the Asserted Patents, including but not limited to, Clover Station Solo, Clover Station Duo, Clover Mini, Clover Dashboard, Clover software as a service, related hardware, related service(s), application software, mobile device software, tablet software, web software, back office software and services, administrators, and related application software."

As you know, Clover Sport "formerly Bypass" is a Clover product that includes accused features of at least the Clover Duo product. *See, e.g.*, https://www.bypassmobile.com/point-of-sale-hardware/). Further, the Clover Sport "formerly Bypass" includes at least, but not limited to, back office software related to the Asserted Patents. *See, e.g.*, https://www.bypassmobile.com/enterprise-management/.

While we dispute Clover's objections to RFP 1 and CloudofChange's "Definitions," Clover's objections and deficient production contradict statements and information provided by Clover to the public. For at least these reasons, Clover's production to RFP 1 is deficient and should be supplemented. Further, for at least the same reasons described above, Clover's response to Interrogatory No. 1 is deficient.

Please supplement Clover's production and response accordingly. We are available to meet and confer to facilitate these issues.

Patterson + Sheridan LLP
December 30, 2022
Page 3

**Clover's Production as to RFPs Nos. 2 and 6 is incomplete and deficient.**

    Requests for Production Nos. 2 and 6 clearly recite:

    **RFP 2:** All documents concerning Clover's customers who use or have used any Accused Product of Clover, including but not limited to any purchase orders, supply agreements, purchases, or promises to purchase regarding the Accused Products, on or after July 26, 2016.

    **RFP 6:** All documents evidencing Clover's revenue from sales made in the Western District of Texas for any accused products or services, from July 26, 2016 to the present, including but not limited to contracts or obligations for Customers who use or have used any Accused Product of Clover.

    Clover's production with respect to RFP 2 and RFP 6 is deficient. For example, Clover's production lacks documentation of any purchase orders, supply agreements, purchases, or promises to purchase the Accused Products on or after July 26, 2016. Further, Clover's production is deficient because Clover has not produced any documents concerning revenue from sales made in the Western District of Texas for any accused products or services, from July 26, 2016 to the present. CloudofChange notes that to the extent Clover has produced documents related to its economic activities in the Western District of Texas (*See e.g.*, CLOVER000030), the documents do not include/specify: (1) the dates the sales took place; (2) the extent to which the sales involve Clover's Accused Products; and (3) any contracts or documentation between Clover and the parties using the Accused Products.

    Please supplement Clover's production accordingly. We are available to meet and confer to facilitate these issues.

**Clover's Production as to RFPs Nos. 5, 6, and 7 is incomplete and deficient.**

    Requests for Production Nos. 5, 6, and 7 clearly recite:

    **RFP 5:** All documents concerning any real or personal property owned, leased, managed, or utilized by Clover in the Western District of Texas, including but not limited to current and past office locations, manufacturing facilities, customer service centers, servers, computers, warehouse spaces, equipment, inventory, trade show booths or space, conference spaces, or festival spaces, on or after July 26, 2016.

    **RFP 6:** All documents evidencing Clover's revenue from sales made in the Western District of Texas for any accused products or services, from July 26, 2016 to the present, including but not limited to contracts or obligations for Customers who use or have used any Accused Product of Clover.

Patterson + Sheridan LLP
December 30, 2022
Page 4

**RFP 7:** All documents concerning Clover's vendors, distributors, retailers, or service companies located in the Western District of Texas, including but not limited to agreements, contracts, letters of interest, proposals, training, incentives, pricing, or reports on or after July 26, 2016, including but not limited to such documents concerning Price Professional Solutions LLC.

Clover's production as of the date of this letter appears to be deficient with respect to all documents concerning "any real or personal property owned, leased, managed, or utilized by Clover in the Western District of Texas… on or after July 26, 2016." Additionally, Clover's production as of the date of this letter appears to be deficient with respect to all documents "evidencing Clover's revenue from sales made in the Western District of Texas for any accused products or services, from July 26, 2016… for Customers who use or have used any Accused Product of Clover." Further, Clover's production as of the date of this letter has not included documents concerning "Clover's vendors, distributors, retailers, or service companies located in the Western District of Texas… on or after July 26, 2016, including but not limited to such documents concerning Price Professional Solutions LLC."

Please supplement Clover's production accordingly. We are available to meet and confer to facilitate these issues.

**Clover's Production as to Interrogatories Nos. 2, 3, and 4 is incomplete and deficient.**

Interrogatories Nos. 2, 3, and 4 clearly recite:

**Interrogatory 2:** Identify any changes, alterations, customizations, or other modifications made to the Accused Products on or after July 26, 2016 in consultation with, at the request of, or otherwise directed or suggested by any entity, group, customer, or individual in the Western District of Texas.

**Interrogatory 3:** Identify all contracts and agreements between Clover and any entity, group, or individual located in or based in the Western District of Texas on or after July 26, 2016, including vendors or distributors of Clover products.

**Interrogatory 4:** Identify each and every login, access, or use of any Accused Product from the Western District of Texas on or after July 26, 2016. By way of example and without limitation, a complete response includes, for each Accused Product, an identification of the company and/or individual who logged in or used the Accused Product, the date of such use, and the location in Texas from which the Accused Product was accessed.

Clover's responses as of the date of this letter are deficient. For example, Clover's production lacks documentation showing any changes, alterations, customizations, or other modifications made to the Accused Products on or after July 26, 2016 in consultation with, at the request of, or otherwise directed or suggested by any entity, group, customer, or individual in the

Patterson + Sheridan LLP
December 30, 2022
Page 5

Western District of Texas. Further, Clover's production fails to identify all contracts and agreements between Clover and any entity, group, or individual located in or based in the Western District of Texas on or after July 26, 2016, including vendors or distributors of Clover products. Additionally, Clover has not provided any information regarding the login, access, or use of any Accused Product from the Western District of Texas.

Please supplement Clover's production accordingly. We are available to meet and confer to facilitate these issues.

***

As you know, the close of venue and jurisdictional discovery closes on January 13, 2023. For at least the reasons described above, CloudofChange is greatly prejudiced by Clover's deficient discovery responses. CloudofChange reserves its right to seek relief from the Court, as necessary, based on Clover's delays in producing relevant documents and timely responding to RFPs and interrogatories.

Please supplement Clover's production and responses by January 5, 2023 to provide the requested information. If such documents have been already produced, please identify the document(s) by Bates numbers by January 5, 2023.

This letter shall serve as our attempt to comply with our meet and confer obligation under Federal Rules of Civil Procedure.

If needed to facilitate the issues identified above, please let us know your availability to further meet and confer on this issue before January 5, 2023.

Very truly yours,

PATTERSON + SHERIDAN LLP

/s/ *Edgar N. Gonzalez*
Edgar N. Gonzalez