IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| CLOUDOFCHANGE, LLC,<br><br>        Plaintiff,<br>v.<br><br>CLOVER NETWORK, INC.,<br><br>        Defendant. | Civil Action No. 6:22-CV-00634-ADA-DTG<br><br>**JURY TRIAL DEMANDED** |

**CLOVER NETWORK, LLC'S MOTION TO DISMISS
AMENDED COMPLAINT UNDER FED. R. CIV. P. 12(b)(6)**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... iii

I.     INTRODUCTION ..........................................................................................................1

II.    BACKGROUND .............................................................................................................2

        A.  The Original Complaint ......................................................................................2

        B.   The Amended Complaint ...................................................................................2

III.   LAW AND ARGUMENT ...............................................................................................4

        A.  Legal Standard ....................................................................................................4

        B.  The Court Should Dismiss The Claims Of Direct Infringement By Clover Sport ..........................................................................................................4

        C.  The Court Should Dismiss The Induced Infringement Claims ..........................6

        D.  The Court Should Dismiss The Contributory Infringement Claims ..................9

        E.  The Court Should Dismiss The Willful Infringement Claims..........................12

        F.  The Request for Permanent Injunction Should Be Dismissed..........................12

IV.   CONCLUSION..............................................................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................. 4, 5, 11, 13

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) .............................................................................................................. 4

*Berall v. Pentax of Am., Inc.*,
  No. 10-CV-5777, 2021 WL 3934200 (S.D.N.Y. Sept. 2, 2021) ........................................... 10

*BillJCo, LLC v. Apple Inc.*,
  No. 6:21-cv-00528-ADA, 2022 WL 299733 (W.D. Tex. Feb. 1, 2022) ........................ 7, 9, 11

*Commil USA, LLC v. Cisco Sys., Inc.*,
  575 U.S. 632 (2015) ............................................................................................................ 10

*De La Vega v. Microsoft Corp.*,
  W-19-cv-00612-ADA, 2020 WL 3528411 (W.D. Tex. Feb. 11, 2020) ........................... 4, 5, 6

*eBay Inc. v. MercExchange, L.L.C.*,
  547 U.S. 388 (2006) ............................................................................................................ 12

*EMA Electromechanics, Inc. v. Siemens Corp.*,
  No. 6:21-cv-1001-ADA, 2022 WL 1241967 (W.D. Tex. Apr. 26, 2022) ............................. 10

*Global-Tech Appliances, Inc. v. SEB S.A.*,
  563 U.S. 754 (2011) ...................................................................................................... 10, 11

*Grecia Est. Holdings LLC v. Meta Platforms, Inc.*,
  No. 6:21-cv-00677-ADA, 2022 WL 2019296 (W.D. Tex. June 6, 2022) .............................. 5

*Halo Electrs., Inc. v. Pulse Electrs., Inc.*,
  579 U.S. 93 (2016) .............................................................................................................. 12

*IOENGINE, LLC v. PayPal Holdings, Inc.*,
  No. 18-452-WCB, 2019 WL 330515 (D. Del. Jan. 25, 2019) ............................................... 9

*M & C Innovations, LLC v. Igloo Prods. Corp.*,
  No. 4:17-cv-2372, 2018 WL 4620713 (S.D. Tex. July 31, 2018) ........................................ 13

*MEMC Electr. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*,
　420 F.3d 1369 (Fed. Cir. 2005) .................................................................................................. 7

*Microsoft Corp. v. DataTern, Inc.*,
　755 F.3d 899 (Fed. Cir. 2014) ................................................................................................ 8, 9

*Monolithic Power Sys., Inc. v. Meraki Integrated Cir. (Shenzhen) Tech., Ltd.*,
　No. 6:20-cv-008876-ADA, 2021 WL 3931910 (W.D. Tex. Sept. 1, 2021) ............................... 7

