**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| CloudofChange, LLC, | |
| Plaintiff, | Case No. 6:22-CV-00634-ADA |
| v. | |
| Clover Network, Inc., | **JURY TRIAL DEMANDED** |
| Defendant. | |

**CLOUDOFCHANGE, LLC'S RESPONSE TO CLOVER'S 12(b)(6)**
**<u>MOTION TO DISMISS</u>**

## I.   <u>INTRODUCTION</u>

Plaintiff CloudofChange, LLC ("CloudofChange") served Defendant Clover Network, Inc. ("Clover") its First Amended Complaint on December 12, 2022.  Dkt. 24.  Clover filed a motion to dismiss CloudofChange's claims for: (i) direct infringement by Clover Sport, (ii) induced infringement, (iii) contributory infringement, (iv) willful infringement, and (v) request for injunctive relief.  Dkt. 42.  The Court should deny Clover's motion.

*First*, CloudofChange's First Amended Complaint sufficiently pleads direct infringement by Clover Sport.  Federal Circuit case law soundly rejects Clover's attempt to place a greater burden on CloudofChange than is required by the minimum pleading requirements set forth by Federal Rules of Civil Procedure 8(a).  *Second*, Clover's attempt to dismiss CloudofChange's claims for contributory infringement is at best premature as evidenced by this Court's case law and standing orders.  *Third*, as explained below, CloudofChange has sufficiently pleaded induced infringement and willful infringement.  *Fourth*, Clover's argument that CloudofChange is not entitled to equitable relief because it is a non-practicing patent holder is unfounded.

Notably, Plaintiff's notice letter to Clover identified the "'640 Patent including any patents that grant from the pending continuation patent applications claiming priority to the '640 Patent," which includes the '012 Patent (pending at the time) and the '793 Patent (later filed).  *See* Ex. 1 (also Dkt. 1-4).

## II.   <u>LEGAL STANDARD</u>

Rule 12(b)(6) requires that a complaint contain sufficient factual matter, if accepted as true, to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  To meet this plausibility standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged," based on "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* However, in resolving a motion to dismiss for failure to state a claim, the question is "not whether [the plaintiff] will ultimately prevail, … but whether [the] complaint was sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011). "The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Iqbal*, 556 U.S. at 678). Thus, when addressing a motion to dismiss, the Court "accepts all well-pleaded facts as true, views them in the light most favorable to the plaintiff, and draws all reasonable inferences in the plaintiff's favor." *Johnson v. BOKF Nat'l Ass'n*, 15 F.4th 356, 361 (5th Cir. 2021).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted is "a purely procedural question not pertaining to patent law," and so the law of the Fifth Circuit controls. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007). "A motion to dismiss under rule 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)). "The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true." *Id.* When considering such motions, this Court "accepts all well-pleaded facts as true, views them in the light most favorable to the plaintiff, and draws all reasonable inferences in the plaintiff's favor." *ACQIS LLC v. Lenovo Grp. Ltd.*,

No. 6:20-CV-00967-ADA, 2022 U.S. Dist. LEXIS 122565, at *3 (W.D. Tex. July 12, 2022) (Albright, J.) (quoting *Johnson v. BOKF*, 15 F.4th at 361).

### III.   <u>ARGUMENT</u>

#### A.   **CloudofChange has sufficiently pleaded direct infringement of Clover Sport**

Clover's motion to dismiss CloudofChange's claims of direct infringement by Clover Sport is improper. Clover insists that dismissal is proper because "Plaintiff does not even attempt to allege how the accused Clover Sport product embodies all the limitations of any single claim of the Asserted Patents." Dkt. 42, p. 5. In doing so, Clover seeks to force CloudofChange to carry an unnecessary burden.

