IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| CLOUDOFCHANGE, LLC,<br><br>                Plaintiff,<br>v.<br><br>CLOVER NETWORK, INC.,<br><br>                Defendant. | Civil Action No. 6:22-CV-00634-ADA<br><br>**JURY TRIAL DEMANDED** |

**REPLY IN SUPPORT OF MOTION TO DISMISS
AMENDED COMPLAINT UNDER FED. R. CIV. P. 12(b)(6)**

      Plaintiff's Response to Clover's Motion to Dismiss the Amended Complaint fails to address the pleading deficiencies raised in Clover's Motion and only further demonstrates that the Amended Complaint fails to state any plausible claim that the accused Clover Sport product directly infringes the asserted patents or any claim for induced, contributory, or willful infringement or for injunctive relief.

**A.    Plaintiff's conclusory allegations fail to state that the accused Clover Sport product directly infringes the asserted patents.**

      Plaintiff does not allege that the accused Clover Sport product practices the accused claims, and its direct infringement allegations regarding Clover Sport are *silent* as to any applicable claim limitation. This Court has repeatedly held that the absence of such allegations requires dismissal under Rule 12(b)(6)—even where, unlike here, the complaint *attempted* to address claim limitations. *See De La Vega v. Microsoft Corp.*, No. W-19-cv-00612-ADA, 2020 WL 3528411, at *6 (W.D. Tex. Feb. 11, 2020) (dismissing direct infringement claim because by failing to include "even a short written description of how the accused instrumentalities meet the 'coupling' limitation, [the] complaint fails to state a claim upon which relief can be granted"); *Vervain, LLC v. Micron Tech., Inc.*, No. 6:21-cv-00487-ADA, 2022 WL 23469, at *7 (W.D. Tex. Jan. 3, 2022)

(dismissing direct infringement claims and noting that "a complaint nakedly alleging that the accused product practices the claimed invention's point of novelty will rarely suffice"); *Grecia Est. Holdings LLC v. Meta Platforms, Inc.*, No. 6:21-cv-00677-ADA, 2022 WL 2019296, at *8 (W.D. Tex. June 6, 2022) (similar). Indeed, Plaintiff's threadbare arguments regarding Clover Sport are the same arguments that this Court rejected in *Grecia*, explaining that a "plaintiff cannot establish why it is plausible that the accused product infringes the patent cliam simply by articulating why the accused product may practice the prior art[.]" 2022 WL 20129296, at *8. Plaintiff's Response fails to address these controlling authorities.

Given its insufficient allegations, Plaintiff leans on *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337 (Fed. Cir. 2018) to suggest that it is not required to plead a plausible claim for relief. *Nalco* does not support Plaintiff's argument. Unlike here, the plaintiff in *Nalco* actually alleged that the accused product practiced claims of the asserted patent and offered supporting allegations describing *how* that product practiced the claim. *See, e.g.*, *id.* at 1344, 1348 (explaining that the the plaintiff alleged that "[t]he 1AC alleged that use of the Chem-Mod Solution practices all steps of at least claim 1 of the '692 patent" and "that the only different between its patented method and Defendants' Chem-Mod Process is that the Chem-Mod Process injects MerSorb or S-Sorb in a *different area* of the plant than described in the *preferred* embodiment of the '692 patent")  (emphasis added).[1] But in contrast, here Plaintiff fails to allege how Clover Sport practices the asserted claims and asserts no facts to support its direct infringment allegations, failing far short of the plausibility standard. The Court faces the same issue here as it did in *De La Vega, Vervain*, and *Grecia*, not *Nalco*. As in *De La Vega, Vervain*, and *Grecia*, Plaintiffs' claims for direct

---

[1] In *Nalco*, the district court held that the plaintiff pleaded itself out of court because, based on the allegations, the patent "differs from the Chem-Mod Solution in both when it is is applied…and *how it is applied*," despite that the patent did not "restrict when, where, or how the 'injecting' step is performed." 883 F.3d at 1348. However, the Federal Circuit reversed, finding that the district court's holding implicitly constured the claim terms, and "that resolution of this claim construction dispute was inappropriate at the Rule 12(b)(6) stage of the proceedings." *Id.*

infringement by the Clover Sport product here should be dismissed because the Amended Complaint does "not provide any description as to how the accused instrumentalit[y] infringe[s the relevant] claim[s]." *De La Vega*, 2020 WL 3528411 at *7; *see Vervain,* 2022 WL 23469, at *7; *Grecia*, 2022 WL 2019296, at *8.