*Neology Inc. v. Kapsch Trafficcom IVHS, Inc.*,
　No. 13-2052-LPS, 2014 WL 4675316 (D. Del. Sept. 19, 2014) ............................................... 8

*Parity Networks, LLC v. Cisco Sys., Inc.*,
　No. 6:19-CV-00207ADA, 2019 WL 3940952 (W.D. Tex. July 26, 2019) ............................. 12

*Textile Computer Sys., Inc. v. Broadway Nat'l Bank*,
　No. 6:21-cv-1050-ADA, 2022 WL 3142367 (W.D. Tex. Aug. 5, 2022) .......................... 4, 6, 7

*Traxcell Techs., LLC v. Verizon Wireless Pers. Commc'ns, LP*,
　No. 6:20-cv-01175-ADA, 2022 WL 299732 (W.D. Tex. Jan. 31, 2022) ..................... 7, 8, 9, 11

*Tuchman v. DSC Commc'ns Corp.*,
　14 F.3d 1061 (5th Cir. 1994) .................................................................................................... 4

*Vervain, LLC v. Micron Tech., Inc.*,
　No. 6:21-cvV-00487-ADA, 2022 WL 23469 (W.D. Tex. Jan. 3, 2022) ................................... 5

*V-Formation, Inc. v. Benetton Group SpA*,
　401 F.3d 1307 (Fed. Cir. 2005) ................................................................................................. 5

*Vita-Mix Corp. v. Basic Holdings, Inc.*,
　581 F.3d 1317 (Fed. Cir. 2009) ................................................................................................. 7

*Voip-Pal.com, Inc. v. Facebook, Inc.*,
　No. 6:21-cv-665, 2022 WL 1394550 (W.D. Tex. May 3, 2022) ............................................ 10

**Statute**

35 U.S.C. § 271(c) ......................................................................................................................... 10

## I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Clover Network, Inc. ("Clover")[1] moves to dismiss Plaintiff CloudofChange, LLC's claims in its First Amended Complaint for direct infringement by Clover Sport and induced, contributory, and willful infringement, as well as the request for injunctive relief. Dkt. 24 ("Am. Compl.").

After Clover moved to transfer this case to the Northern District of California pursuant to 28 U.S.C. § 1404(a), Plaintiff amended its Complaint to identify Clover Sport as an additional accused product and assert new venue allegations relating to that Clover product. But the Amended Complaint fails to state a claim for direct infringement by Clover Sport, because it is completely silent as to material claim limitations. And, like the Complaint, the Amended Complaint does not include sufficient allegations of fact to plead the knowledge elements of induced, contributory, and willful infringement. The Amended Complaint also fails to state a plausible claim for contributory infringement because there is no allegation that Clover has sold any component part that another party used to make the Accused Products or that any such component part has no substantial non-infringing uses. Instead, Plaintiff's allegations address the whole accused Clover products and not specific component parts.

Nor does the Amended Complaint allege sufficient facts to support a claim for injunctive relief, likely because Plaintiff is a non-practicing patent holder who does not manufacture or sell any products that practice the Asserted Patents. Injunctive relief is not an available remedy to Plaintiff, and to the extent that Plaintiff's prayer for a permanent injunction constitutes a claim for such relief, the claim must be dismissed.

---

[1] Clover Network, Inc. converted to Clover Network, LLC in 2021, before this lawsuit was filed.

## II.     BACKGROUND

### A.  The Original Complaint

Plaintiff filed this suit against Clover on June 17, 2022, claiming that the (1) Clover Station Solo, (2) Clover Station Duo, (3) Clover Mini, and (4) Clover Dashboard (collectively, "Original Accused Products")[2] allegedly infringe United States Patent Nos. 9,400,640 ("'640 Patent"), 10,083,012 ("'012 Patent"), and 11,226,793 ("'793 Patent") ("Asserted Patents"). Dkt 1 ¶ 8. In addition to direct infringement, Plaintiff attempted to assert claims for indirect and willful infringement of the Asserted Patents. *Id.* at ¶¶ 18, 24, 32. Notably absent in the Original Complaint were factual allegations that, if true, would show that the Original Accused Products or Plaintiff's infringement claims had any particular connection to this District relevant to 28 U.S.C. §1404(a) convenience issues. *See id.*

Clover moved to dismiss Plaintiff's willful, induced, and contributory infringement claims on August 17, 2022. Dkt. 9.