The Federal Circuit has clearly held that "[T]he Federal Rules of Civil Procedure do not require a plaintiff to plead facts establishing that each element of an asserted claim is met." *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018) (internal citation omitted). CloudofChange does not need to prove its case at the pleading stage. *Id.* CloudofChange only needs to place Clover on notice of what activity is being accused of infringement. *Id.* There is no doubt that CloudofChange has met its burden at the motion to dismiss stage. For example, CloudofChange alleged that Clover Sport infringed the '640 Patent literally, directly, or indirectly, or under the doctrine of equivalents. Dkt. 24, p. 6 ¶27. Furthermore, CloudofChange attached an exhibit to its First Amended Complaint to provide Clover with additional notice of Clover Sport's infringement. *See id.* at Ex. 35. Such notice is sufficient to survive a motion to dismiss. *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018).

Clover's allegation that CloudofChange has not provided more detail in its First Amended Complaint is a problem of its own making. Clover is the party with access to publicly-available and confidential information. *Parus Holdings Inc. v. Google LLC*, No. W-19-CV-00433-ADA, 2020 U.S. Dist. LEXIS 267235, at *13 (W.D. Tex. Feb. 27, 2020) (Albright, J.). Clover is the

party who failed to comply with discovery by not disclosing Clover Sport in response to CloudofChange's discovery requests served more than two months ago.

The Court recently granted CloudofChange venue-related discovery into Clover Sport. Dkt. 48 (Minute entry for proceeding held before Judge Gilliland).  Fact discovery does not open until April 11, 2023.  Dkt. 17.  CloudofChange emphasizes that this Court has been reluctant to dismiss for failure to state a claim when fact discovery has yet to open.  *AML IP, LLC v. Bed Bath & Beyond, Inc.*, No. 6:21-CV-00600-ADA, 2022 U.S. Dist. LEXIS 66678, at *10 (W.D. Tex. Apr. 11, 2022) (stating that it is wiser and more efficient to wait until after fact discovery has at least opened before potentially granting Defendant's motion to dismiss).

### B.    CloudofChange has sufficiently pleaded induced infringement

The Complaint has sufficiently pleaded induced infringement of the '640, '012, and '793 Patents.  To state a claim for relief for induced patent infringement, "a complaint must plead facts plausibly showing that the accused infringer 'specifically intended [another party] to infringe [the patent] and knew that the [other party]'s acts constituted infringement.'"  *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1376-77 (Fed. Cir. 2017) (quoting *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1336 (Fed. Cir. 2012)).

CloudofChange has pleaded sufficient facts in its First Amended Complaint to survive Clover's attempt to dismiss its induced infringement claims.   CloudofChange pleaded on information and belief that Clover POS Austin "is an authorized reseller of Defendant's products located within the Western District of Texas in Austin, Texas."  Dkt. 24, p. 5 ¶20.  Further, CloudofChange pleaded that,

> On information and belief, Clover has begun making, using, importing, selling and/or offering for sale products in this district and elsewhere in the United States that infringe the '640 Patent literally, directly or indirectly, or under the doctrine of equivalents, including: (i) Clover Station Solo, (ii) Clover Station Duo (formerly Station Pro), (iii) Clover Mini, (iv) Clover Dashboard, and (v) Clover Sport.

*Id.* at p. 6, ¶27.  Finally, CloudofChange attached an advertisement to its First Amended Complaint from Clover POS Austin.  *Id.* at Ex. 36.  The advertisement markets:

> An all-in-one solution Clover replaces your cash register, payment terminal, receipt printer, and barcode scanner with an integrated suite of products. Accept credit cards, EMV, and Apple Pay.  Get to know your business and your customers better with reports you can run at work or from home and applications that streamline your workload.

*Id.*

This Court has recognized that similar pleadings are sufficient to survive a motion to dismiss.  *See Spacetime3D, Inc. v. Apple Inc.*, No. 6-22-CV-00149-ADA, 2022 U.S. Dist. LEXIS 204751, at *8-9 (W.D. Tex. Nov. 10, 2022) (Albright, J.).  CloudofChange has pleaded in several places in its First Amended Complaint sufficient factual content that allows this Court to draw the reasonable inference that Clover knowingly induced a third-party to infringe its patents and had specific intent to induce the patent infringement.  *Id.* at 11; *see also* Dkt. 24, pp. 6-7 ¶¶20, 27.