Plaintiff's suggestion that Exhibit 35 to its First Amended Complaint "provide[s] Clover with additional notice of Clover Sport's infringement," and that "notice is sufficient to survive a motion to dismiss" under *Disc Disease Sols. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018) also fails. But in contrast to *Disc Disease*, Plaintiff's allegations here provide *no* notice of how Clover Sport allegedly infringes. Exhibit 35 is only a Linkedin page and in no way speaks to how Clover Sport operates or practices the claims:



3

Dkt. 24-1, Ex. 35. Exhibit 35 does not supply the "notice" the Federal Court deemed sufficient in *Disc Disease*. Instead, because the Amended Complaint fails to include "even a short written description of how [Clover Sport]" meets the claim limitations, "[the] complaint fails to state a claim upon which relief can be granted." *De La Vega*, 2020 WL 3528411, at *6. The claims of direct infringement by the accused Clover Sport product should be dismissed.

**B.     The Court should dismiss the induced infringement claims.**

Plaintiff has failed to plead any facts that, even if taken as true, would establish that Clover "(1) knew of the patent; (2) knowingly induced the infringing acts; and (3) possessed a specific intent to encourage another's infringement of the patent." *Textile Computer Sys., Inc. v. Broadway Nat'l Bank*, No. 6:21-cv-1050-ADA, 2022 WL 3142367, at *4 (W.D. Tex. Aug. 5, 2022) (citing *Vita-Mix Corp. v. Basic Holdings, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009)).

Plaintiff concedes that its January 19, 2018 notice letter ("Notice Letter") references only *one* of the three asserted patents and does not accuse any specific Clover product. *See* Resp. at 1. Instead, Plaintiff argues that the mere reference to "any patents that grant from the pending continuation patent applications claiming priority to the '640 Patent" in the Letter is sufficient to satisfy the knowledge elements with respect to the '012 and '793 Patents. *See id.*; *see also* Dkt. 1, Ex. 4 ("CloudofChange is the owner of United States Patent No. 9,400,640 …"). This Court has made clear that notice letters that "entirely fail to mention" asserted patents are insufficient to plead the knowledge elements of contributory infringement and induced infringement claims. *Textile Computer*, 2022 WL 3142367, at *4; *compare ACQIS LLC v. Wiwynn Corp.*, No. 6:20-cv-968-ADA, 2022 WL 2705267, at *4 (W.D. Tex. July 12, 2022) (plaintiff adequately pleaded notice by alleging that notice letter listed "each of the ACQIS Patents along with their confirmed validity and successful litigation history."); *see also State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985) (explaining that to "infringe a patent, the patent must exist and one must

4

have knowledge of it. A 'patent pending' notice gives one no knowledge whatsoever. It is not even a guarantee that an application has been filed. Filing an application is no guarantee any patent will issue and a very substantial percentage of applications never result in patents") (emphasis omitted). As a result, the Notice letter does not put Clover on notice of the alleged patents or infringement.

Plaintiff's induced infringement claims also fail because it did not allege that Clover *encouraged* known infringement by another—i.e., "took an affirmative act to encourage infringement with the knowledge that the induced acts constitute patent infringement." *Microsoft v. DataTern, Inc.*, 755 F.3d 899, 904 (Fed. Cir. 2014). Plaintiff relies only on its allegations that Clover POS "is an authorized retailer" that "advertise[s]" products. But that allegation is insufficient to plead the specific intent element of induced infringement. This Court has made clear that simply asserting that a defendant was "[i]nstructing others to perform an action 'such to cause infringement,'" "does not plead the intent required by law." *Traxcell*, 2022 WL 299732, at *4.