### B.  The Amended Complaint

After Clover moved to transfer this case to the Northern District of California pursuant to 28 U.S.C. § 1404(a), Plaintiff filed the Amended Complaint on December 12, 2022 to identify "(v) Clover Sport (formerly Bypass)"[3] and assert new venue allegations regarding the "Clover Sport business unit" in Austin. Am. Compl. ¶¶ 7, 17-18. Plaintiff made no attempt in the Amended Complaint to address the pleading deficiencies identified in Clover's pending Motion to Dismiss the Original Complaint.

---

[2] "Accused Products," "specific Clover product," and "accused Clover product" refer to the following Clover products identified in the Amended Complaint: (1) Clover Station Solo, (2) Clover Station Duo, (3) Clover Mini, (4) Clover Dashboard, and/or (5) Clover Sport.
[3] The Amended Complaint also adds "(vi) Clover Web Dashboard, Clover Dashboard, and other back office–type applications or software that operate with one or more of these products" as an accused product, but Web Dashboard was referenced in the original Complaint. Am. Compl. ¶ 7.

2

The Amended Complaint contains the same deficient allegations accusing Clover of induced, contributory, and willful infringement that Clover challenged in its original Motion to Dismiss. Specifically, Plaintiff does not affirmatively allege that Clover knew of the Asserted Patents and/or of the Accused Products' alleged infringement anywhere in the Amended Complaint. Instead, the general allegations that precede Counts I through III of the Amended Complaint state that Plaintiff, "through its counsel, sent a Notice Letter to [Clover] dated January 19, 2018 via USPS Certified Mail (Tracking # […]). On information and belief Defendant's infringement has been willful at least since at least receipt of the Notice Letter." Am. Compl. ¶ 32. That 2018 letter ("Letter") only refers to the '640 Patent and states that Plaintiff "believes that [Clover's] POS software solutions infringe." *Id*. It does not reference the '012 Patent or the '793 Patent or identify any specific Clover product—let alone any Accused Product. Plaintiff also generally alleges that it "previously sought to protect" the Asserted Patents in another case against a third party, but it does not claim or suggest—nor could it—that Clover was in any way involved in that other litigation or that Clover was or should have been aware of that litigation. *Id.* at ¶ 33.

Aside from the direct infringement allegations, each count of the Amended Complaint includes only the following two allegations regarding induced and contributory infringement:

> In addition to direct infringement of the ['640, '012, or '793] Patent through making, using, selling, offering to sell, and/or importing into the United States the Accused Products, the use of the Accused Products by others, as intended by Clover and in accordance with the instructions provided by Clover, directly infringes the ['640, '012, or '793] Patent. In particular, Clover sells and/or leases the Accused Products to customers in the United States with the expectation and intent that such customers will use the Accused Products, thereby directly infringing the ['640, '012, or '793] Patent. As such, Clover has induced infringement of the ['640, '012, or '793] Patent under 35 U.S.C. § 271(b).

and

> Further, since the Accused Products infringe the ['640, '012, or '793] Patent, any use or sale thereof infringes the ['640, '012, or '793] Patent. As such, Clover's sale and/or lease and offering for sale and/or lease of the Accused Products constitutes contributory infringement of the ['640, '012, or '793] Patent under 35 USC §271(c).

*Id.* at ¶¶ 40-41, 60-61, and 82-83. These same two allegations are repeated verbatim in each count of the Amended Complaint and appear to be Plaintiff's only attempts to assert claims for willful, contributory, and induced infringement, beyond the general allegations regarding the Letter and other litigation described above.