CloudofChange's First Amended Complaint contains factual averments addressed specifically to the wrongful activities of Clover and Clover POS Austin that give rise to the pleaded claims—describing who (Clover), is alleged to have done what wrong (infringed the asserted patents by making, using, selling, offering for sale, and/or importing the Accused Products with the expectation and intent that such customers will use the Accused Products), to whom (CloudofChange, as the patent owner).  Dkt. 24, pp. 6-7, 9 ¶¶20, 27, 40.  CloudofChange has sufficiently pleaded its induced infringement claims against Clover to survive a motion to dismiss. *Godo Kaisha Ip Bridge 1 v. Broadcom Ltd.*, No. 2:16-CV-0134-JRG-RSP, 2017 U.S. Dist. LEXIS 45416, at *24 (E.D. Tex. Mar. 1, 2017).

## C.   Clover's motion to dismiss CloudofChange's contributory infringement claims is premature

The Court should not dismiss CloudofChange's claims for contributory infringement.

Clover's motion is premature.  Fact discovery does not open for another three (3) months.  Dkt. 17, p. 3.  This Court has been reluctant to prematurely grant a motion to dismiss before fact discovery has even opened.  *AML*, 2022 U.S. Dist. LEXIS 66678, at \*10 (W.D. Tex. Apr. 11, 2022).  It would be both wiser and more efficient to deny any motion to dismiss to the extent that those motions precede the opening of fact discovery.  *See id.*  Clover's motion is premature.[1]

### D.    CloudofChange has sufficiently pleaded willful infringement

To state a claim for relief for willful patent infringement, a plaintiff must allege facts plausibly showing that the accused infringer: "(1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent."  *Flypsi, Inc. v. Google LLC*, No. 6:22-CV-0031-ADA, 2022 U.S. Dist. LEXIS 149869, at \*5 (W.D. Tex. Aug. 22, 2022) (quoting *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-CV-00207-ADA, 2019 U.S. Dist. LEXIS 144094, at \*7 (W.D. Tex. July 26, 2019)).  CloudofChange agrees with Clover and this Court that the *Parity* factors govern whether a plaintiff has sufficiently pleaded willful infringement.

CloudofChange disagrees with Clover's contention that the Amended Complaint fails to satisfy the standard for plausibly pleading willful infringement.  Indeed, this Court has held that "'Serving a complaint will, in most circumstances, notify the defendant of the asserted patent and the accused conduct.  So long as the complaint also adequately alleges that the defendant is continuing its purportedly infringing conduct, it will satisfy all three *Parity* elements...'"  *Id.* at \*16 (quoting *Billjco, LLC v. Apple Inc.*, 583 F. Supp.3d 769, 778 (W.D. Tex. 2022)).

Both parties agree that CloudofChange has served Clover with a complaint.  CloudofChange's complaint alleges Clover continued its purportedly infringing conduct.  Dkt. 1,

---

[1] This Court should not reward Clover's noncompliance with its Standing Order and its meet-and-confer requirement.  *See* Standing Order Governing Proceedings (OGP) – 4.2 (*see* Sec. VII, p. 6).

p. 5 ¶18 ("On information and belief, Clover has begun making, using, importing, selling and/or offering for sale products in this district and elsewhere in the United States that infringe the '640 Patent literally, directly or indirectly, or under the doctrine of equivalents, including: (i) Clover Station Solo, (ii) Clover Station Duo (formerly Station Pro), (iii) Clover Mini, and (iv) Clover Dashboard."). CloudofChange has sufficiently pleaded willful infringement.

### E.   CloudofChange has sufficiently pleaded its entitlement to injunctive relief

CloudofChange, as a non-practicing entity, should not be denied equitable relief. Clover's focus on CloudofChange's status as a non-practicing entity is misplaced. Dkt. 24, p. 13. This Court has determined that arguments attempting to treat non-practicing entities as second-class citizens are unpersuasive. *See e.g.*, *Decapolis Sys., LLC v. Univ. Health Sys. Servs. of Tex., Inc.*, No. 6:21-CV-01262-ADA, 2022 U.S. Dist. LEXIS 115654, at *9 (W.D. Tex. June 30, 2022) (finding Defendants' argument that a non-practicing entity cannot argue undue prejudice is unpersuasive); *VoIP-Pal.com, Inc. v. Amazon.com, Inc.*, No. 6:21-CV-00668-ADA, 2022 U.S. Dist. LEXIS 103868, at *18 (W.D. Tex. May 31, 2022) (rejecting the non-practicing entity argument in the motion-to-transfer context). CloudofChange should not be denied equitable relief because it is a non-practicing entity.