Plaintiff's reliance on *Spacetime 3D, Inc. v. Apple, Inc.*, No. 6-22-CV-00149-ADA, 2022 WL 1685815 (W.D. Tex. Nov. 10, 2022) is also misplaced. Unlike here, the plaintiff in *Spacetime* alleged that the defendant "took active steps, directly and/or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes," including by "distributing instructions that guide end users to use the Accused Products in an infringement manner." *Id.* at *3. In this case, Plaintiff alleged no such facts in the Amended Complaint. Because Plaintiff has failed to sufficiently allege the requisite knowledge elements and specific intent element, its induced infringement claims must be dismissed.

C. **Plaintiff fails to point to a single allegation in the Amended Complaint to show that it has sufficiently alleged contributory infringement.**

Clover's Motion demonstrates that Plaintiff's contributory infringement claims fail because Plaintiff has not and cannot point to any allegations in the Amended Complaint to show

that it has (1) alleged that Clover had knowledge of the Patents and alleged infringement; (2) accused any component part; and (3) alleged that any component is a material part of a claimed invention with no substantial non-infringing uses. Dkt. 42, 9-10. Rather than address any of the fatal pleading deficiencies by pointing to allegations in the Amended Complaint, Plaintiff claims that "Clover's motion is premature" and asks this Court to defer dismissing the deficient contributory infringement claims. Resp. at 5-6.

Plaintiff relies on *AML IP, LLC v. Bed Bath & Beyond*, No. 6:21-cv-600-ADA, 2022 WL 1085617 (W.D. Tex. Apr. 11, 2022) to suggest that this Court "has been reluctant to prematurely grant a motion to dismiss before fact discovery has even opened." Resp. at 6. However, the *AML* case is distinguishable, and this Court's decision in *AML* by no means stands for the notion that pleading the essential elements of contributory infringements optional under Rule 12. *Id.* at *3-4 (holding that the plaintiff sufficiently pleaded patentability where (1) the patent was presumed valid and (2) "clear and convincing evidence" was required to overcome that presumption and explaining that "a motion to dismiss is a procedurally awkward place for a court to resolve a patent's [35 U.S.C.] § 101 eligibility" and "fact discovery can affect a § 101 analysis").

Plaintiff's reliance on the different and "procedurally awkward" circumstances in *AML* only highlights Plaintiff's deficient pleading here. As this Court and others routinely recognize when faced with deficient pleadings such as Plaintiff's, Rule 12 requires dismissal at the pleadings stage where, as here, no facts are alleged to state a plausible claim for contributory infringement. *See, e.g., Berall v. Pentax of Am.*, Inc., No. 10-cv-5777, 2021 WL 3934200, at *8 (S.D.N.Y. Sept. 2, 2021) (finding allegations of an entire product rather than components of a product were insufficient to state a claim for contributory infringement); *BillJCo*, 2022 WL 299733, at *9 (same); *Flypsi, Inc. v. Google, LLC*, No. 6:22-cv-0031-ADA, 2022 WL 3593053, at *6 (W.D. Tex. Aug. 22, 2022) (dismissing contributory infringement claim for insufficient pleadings); *see*

6

*Global-Tech*, 563 U.S. at 761. Plaintiff has not and cannot point to allegations in the Amended Complaint that sufficiently allege the elements of contributory infringement. Rule 12 therefore requires dismissal of those claims.

**D.     The Court should dismiss Plaintiff's willful infringement claims.**

Plaintiff completely ignores the pleading deficiencies relating to willful infringement raised in Clover's Motion, and instead suggests that alleging ongoing infringement and service of a complaint alone suffices to state a plausible willful infringement claim. Resp. at 6-7. But this Court has made clear that a plaintiff must allege far more. *See Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-cv-00207ADA, 2019 WL 3940952, at *3 (W.D. Tex. July 26, 2019) (explaining that a plaintiff must allege that the accused infringer "(1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent").