Finally, the Prayer for Relief in Plaintiff's Amended Complaint requests a permanent injunction; however, there is not a single allegation elsewhere in the Amended Complaint to support such a claim. *Id.* at 83, § B.

## III.   LAW AND ARGUMENT

### A.   Legal Standard

Rule 12(b)(6) requires dismissal when a plaintiff fails to allege sufficient facts to "state a claim to relief that is plausible on its face." *De La Vega v. Microsoft Corp.*, W-19-cv-00612-ADA, 2020 WL 3528411, at *2 (W.D. Tex. Feb. 11, 2020). A complaint must include sufficient facts that, if true, to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard requires the plaintiff to plead 'enough facts to raise a reasonable expectation that discovery will reveal evidence of [the claim].'" *Textile Computer Sys., Inc. v. Broadway Nat'l Bank*, No. 6:21-cv-1050-ADA, 2022 WL 3142367, at *1 (W.D. Tex. Aug. 5, 2022) *(*quoting *Twombly*, 550 U.S. at 545). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In other words, "a plaintiff must plead specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994) (internal quotation marks omitted).

### B.   The Court Should Dismiss The Claims Of Direct Infringement By Clover Sport.

The Amended Complaint fails to state a claim for direct infringement by Clover Sport, because it is completely silent as to material claim limitations. It is a bedrock principle that "each

and every" claim limitation be present to show direct infringement. *V-Formation, Inc. v. Benetton Group SpA*, 401 F.3d 1307, 1312 (Fed. Cir. 2005) ("Literal infringement requires that each and every limitation set forth in a claim appear in an accused product."). Plaintiff does not even attempt to allege how the accused Clover Sport product embodies all the limitations of any single claim of the Asserted Patents. The conclusory allegation that "Clover Sport" infringes the Asserted Patents "literally, directly or indirectly, or under the doctrine of equivalents" is insufficient because it is not supported by allegations that the accused product satisfies any limitation of the asserted claims. Am. Compl. ¶¶ 27, 29, and 31. By not even attempting to address these required limitations of any claim of the Asserted Patents, Plaintiff fails to provide fair notice of its infringement grounds. *Iqbal*, 556 U.S. at 678.

This Court routinely dismisses direct infringement claims that are not alleged with sufficient detail of how all the limitations of a patent claim are purportedly met, including claims that are alleged in far more detail than Plaintiff's claim here. *See De La Vega*, 2020 WL 3528411 at *6-7 (dismissing direct infringement claim even where complaint included limitation-by-limitation allegations); *Vervain, LLC v. Micron Tech., Inc.*, No. 6:21-cvV-00487-ADA, 2022 WL 23469 at *7 (W.D. Tex. Jan. 3, 2022) (dismissing direct infringement claims in case involve software and firmware technologies, holding that more may be required of pleadings in cases involving complex technologies, and noting that "a complaint nakedly alleging that the accused product practices the claimed invention's point of novelty will rarely suffice"); *Grecia Est. Holdings LLC v. Meta Platforms, Inc.*, No. 6:21-cv-00677-ADA, 2022 WL 2019296 at *8 (W.D. Tex. June 6, 2022) (dismissing direct infringement claims and holding that, even despite having alleged some facts for a required claim element, "[g]iven the complexity of the disputed technology, Grecia falls short of providing sufficient evidence to show that infringement is a reasonable inference to draw.").