Clover suggests that CloudofChange's pleadings are not sufficient to satisfy the requirements to state a claim for injunctive relief. *See eBay Inc. v. MercExchange*, *LLC*, 547 U.S. 388, 391 (2006). CloudofChange must allege:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law are inadequate to compensate for that injury; (3) that considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*Id.*

CloudofChange has pleaded all four requirements. CloudofChange sufficiently alleged irreparable injury. CloudofChange relies on its ability to license its intellectual property to finance its operations. *Commonwealth Sci. & Indus. Research Organisation v. Buffalo Tech. Inc.*, 492 F. Supp. 2d 600, 604 (E.D. Tex. 2007); *see also* Dkt. 1, Ex. 4. Clover's challenge via the courts to CloudofChange's patents caused irreparable injury by both impugning CloudofChange's reputation and forcing it to divert money into litigation costs to prevent further infringement of its patents. Dkt. 24, pp. 2-4 ¶¶6-12; *see also id.* Remedies available at law are inadequate to compensate the injury. CloudofChange has valid and enforceable Patents which it may license at its discretion. *See* Dkt. 24, pp. 8-9 ¶¶37-39. Remedies available at law are insufficient to account for Clover's infringing acts harming CloudofChange's brand recognition and customer goodwill. *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 862 (Fed. Cir. 2010), aff'd 564 U.S. 91 (2011).

An equitable remedy is warranted given the balance of hardships. Clover continues to infringe CloudofChange's patents by making, using, importing, selling, and/or offering for sale the Accused Products. Dkt. 24, p. 6 ¶6. Therefore, CloudofChange has sufficiently pleaded that the balance of hardships warrants an equitable remedy. *See Windsurfing Int'l, Inc. v. AMF, Inc.*, 782 F.2d 995, 1003 n.12 (Fed. Cir. 1986) ("One who elects to build a business on a product found to infringe cannot be heard to complain if an injunction against continuing infringements destroys the business so elected."). Finally, CloudofChange has clearly pleaded Clover's infringement of its patents. Therefore, the public would be disserved by dismissing CloudofChange's request for injunctive relief. *Richardson v. Suzuki Motor Co.*, 868 F.2d 1226, 1246-47 (Fed. Cir. 1989).

## IV.   CONCLUSION

For the reasons stated above, Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) should be **DENIED.**

Dated:  January 13, 2023

Respectfully submitted,

By: */s/ John A. Yates*

John A. Yates
Attorney In Charge
Texas State Bar No. 24056569
jyates@pattersonsheridan.com

B. Todd Patterson
Texas State Bar No. 00789537
tpatterson@pattersonsheridan.com

Kyrie Kimber Cameron
Texas State Bar No. 24097450
kcameron@pattersonsheridan.com

Edgar Neil Gonzalez
Texas State Bar No. 24092431
egonzalez@pattersonsheridan.com

**Patterson + Sheridan LLP**
24 Greenway Plaza, Suite 1600
Houston, Texas 77046
(Tel): 713-623-4844
(Fax): 713-623-4846

Abelino Reyna
Texas State Bar No. 24000087
areyna@pattersonsheridan.com

Craig V. Depew
Texas State Bar No. 05655820
cdepew@pattersonsheridan.com

**Patterson + Sheridan LLP**
729 Washington Ave., Suite 200
Waco, Texas 76701
(Tel): 254-777-5248
(Fax): 877-777-8071

*Attorneys for Plaintiff,*
*CloudofChange, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was served on all counsel of record on January 13, 2023.

*/s/ John A. Yates*
John A. Yates