Plaintiff fails to even acknowledge Clover's arguments demonstrating that the Notice Letter—which makes no mention of two of the three Asserted Patents and not even one of the Accused Products—is not a substitute for well pleaded facts sufficient to allege knowledge of the Asserted Patents and alleged infringement. *See* Dkt. 42, p. 16. Any claim for pre-suit willful infringement should be dismissed given Plaintiff's silence regarding the Notice Letter alone. And Plaintiff's claims for post-suit willful infringement must also be dismissed because simply alleging ongoing infringement and service of a complaint does not suffice to plead willful infringement even for the time period after suit was filed. *See Flypsi*, 2022 WL 3593053, at *6.

**E.     The Court should dismiss Plaintiff's request for a permanent injunction.**

Plaintiff acknowledges that it must "plead[] all four requirements" for injunctive relief set forth in *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006), but fails to show that it has pleaded even one of those requirements in the Amended Complaint. Resp. at 8. As explained in

Clover's Motion, the only place in the Amended Complaint that Plaintiff requests or even addresses a permanent injunction is in the Prayer for Relief. *See* Am. Compl. at 83, § B.

Nonetheless, Plaintiff argues that this Court should infer that the prerequisites for injunctive relief are pleaded based on vague allegations elsewhere in its pleading. *See* Resp. at 9 (citing Dkt. 24, ¶¶ 6-12 and ¶¶ 37-39); *see also* Dkt. 24, ¶¶ 6-12 (jurisdictional allegations) and ¶¶ 37-9 (alleging validity of the '640 Patent and direct infringement). Despite being the party that actually filed this lawsuit against Clover, Plaintiff argues (but does not claim in the Amended Complaint) that "Clover's challenge via the courts to CloudofChange's patents" has caused it irreparable injury by "impugning" its "reputation and forcing it to divert money into litigation." Resp. at 9. And, despite the absence of allegations anywhere in the Amended Complaint, Plaintiff argues that its alleged injury cannot be compensated by remedies available at law. Resp. at 9. This argument alone is confounding given that Plaintiff has conceded that it does not practice the patent, and monetary damages may therefore remedy all of Plaintiff's alleged harms. Plaintiff has not only failed to plead sufficient facts to support injunctive relief but has also pleaded itself out of court on this issue, and dismissal of the claim for injunctive relief is appropriate. *See M & C Innovations, LLC v. Igloo Prods. Corp.*, No. 4:17-cv-2372, 2018 WL 4620713, at *6 (S.D. Tex. July 31, 2018) (explaining that dismissal is appropriate where no facts are alleged that "raise[] any indication that . . . a permanent injunction might eventually be appropriate"); *Iqbal*, 129 S. Ct. at 1949, 1952 (a plaintiff must plead factual allegations to support all "elements" necessary to support the relief requested).

## CONCLUSION

Plaintiff's claims for direct infringement by the accused Clover Sport product and claims for contributory, induced, and willful infringement and for injunctive relief should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

January 20, 2023					Respectfully Submitted,

/s/ J. Stephen Ravel
J. Stephen Ravel (Texas Bar No. 16584975)
Kelly Ransom (Texas Bar No. 24109427)
KELLY HART & HALLMAN LLP
303 Colorado, Suite 2000
Austin, Texas 78701
Tel: (512) 495-6429
steve.ravel@kellyhart.com
kelly.ransom@kellyhart.com
Caitlyn Hubbard (Texas Bar No. 24097853)
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Tel: (817) 332-2500
caitlyn.hubbard@kellyhart.com
Greg H. Lantier (*Pro Hac Vice*)
Gregory.Lantier@wilmerhale.com
R. Gregory Israelsen (*Pro Hac Vice*)
Greg.israelsen@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DOOR LLP
1875 Pennsylvania Ave., NW
Washington, DC 20006
Tel: (202) 663-6000
Fax: (202) 663-6363

Sarah B. Petty (*Pro Hac Vice*)
Sarah.Petty@wilmerhale.com
Amy L. Mahan (*Pro Hac Vice*)
Amy.Mahan@wilmerhale.com
Jeannette Leopold (*Pro Hac Vice*)
Jeannette.Leopold@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DOOR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6000
Fax: (617) 526-5000

***Attorneys for Clover Network, LLC***

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on January 20, 2023, to all counsel of record via the Court's CM/ECF system.

*/s/ J. Stephen Ravel*