In *De La Vega*, this Court dismissed direct infringement claims where the complaint included an element-by-element mapping but failed to explain "how" one of the elements was allegedly satisfied. *De La Vega*, 2020 WL 3528411, at *6. The complaint included textual allegations for all limitations of the asserted claim except for one: a "coupling limitation." *Id.* For the "coupling limitation," the complaint included three screenshots but lacked a written explanation of how those screenshots supposedly satisfied the "coupling limitation." *Id.* at *6-7. This Court held that, by failing to include "even a short written description of how the accused instrumentalities meet the 'coupling' limitation, [the] complaint fails to state a claim upon which relief can be granted." *Id.*

The Amended Complaint here is far more deficient than the insufficient complaints in *De La Vega, Vervain*, and *Grecia*. Where the *De La Vega* complaint was missing a written explanation for just one limitation, the Amended Complaint here fails to allege that *any* limitation is met by the Clover Sport product. The Amended Complaint does not even reference these limitations, let alone explain in writing "how" any of those limitations are purportedly met, and thus should be dismissed for the same reasons as in *De La Vega*. Because the Amended Complaint lacks *any* allegations for *any* limitation of *any* claim of the Asserted Patents, it does not plausibly allege direct infringement.

### C. The Court Should Dismiss The Induced Infringement Claims.

The Amended Complaint fails to plead any facts that, even if taken as true, would establish that Clover induced infringement of the Asserted Patents. To state a claim for induced infringement under § 271(b), "the complaint must plausibly plead that the defendant (1) knew of the patent; (2) knowingly induced the infringing acts; and (3) possessed a specific intent to encourage another's infringement of the patent." *Textile Computer Sys., Inc. v. Broadway Nat'l Bank*, No. 6:21-cv-1050-ADA, 2022 WL 3142367, at *4 (W.D. Tex. Aug. 5, 2022) (citing *Vita-*

6

*Mix Corp. v. Basic Holdings, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009)). Induced infringement further requires that the alleged inducer "possessed specific intent to encourage another's infringement." *MEMC Electr. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1378 (Fed. Cir. 2005). "Mere knowledge of the Asserted Patents is not enough." *BillJCo, LLC v. Apple Inc.*, No. 6:21-cv-00528-ADA, 2022 WL 299733, at *4 (W.D. Tex. Feb. 1, 2022); *see Monolithic Power Sys., Inc. v. Meraki Integrated Cir. (Shenzhen) Tech., Ltd.*, No. 6:20-cv-008876-ADA, 2021 WL 3931910, at *5 (W.D. Tex. Sept. 1, 2021) (holding that knowledge of a patent and knowledge of infringement are "distinct elements"). The specific intent element of induced infringement is demanding and requires more than simply "[i]nstructing others to perform an action 'such to cause infringement.'" *Traxcell Techs., LLC v. Verizon Wireless Pers. Commc'ns, LP*, No. 6:20-cv-01175-ADA, 2022 WL 299732, at *4 (W.D. Tex. Jan. 31, 2022).

Plaintiff fails to allege facts, even if taken as true, that Clover had the requisite knowledge or intent to induce infringement of the Asserted Patents. The Amended Complaint's attempt to rely on the Letter to infer the requisite knowledge and intent fails because the Letter did not identify all of the Asserted Patents or even a single accused Clover product. *See* Am. Compl. ¶ 32; Dkt. 1-4. Indeed, the Letter does not mention either the '012 Patent or '793 Patent. *Id*. Notice letters that "entirely fail to mention" asserted patents "are [in]sufficient to satisfy the knowledge requirement[s]" of induced infringement claims. *Textile Computer*, 2022 WL 3142367, at *4 (explaining that a notice letter identifying both the asserted patents and the accused products and suggesting that the accused products infringe the asserted patents are typically required). Thus, the Letter provides no basis to show knowledge of the '012 Patent or the '793 Patent.  Though the Letter references the '640 Patent, it does identify any Accused Products, much less state that any of the Accused Products infringe. The Letter instead generically defines POS as "point of sale" and refers generally to "Clover Network, Inc.'s POS software solutions," but fails to identify what

7

specific Clover products allegedly use the POS software solutions. This general reference is insufficient to establish that Clover had the requisite knowledge that any of the Accused Products infringe any Asserted Patent. *See id.* For these reasons alone, Plaintiff's induced infringement claims cannot survive dismissal.

Plaintiff's induced infringement claim should also be dismissed because the Amended Complaint does not allege any facts sufficient to show that Clover knew or intended that the conduct of others constituted infringement of any Asserted Patent. It instead offers only threadbare assertions that "the use of the Accused Products by others, as intended by Clover and in accordance with the instruction provided by Clover, directly infringes the [Asserted Patents]," and "Clover sells and/or leases the Accused Products to customers in the United States with the expectation and intent that such customers will use the Accused Products." Am. Compl. at ¶¶ 40, 60, 82. These allegations are nothing more than "[i]nstructing others to perform an action 'such to cause infringement' [which] does not plead the intent required by law." *Traxcell*, 2022 WL 299732, at *4. "Specific intent" requires not only that the defendant knew of the asserted patents and intended to cause the acts that allegedly produced infringement, but also that the defendant had an ***affirmative*** intent to cause infringement. *See Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899, 904 (Fed. Cir. 2014) ("[T]he patentee must show that the accused inducer took an affirmative act to encourage infringement with the knowledge that the induced acts constitute patent infringement."). Simply asserting that Clover sells or leases the Accused Products with the expectation and intention that they will be used is not an allegation that Clover had the affirmative intent to cause infringement.

Moreover, the Amended Complaint includes no allegations about what "instructions" Clover allegedly provides, or how those instructions related to the functionality claimed in the Asserted Patents. *See Neology Inc. v. Kapsch Trafficcom IVHS, Inc.*, No. 13-2052-LPS, 2014 WL

8

4675316, at *6 (D. Del. Sept. 19, 2014) (recognizing that "assertions that a defendant provided unspecified 'training and instructions to its customers concerning the use of the Accused Products' are not specific enough . . . and simply begs the question: 'Provided 'training and instructions' as to what?'"); *cf. IOENGINE, LLC v. PayPal Holdings, Inc.*, No. 18-452-WCB, 2019 WL 330515, at *4-5 (D. Del. Jan. 25, 2019) (finding specific intent satisfied where "[t]he complaint contain[ed] detailed references to the directions given by [defendant] to [third parties] and customers as to how to implement its software," and where "'the information and materials provided by [defendant] contain detailed descriptions and instructions for using and implementing the functionality claimed' in the asserted patents."). The Amended Complaint then makes mere conclusory legal allegations on inducement. *Id*. Such threadbare allegations, even if accepted as true, fall short of supporting a plausible inference that Clover had or has the requisite specific intent for induced infringement. *See Traxcell*, 2022 WL 299732, at *4; *cf. BillJCo,* 2022 WL 299733, at *8 (finding specific intent where the plaintiff alleged knowledge of the patents based on the complaint, the complaint mapped claim limitations to instructions in the defendant's developer guides, and claim charts were left "unscathed"); *cf. DataTern*, 755 F.3d at 905 (finding "[p]roviding instructions to use a product in an infringing manner [] evidence of the required mental state for inducing infringement," where accompanying claims charts established how the instructions provided to customers aligned with the asserted claims).[4] Accordingly, Plaintiff's induced infringement claims should be dismissed.

### D.  The Court Should Dismiss The Contributory Infringement Claims.

The Amended Complaint fails to plead facts sufficient to state any claim for contributory infringement. To state a claim of contributory infringement, a plaintiff must allege facts showing

---

[4] Plaintiff provided no claim charts for the Asserted Patents, let alone charts that map the alleged Clover "instructions" to the asserted claims.

9

that the defendant knowingly provided components that have no "substantial non-infringing use" and that the defendant knew were "especially made or especially adapted" to infringe the asserted patents. 35 U.S.C. § 271(c); *Voip-Pal.com, Inc. v. Facebook, Inc.*, No. 6:21-cv-665, 2022 WL 1394550, at *2 (W.D. Tex. May 3, 2022). Like induced infringement, contributory infringement requires knowledge of the patent in suit and knowledge of patent infringement." *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015) (emphasis added). Plaintiff's allegations again fall far short of these requirements.

As demonstrated above, the Amended Complaint lacks allegations of fact that, even if true, could show that Clover had the requisite knowledge of the Asserted Patents and alleged infringement. On this basis alone, Plaintiff's contributory infringement claims should be dismissed under Rule 12(b)(6).

The contributory infringement claims also fail because Plaintiff's allegations pertain to the Clover's Accused Products as a whole and not any alleged component part. A "component" of a patented invention is "an item that was not itself covered by the claims of a patent but that enabled another party to make or use a patented machine, process, or combination." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 761 (2011). An entire product covered by the patent does not meet the "component" requirement. *See EMA Electromechanics, Inc. v. Siemens Corp.*, No. 6:21-cv-1001-ADA, 2022 WL 1241967, at *3 (W.D. Tex. Apr. 26, 2022) ("Contributory infringement of a patented device involves the sale, offer to sell, or importing of a component of the device, which is 'not itself technically covered by the claims of a product or process patent.'"). Here, Plaintiff's allegations regarding the Accused Products address the whole products rather than components of those Clover products. Plaintiff's allegations are therefore insufficient to state a plausible contributory infringement claim. *See Berall v. Pentax of Am., Inc.*, No. 10-CV-5777, 2021 WL 3934200, at *8 (S.D.N.Y. Sept. 2, 2021) (finding allegations of an entire product rather

10

than components of a product were insufficient to state a claim for contributory infringement); *BillJCo*, 2022 WL 299733, at *9 (same); *see Global-Tech*, 563 U.S. at 761.

But even if Clover was alleged to have manufacture a component part, the Amended Complaint still fails to state a plausible claim for contributory infringement because there are no allegations that the Clover products are especially made to infringe or have no substantial non-infringing uses. Instead, the Amended Complaint offers only the following conclusory statement:

> [S]ince the Accused Products infringe the '640 Patent [, '012 Patent, and/or '793 Patent], any use or sale thereof infringes the '640 Patent [, '012 Patent, and/or '793 Patent]. As such, Clover's sale and/or lease and offering for sale and/or lease of the Accused Products also constitutes contributory infringement of the '640 Patent [, '012 Patent, and/or '793 Patent] under 35 U.S.C. § 271(c).

Am. Compl. ¶ 41. Not only is this a clear misstatement of the requirements for contributory infringement, but such conclusory statements—that do not identify "any specific component" and do not amount to an allegation that a "component has no substantial noninfringing uses"—cannot survive a motion to dismiss. *See, e.g.*, *Traxcell*, 2022 WL 299732, at *5 (dismissing contributory infringement claim because plaintiff "fail[ed] to identify any specific component . . . , fail[ed] to allege that any identified component is a material part of the invention, and fail[ed] to allege that any identified component has no substantial noninfringing uses" outside "allegations for contributory infringement [that were] largely boilerplate"); *Iqbal*, 556 U.S. at 678.

Finally, the Amended Complaint includes no factual allegations that, if true, could show that Clover knew that any alleged (but unidentified) "component" was made or especially designed to support an infringing use. Again, the only knowledge allegations in the Amended Complaint relate to the Letter, which makes no mention of the Accused Products or 35 U.S.C. § 271(c), much less a component of a Clover product or Clover's alleged knowledge that a component was made or especially designed to infringe. The Amended Complaint's contributory infringement claims should therefore be dismissed.

### E. The Court Should Dismiss The Willful Infringement Claims.

The Amended Complaint also fails to provide factual allegations to render plausible a claim for willful infringement. To allege willful infringement, a plaintiff must plausibly allege the "subjective willfulness of a patent infringer, intentional or knowing." *Halo Electrs., Inc. v. Pulse Electrs., Inc.*, 579 U.S. 93, 105 (2016). This requires a plaintiff to allege facts plausibly showing that the accused infringer "(1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent." *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-CV-00207ADA, 2019 WL 3940952, at *3 (W.D. Tex. July 26, 2019).

The Amended Complaint's willful infringement claims fail to satisfy the *Parity* requirements. As discussed above, Plaintiff relies solely on the Letter to allege knowledge. But the Letter only refers to the '640 Patent. It does not identify either the '012 Patent or '793 Patent at all. Nor does it identify any specific Clover product. It therefore does not give rise to any inference that that Clover knew or should have known of the alleged infringement of any of the Asserted Patents. Plaintiff's willful infringement claims should therefore be dismissed.

### F. The Request for Permanent Injunction Should Be Dismissed.

Plaintiff's request for a permanent injunction appears only in the Amended Complaint's "Prayer for Relief," and there are no facts alleged anywhere in the Amended Complaint that could support an "Order enjoining Clover [and others]" from "further infringement of the" Asserted Patents. Am. Compl. 83, § B. To state a claim for injunctive relief, a plaintiff must allege "(1) that it has suffered an irreparable injury; (2) that remedies available at law . . . are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). A claim

for injunctive relief can thus be dismissed when "no facts are alleged in the Complaint that support an award of . . . a permanent injunction." *M & C Innovations, LLC v. Igloo Prods. Corp.*, No. 4:17-cv-2372, 2018 WL 4620713, at *6 (S.D. Tex. July 31, 2018); *see Iqbal*, 129 S. Ct. at 1949, 1952 (a plaintiff must plead factual allegations to support all "elements" necessary to support the relief requested). A claim for injunctive relief must be stricken where, as here, no facts are alleged in the complaint that "raise[] any indication that . . . a permanent injunction might eventually be appropriate." *Id.*

Here, not a single fact is alleged in the Amended Complaint to support a claim for injunctive relief. Plaintiff does not allege that it makes, licenses, or otherwise commercializes the Asserted Patents in any way or that it will suffer irreparable harm absent injunctive relief. *See* Am. Compl. Nor could it. Plaintiff is a non-practicing entity and the only relief potentially available to it is monetary damages. Plaintiff's mere request for a permanent injunction in the Prayer for Relief falls far short of adequately pleading any of the four *eBay* factors. The request for injunctive relief should therefore be dismissed. *M & C*, 2018 WL 4620713, at *6 (granting motion to dismiss claim for injunctive relief where "no facts are alleged in the Complaint that support an award of . . . a permanent injunction").

## V.   CONCLUSION

For the above reasons, Plaintiff's Amended Complaint fails to state claims for direct infringement by Clover Sport, for contributory infringement, induced infringement, and willful infringement, and for injunctive relief, and those claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

December 30, 2022                                   Respectfully Submitted,

                                                       */s/ J. Stephen Ravel*
J. Stephen Ravel (Texas Bar No. 16584975)
Kelly Ransom (Texas Bar No. 24109427)
KELLY HART & HALLMAN LLP
303 Colorado, Suite 2000
Austin, Texas 78701
Tel: (512) 495-6429
steve.ravel@kellyhart.com
kelly.ransom@kellyhart.com

Caitlyn Hubbard (Texas Bar No. 24097853)
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Tel: (817) 332-2500
caitlyn.hubbard@kellyhart.com

Greg H. Lantier (*Pro Hac Vice*)
Gregory.Lantier@wilmerhale.com
R. Gregory Israelsen (*Pro Hac Vice*)
Greg.israelsen@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DOOR LLP
1875 Pennsylvania Ave., NW
Washington, DC 20006
Tel: (202) 663-6000
Fax: (202) 663-6363

Sarah B. Petty (*Pro Hac Vice*)
Sarah.Petty@wilmerhale.com
Amy L. Mahan (*Pro Hac Vice*)
Amy.Mahan@wilmerhale.com
Jeannette Leopold (*Pro Hac Vice*)
Jeannette.Leopold@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DOOR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6000
Fax: (617) 526-5000

***Attorneys for Clover Network, LLC***

14

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on December 30, 2022, to all counsel of record via the Court's CM/ECF system.

*/s/ J. Stephen Ravel*
