**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| CloudofChange, LLC, | |
| Plaintiff, | Case No. 6:22-cv-00634-ADA |
| v. | |
| Clover Network, Inc., | **JURY TRIAL DEMANDED** |
| Defendant. | |

**PLAINTIFF CLOUDOFCHANGE, LLC'S RESPONSE IN OPPOSITION TO
DEFENDANT CLOVER NETWORK, LLC'S MOTION TO TRANSFER VENUE TO
THE NORTHERN DISTRICT OF CALIFORNIA (DKT. 18)**

# TABLE OF CONTENTS

TABLE OF CONTENTS............................................................................................................... i

I.      INTRODUCTION ............................................................................................................ 1

II.     LEGAL STANDARD........................................................................................................ 2

III.    ARGUMENT .................................................................................................................... 3

   A.   The private interest factors weigh against transfer to the NDCA ...................................... 3

      1.   The relative ease of access to sources of proof is neutral ................................................ 8

      2.   The availability of compulsory process to secure the attendance of witnesses is neutral 9

      3.   The practical problems that make trial of a case easy, expeditious and inexpensive factor
           strongly weighs against transfer.................................................................................... 10

      4.   The cost of attendance for willing witnesses factor is neutral ....................................... 12

   B.   The public interest factors weigh against transfer ........................................................... 13

      1.   The administrative difficulties flowing from court congestion factor disfavors transfer
           ...................................................................................................................................... 13

      2.   The local interest in having localized interests decided at home factor is neutral ......... 14

      3.   The familiarity with governing law factor is neutral...................................................... 15

      4.   The conflict of laws factor is neutral............................................................................. 15

IV.     CONCLUSION................................................................................................................ 15

## TABLE OF AUTHORITIES

**Cases**                                                                                          **Page(s)**

*Bel Power Sols. Inc. v. Monolithic Power Sys.*,
    No. 6:21-cv-655-ADA, 2022 U.S. Dist. LEXIS 86707 (W.D. Tex. May 4, 2022) ..... 2, 9, 16

*Carden v. Arkoma Associates*,
    494 U.S. 185 (1990)............................................................................................................ 2

*CloudofChange, LLC v. NCR Corp.*,
    No. 6:19-cv-00513-ADA, 2021 U.S. Dist. LEXIS 262910 (W.D. Tex. Aug. 30, 2019)....... 1

*CPC Pat. Techs. Pty Ltd. v. Apple Inc.*,
    6:21-cv-00165, 2022 U.S. Dist. LEXIS 165507 (W.D. Tex. Feb. 8, 2022) ....................... 16

*Dish Network LLC*,
    No. 2021-182, 2021 U.S. App. LEXIS 31759, (Fed. Cir. Oct. 21, 2021) .......................... 11

*EcoFactor, Inc. v. Vivint, Inc.*,
    No. 6:20-cv-00080-ADA, 2021 U.S. Dist. LEXIS 74186 (W.D. Tex. Apr. 16, 2021) . 12, 13

*Flypsi, Inc. v. Google LLC*,
    No. W-22-CV-00031, 2022 U.S. Dist. LEXIS 215336 (W.D Tex. Nov. 21, 2022)............ 10

*Genentech*, Inc.
    566 F.3d 1339 (Fed. Cir. 2009)...................................................................................... 14, 15

*Kajeet v. Trend Micro, Inc.*,
    No. 6:21-CV-389-ADA, 2022 U.S. Dist. LEXIS 6603 (W. D. Tex. Jan. 12, 2022) 11, 14, 16

*Motion Offense, LLC v. Google LLC*,
    No. 6:21-CV-00514-ADA, 2022 U.S. Dist. LEXIS 181260, (W.D. Tex. Oct. 4, 2022)15, 16

*Parkervision, Inc. v. Intel Corp.*,
    No. 6:20-CV-00108, 2021 U.S. Dist. LEXIS 24588 (W.D. Tex. Jan. 26, 2021) ............... 15

*Parsons v. Chesapeake & Ohio Ry. Co.*,
    375 U.S. 71 (1963)........................................................................................................... 15

*Performance Chem. Co. v. True Chem. Sols., LLC*,
    No. W-21-CV-00222-ADA, 2021 U.S. Dist. LEXIS 126854 (W.D. Tex. May 20, 2021) 3, 4

*PersonalWeb Techs., LLC v. NEC Corp. of Am., Inc.*,
    No. 6:11-cv-655, 2013 U.S. Dist. LEXIS 46296 (E.D. Tex. Mar. 21, 2013) ..................... 12

*Piper Aircraft Co. v. Reyno*,
    454 U.S. 235 (1981)........................................................................................................... 3

*Planned Parenthood Fed'n of Am., Inc.*,
    52 F.4th 625 (5th Cir. 2022) ............................................................................................. 10

*Traxcell Techs., LLC v. Verizon Wireless Personal Communications, LP*,
    No. 6:20-CV-01175, 2022 U.S. Dist. LEXIS 70384 (W.D. Tex. Feb. 1, 2022)........... 17, 18

*Volkswagen AG*,
    371 F.3d 201 (5th Cir. 2004) ............................................................................................. 3

*Volkswagen, Inc.*,
    545 F.3d 304 (5th Cir. 2008) ....................................................................................... 2, 12

## I.     <u>INTRODUCTION</u>

Clover Network, LLC's ("Defendant" or "Clover") conduct shows blatant contempt and disregard for the Court and the judicial process as a whole.  The Court should disregard Defendant's evidence because CloudofChange, LLC's ("Plaintiff" or "CloudofChange") infringement claims belong in the Western District of Texas ("WDTX").  CloudofChange is the owner of U.S. Patent No. 9,400,640 (the "'640 Patent"), U.S. Patent No. 10,083,012 (the "'012 Patent"), and U.S. Patent No. 11,226,793 (the "'793 Patent") (collectively, the "Asserted Patents"). Through its actions Defendant has attempted to constrain its discovery responses, the Accused Products, and activities that it claims occur at the undisclosed Austin office.  Defendant has attempted create a false wall between the originally-accused hardware and Clover Sport.  Ex. A; *see also* Ex. B.  Instead, as further discussed below, Defendant's artificial distinction between the originally accused products and Clover Sport does not hold water because Clover Sport, what Defendant characterizes as a ███████     ██████ Clover Network hardware, *i.e.*, Clover Station Duo, an original accused product, as shown on Defendant's website. Ex. C.

This Court has previously found that the WDTX is an appropriate venue for CloudofChange to assert its infringement claims against patent infringers.[1]  Here, the Accused Products are offered for sale and sold in the WDTX.  The WDTX is home to many of Defendant's employees who are involved in or knowledgeable about the design or marketing of the Accused Products, as well as third-party witnesses.

The Northern District of California is not "**unquestionably the clearly more convenient forum**." Dkt. 18, p. 1 (emphasis added).  This Court's faster time reaching trial for patent cases,

---

[1] *CloudofChange, LLC v. NCR Corp.*, No. 6:19-cv-00513-ADA, 2021 U.S. Dist. LEXIS 262910 (W.D. Tex. Aug. 30, 2019)  (asserting the '640 and '012 Patents).  The '793 Patent was not issued until after the NCR trial concluded.

familiarity with the Asserted Patents, and proximity to witnesses based in this judicial district all counsel against transfer. The location of Defendant's principal place of business[2] or prospective witnesses in California does not change this outcome. This Court should deny Defendant's motion because the Northern District of California is not the clearly more convenient forum.

## II.   __LEGAL STANDARD__

The burden to prove that a case should be transferred for convenience falls on the moving party. *In re Volkswagen, Inc.*, 545 F.3d 304, 314 (5th Cir. 2008) (en banc) ("*Volkswagen II*"). The burden that a movant must carry is not that the alternative venue is more convenient, but that it is clearly more convenient. *Bel Power Sols. Inc. v. Monolithic Power Sys.*, No. 6:21-cv-655-ADA, 2022 U.S. Dist. LEXIS 86707, at *15-16 (W.D. Tex. May 4, 2022) (Albright, J.).

The Court weighs a number of private and public interest factors when making its determination to grant a motion to transfer. The private factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*") (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6, (1981)). The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Volkswagen I*, 371 F.3d at 203.

---

[2] CloudofChange questions the appropriateness of Defendant's reference to the location of its principal place of business given Defendant's efforts during this litigation to present itself as an LLC. *Carden v. Arkoma Associates*, 494 U.S. 185, 197 (1990).

## III.   <u>ARGUMENT</u>

### A.   **The Court should give little weight to Defendant's "evidence" given Defendant's duplicitous conduct**

"Despite the adversarial nature of our justice system, it has never blessed or condoned acts of deceit, concealment, or subterfuge." *Performance Chem. Co. v. True Chem. Sols., LLC*, No. W-21-CV-00222-ADA, 2021 U.S. Dist. LEXIS 126854, at *15 (W.D. Tex. May 20, 2021) (Albright, J.). Sadly, Defendant's conduct throughout this litigation has embodied precisely those vices decried by this Court. Defendant's "discovery violations are accompanied by a clear record of contumacious conduct and delay." *Id.* at *9. Defendant "improperly act[ed] as the ultimate arbiter of relevance. Then, it stood silent until the walls began to erode." *Id.* at *12. All the while, Defendant never amended pleadings, supplemented interrogatories, or apprised opposing counsel or the Court of this concealment. *Id.* at *13. Defendant's conduct "shows a blatant contempt for the Rules of Civil Procedure that govern litigation and a flagrant disregard for [the Court] and the judicial process as a whole." *Id.* at *15. The Court should disregard the self-serving, evasive, misleading, and often false "evidence" that Defendant uses to attempt to demonstrate that the Northern District of California is the clearly more convenient forum in which to hear this dispute.

Defendant's conduct has been duplicitous throughout the discovery process. Defendant stated that it ████████████████████████████████████████████

████████████  However, Defendant's 30(b)(6) witness testified that ██████████████

████████████████████████████ Ex. D, ███ Depo. at 86:10-11. Defendant's attempt to hedge its discovery response by citing documents they produced cannot distract from the fact that it failed to disclose the 901 South Mopac location and still has not updated its response to Plaintiff's discovery requests, despite having more than two months to do so. Defendant's 30(b)(6) witness tried to hide the ball during his testimony by relying on the distinction that it was not

3

Defendant, but rather Defendant's parent company who held the lease of the Austin office. Ex. D, ███ Depo. at 116:19-21. Mr. ███ continued to be evasive by claiming to not understand what the word "uses" means, before ultimately again confirming that Defendant had personnel that work on its products in the Austin office, while still not answering the question he was asked. Ex. D, ███ Depo. at 200:5-16. Defendant's attempt to muddy the waters does nothing to change two simple facts. Defendant has long used property in the WDTX, and therefore persists in misleading opposing counsel and the Court by failing to correct its inaccurate discovery response. *See* Ex. E; *see also* Ex. F, Clover Response to Request for Production 1-7.



Defendant has been consistently deceptive regarding the activities that it claims occur at the Austin office. In particular, Mr. ███ testified that Ms. ███████ works for Clover Network at the Austin office as a senior content designer. Ex. D, ███ Depo. at 103:5-10. According to Mr. ███ Ms. ███ responsibilities could have included various designs related to Clover Station Solo, Clover Station Duo, and Clover Station Mini. Ex. D, ███ Depo. at 103:11-104:1. Then, without explanation, Mr. ███ did an about face and claimed that Ms. ███ did not work on Clover Station Solo. Ex. D, ███ Depo. at 104:8-9. Mr. ███ only justification for his

blatantly inconsistent testimony from just a few moments prior was that ███████████ ███████████████████████████████████ Ex. D, ███ Depo. at 104:11-13.  Mr. ███ testimony was further inconsistent when he testified that there is a single design team with about 50 members, yet no one else worked on Ms. █████ design team.  Ex. D, ███ Depo. at 105:18-106:10.

Defendant's testimony concerning the location of its servers is inconsistent with its discovery responses.  Defendant testified that it may have database servers located in the WDTX. Ex. D, ███ Depo. at 114:8-14.  Defendant's Austin office with its approximately ███ employees is consistent with at least one server being located in the WDTX.  Ex. D, ███ Depo. at 143:10-20. Yet, Defendant's discovery response asserts that it has ███████████████████████████ ██████ Defendant's response still has not been amended.  This Court should be skeptical of Defendant's claim ████████████████████ given its presence in Austin, the distribution of multiple servers Defendant uses throughout the country, and the fact that its uncorrected assertion comes just a sentence before Defendant's claim that it does not ███████████████ ████████████

Defendant's testimony is further inconsistent with its discovery responses.  Defendant responded to an interrogatory by stating that ███████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████ However, Mr. ███ testified that Defendant made changes to at least one of its products on or after July 2016.  Ex. D, ███ Depo. at 124:19-24. Mr. ███ further testified that ████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████ Ex. D, ███ Depo. at 125:4-10.  Defendant has failed to satisfy its

obligation to opposing counsel and the Court because it has not updated its discovery response to reflect Mr. ████ testimony as the corporate representative.

### 1.    <u>Defendant's transfer motion contains substantial inaccuracies</u>

The "facts" cited in Defendant's transfer motion substantially conflict with Mr. ████ testimony.   Defendant's transfer motion inaccurately claims that "***No*** research, design, development, or marketing efforts occurred here [in the WDTX]." Dkt. 18, p. 12.  Defendant aggressively markets in the WDTX, including through its ████ with a conspicuously ████ ████ while distributing various marketing literature.  Ex. D, ████ Depo. at 41:11-17.  This is unsurprising because Texas is Defendant's highest priority marketing tier.  Ex. D, ████ Depo. at 54:1-7.  Conservatively, Defendant's transactions amount to ████ ████ in the WDTX and ████ in Texas.  Ex. G.  Furthermore, Mr. ████ testified that he was ████ took place in the WDTX.  Ex. D, ████ Depo. at 121:11-17; *see also* Ex. H (████ was an Austin employee).

Defendant's transfer motion similarly misleads the Court when it states that "No documents or document custodians relating to the research, design, development, marketing, and sales of the Accused Products are in the WDTX." Dkt. 18, p. 11.  Defendant's own testimony reveals that this claim is not credible.  Mr. ████ repeatedly concedes that "████ ████ ████ Ex. D, ████ Depo. at 163:19-164:12.

Mr. ████ attempts to soften his testimony claiming that it is unlikely relevant documents concerning the Accused Products are in this District because ████ ████ Ex. D, ████ Depo. at 164:12-15.  But that is thoroughly refuted by Mr. ████ own prior testimony in which he stated that Ms. ████ currently worked in the Austin office on

6

products including but not limited to the Accused Products.  Ex. D, ███ Depo. at 103:7-104:1.

Defendant's claim that it had no documents relating to the research, design, development, marketing, and sales of the Accused Products in the WDTX was not credible on its face.  Mr. ███ testimony demonstrates the falsehood of this assertion.

2.     <u>Defendant's artificial distinction between Clover Sport and the originally Accused Products is purely a litigation tactic</u>

Defendant accused Plaintiff of adding new accused products to its First Amended Complaint as a manipulative ploy to keep venue here "only after Clover adduced overwhelming evidence showing that the originally accused Clover products and this case have no connection with the Western District of Texas."  Dkt. 34, p. 1.  Defendant's 30(b)(6) testimony reveals that this distinction is artificial.  For example, Mr. ███ testified that Clover Sport products ███████ ██████████████████████ Ex. D, ███ Depo. at 95:2-5.  Mr. ███ also testified that Clover Sport products ████████████████.  Ex. D, ███ Depo. at 95:16-18.  Indeed, Mr. ███ elaborated that ████████████████████████████ ████████████████████████████ Ex. D, ███ Depo. at 133:6-8. Further, Mr. ███ admitted that ████████████████████████ ████████████████████████████ ███ where such testing and verification is conducted by the ██████████████████ in the WDTX. Ex. D, ███ Depo. at 149:20-150:4.

Defendant artificially painted a bright-line distinction between the originally accused products such as Clover Station Solo and Duo and Clover Sport.  Dkt. 34, p. 1.  Mr. ███ testimony shows that the two interact in such a way that Clover Sport was already accused, just not by name, when Clover Station Solo and Duo were accused of infringement in Plaintiff's Original Complaint.  Clover Sport infringes the Asserted Patents by running on the Accused

7

Products.  Defendant's own website advertises Clover Sport running on Clover Station Duo. Ex. C. In sum, Defendant's distinction between Clover Sport and the originally Accused Products is a mere litigation tactic.

> **B.     The private interest factors weigh against transfer to the NDCA**
>
> > **1.     The relative ease of access to sources of proof is neutral**

Defendant admits that it has ███████████████████████ throughout Texas.  Ex. D, ███ Depo. at 47:23-25.  Many of those ███████████ are located in the WDTX. Ex. I.  Defendant's partners resell Clover Network products, including but not limited to the products accused in Plaintiff's Original Complaint.  Ex. D, ███ Depo. at 49:7-14.  The WDTX is the more convenient forum for all of the ████████████ Defendant's products.  The WDTX has easier access to sources of proof including access to potential witnesses and documentary evidence than the Northern District of California.

Furthermore, CloudofChange alleged that there are authorized resellers of the Accused Products in the WDTX.  For example, Price Professional Solutions (d/b/a "Clover POS Austin") is an authorized reseller of Defendant's Accused Products operating out of the WDTX.  Dkt. 24, p. 5 ¶20.  Similarly, Supertill LLC (d/b/a "Clover Texas") is also an authorized reseller of the Accused Products operating out of the WDTX.  *Id.* at ¶21.  These facts support CloudofChange's contention that Defendant directly or indirectly infringes the Asserted Patents.  *See id.* at pp. 6-7 ¶¶ 27-31.  The entities (*e.g.*, Clover POS Austin and Clover Texas) are based in the WDTX and will likely have evidence of indirect or contributory infringement.  *Bel*, 2022 U.S. Dist. LEXIS 86707, at *20 (W.D. Tex. May 4, 2022).  "This evidence near Austin weighs against transfer and cancels out the convenience of evidence in the [Northern District of California]."  *Id.*

Defendant further misstates its connections with the WDTX when it pleads: "[this forum] has no connection to the parties, witnesses, or facts relevant to Plaintiff's claims for alleged

infringement of [the Asserted Patents]." *Id.* at p. 1.  To the contrary, Defendant's 30(b)(6) witness testified that about ███ people work from the Austin office.  Ex. D, ███ Depo. at 143:10-20.  Approximately ███ people in the Defendant's Austin office work on Clover Sport.  Ex. D, ███ Depo. at 143:10-13; *see also* Ex. J.  Defendant's overreliance on the alleged physical location of their documents is misplaced.  This Court has taken notice of the Fifth Circuit's recent holding that this factor is neutral where, as is true here, the majority of the evidence in a case is electronic because electronic evidence is equally accessible in either forum.  *Flypsi, Inc. v. Google LLC*, No. W-22-CV-00031, 2022 U.S. Dist. LEXIS 215336, at *26 (W.D Tex. Nov. 21, 2022) (Albright, J.) (citing *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 630 (5th Cir. 2022).  "Because relevant documents are likely located in or near both the NDCA and the WDTX, the Court finds that this factor is neutral." *Id.* at *30.  This factor is neutral and does not justify transfer to the Northern District of California.

### 2. The availability of compulsory process to secure the attendance of witnesses is neutral

"Under the Federal Rules, a court may subpoena a witness to attend trial only (a) 'within 100 miles of where the person resides, is employed, or regularly transacts business in person'; or (b) 'within the state where the person resides, is employed, or regularly transacts business in person, if the person . . . is commanded to attend a trial and would not incur substantial expense.'" *Kajeet v. Trend Micro, Inc.*, No. 6:21-CV-389-ADA, 2022 U.S. Dist. LEXIS 6603, at *22 (W. D. Tex. Jan. 12, 2022) (Albright, J.) (internal citations omitted).

Numerous potential non-party witness are subject to the subpoena power of the WDTX, including: (1) ███████ (the owner of Clover Austin POS), a reseller of Clover products;[3] (2) ███████████ (owner of Supertill, LLC d/b/a Clover Texas, a reseller of Clover products;

---

[3] Mr. ███ Declaration is attached as Ex. M.

(3) any of the approximately ███ employees of Clover Sport; (4) ████████ (former Clover product manager for Clover); and (5) ████████ (database engineer).  Additionally, Texas is home to hundreds of branches of Clover's ████████ who resell Clover's products such as Clover Station Solo, Clover Station Duo, and Clover Mini.  Ex. D, ███ Depo. at 49:7-14.  Many potential non-party witnesses work in the WDTX for Defendant's ████████ in Austin, El Paso, San Antonio, and Waco.  Ex. I; *see also id.*

Defendant's claim that it "is not aware of a single potential trial witness who resides in or is subject to compulsory process in this District" is simply not credible.  Dkt. 18, p. 10.  Defendant's citation to *In re Dish Network LLC* is inapplicable because CloudofChange has demonstrated that there are in fact non-party witnesses subject to this Court's subpoena power.  *Id.* at p. 9 ("the compulsory process factor favors transfer when non-party witnesses and 'former employees' are in the transferee district **and no such witnesses are in Texas**") (emphasis added) (citing *In re Dish Network LLC*, No. 2021-182, 2021 U.S. App. LEXIS 31759, at *7 (Fed. Cir. Oct. 21, 2021)).

### 3. The practical problems that make trial of a case easy, expeditious and inexpensive strongly weighs against transfer

When considering the private interest factors, courts must consider "all other practical problems that make trial of a case easy, expeditious and inexpensive."  *See EcoFactor, Inc. v. Vivint, Inc.*, No. 6:20-cv-00080-ADA, 2021 U.S. Dist. LEXIS 74186, at *14 (W.D. Tex. Apr. 16, 2021) (citing *Volkswagen II*, 545 F.3d at 314).  "Particularly, the existence of duplicative suits involving the same or similar issues may create practical difficulties that will weigh heavily in favor or against transfer."  *Id.* at *14-15 (citing *PersonalWeb Techs., LLC v. NEC Corp. of Am., Inc.*, No. 6:11-cv-655, 2013 U.S. Dist. LEXIS 46296, at *20-21 (E.D. Tex. Mar. 21, 2013)).  This factor weighs strongly against transfer.

The NCR litigation was tried to verdict in this Court where the jury found infringement of the '640 Patent and the '012 Patent.  Ex. K, *NCR Action*, Dkt. 159.  The Lightspeed case is currently awaiting trial in this Court.  Defendant drafted its motion before this Court held a hearing on Lightspeed's motion to stay.  Subsequently, this Court denied Lightspeed's motion to stay on December 20, 2022.  Dkt. 48.  Defendant's argument that any suggestion that the Lightspeed case will be "pending at the same time of this case is therefore speculative at best" and is undercut by this Court's denial of Lightspeed's motion to stay.  Judicial economy is best served by denying Defendant's motion to transfer.   The Lightspeed and Clover cases will be co-pending. CloudofChange

> has filed multiple lawsuits in this District involving the same patents.  The cases involve overlapping issues, such as claim construction, invalidity, prior art, conception, and reduction to practice.  This Court has recognized that "judicial economy favors having the infringement of the same patent considered by one judge" … Because parallel litigation concerning the same patent at issue is pending in this District, this factor **strongly weighs against transfer**.

*EcoFactor*, 2021 U.S. Dist. LEXIS 74186, at *15 (internal citation omitted) (emphasis added).

Defendant's comment that CloudofChange "did not even assert infringement for one of the patents at issue here in the NCR Action" is irrelevant.  *First*, two of the three Asserted Patents here were also asserted in the NCR litigation.  This Court did not hold that **every** patent at issue must be asserted against a prior defendant to strongly disfavor transfer.  Rather, this Court recognized that "'judicial economy favors having the infringement of the **same patent** considered by one judge.'"  *See EcoFactor*, 2021 U.S. Dist. LEXIS 74186, at *15 (internal citation omitted) (emphasis added).  Because the '640 Patent and '012 Patent were asserted against NCR, transfer is disfavored.[4]  *Second*, ultimately, Defendant's point is moot because all three of the Asserted

---

[4] The NCR verdict was rendered before the '793 Patent was granted.

Patents are currently asserted against Lightspeed in a case that is currently pending in the WDTX. *See CloudofChange, LLC v. Lightspeed POS Inc.*, 6:21-cv-01102-ADA; *see also EcoFactor*, 2021 U.S. Dist. LEXIS 74186, at *15 ("Because parallel litigation concerning the same patent at issue is pending in this District, this factor strongly weighs against transfer."). Therefore, the practical problems factor weighs strongly against transfer.

### 4.    The cost of attendance for willing witnesses factor is neutral

This Court has acknowledged that the inquiry for this factor "should focus on the cost and inconvenience imposed on the witnesses by requiring them to travel to a distant forum and be away from their homes and work for an extended period of time." *Kajeet*, 2022 U.S. Dist. LEXIS 6603, at *22 (internal citations omitted).

Defendant errs in its convenience analysis for CloudofChange's witnesses. Defendant's motion demonstrates that Mr. Olson and Mr. Baratta must travel a significant distance no matter where they testify. Dkt. 18, p. 9. The Federal Circuit "has instructed that when the witness must travel a significant distance no matter where they testify, the difference between traveling to California and Texas is slight at best." *Kajeet*, 2022 U.S. Dist. LEXIS 6603, at *13-14 (citing *In re Genentech*, 566 F.3d 1339, 1347 (Fed. Cir. 2009)).

Defendant also errs in its convenience analysis for its own witnesses. Defendant initially claimed that it does not have party witnesses located in the WDTX. Dkt. 18, p. 8. Now, Defendant acknowledges that Clover Sport witnesses are in the WDTX. Dkt. 34, p. 4. This District is where the senior director of software engineering for Clover Sport, ███████████ works with both ████ and ████████████ . *Id.* at Ex. 2. ████████████ the director of the Customer Success Team for Clover Sport, works in the WDTX at the Austin office. Ex. D, ███ Depo. at 10:11-13. Multiple non-party witnesses who had responsibility for Defendant's infringing products reside in

the WDTX.  Ex. D, ██ Depo. at 103:7-25; *see also* Ex. J; *see also* Ex. I.  The cost of attendance factor is neutral.

### C.   The public interest factors weigh against transfer

#### 1.   The administrative difficulties flowing from court congestion factor disfavors transfer

This factor concerns "whether there is an appreciable difference in docket congestion between the two forums."  *Parsons v. Chesapeake & Ohio Ry. Co.*, 375 U.S. 71, 73 (1963); *Parkervision, Inc. v. Intel Corp.*, No. 6:20-CV-00108, 2021 U.S. Dist. LEXIS 24588, at *19 (W.D. Tex. Jan. 26, 2021) (Albright, J.).  This factor considers "[t]he speed with which a case can come to trial and be resolved[.]"  *In re Genentech*, 566 F.3d at 1347.

Defendant's suggestion that there is a negligible difference in docket congestion and time-to-trial between the WDTX and the Northern District of California is simply not true.  Defendant's argument relies upon a deeply flawed rationale that has been recently rejected by this Court.  Just four months ago, this Court after having considered both *Juniper* and *LoganTree* declined to adopt "as a durable rule, that there are no longer any significant differences in caseload or time-to-trial statistics between the WDTX and the NDCA."  *Motion Offense, LLC v. Google LLC*, No. 6:21-CV-00514-ADA, 2022 U.S. Dist. LEXIS 181260, at *33 (W.D. Tex. Oct. 4, 2022) (Albright, J.).  Indeed, this Court held that the WDTX is less congested than the Northern District of California.  "Both the time-to-trial and time-to-termination statistics show that this Court has an established history of both reaching trial faster and of disposing of cases faster.  For patent cases, this Waco Court reaches trial about 19 months faster and otherwise terminates cases 6 month faster."  *Id.* This Court recently held that "this Court is less congested than the NDCA" and that the WDTX brings its patent cases to trial 18 months faster than patent cases held in the Northern District of

California.  *Id.* at *36.  This factor weighs strongly against transfer.  *See id.* at *34-36 (collecting cases).[5]

### 2.   The local interest in having localized interests decided at home factor is neutral

Defendant errs when it claims that the WDTX "has no local interest in this dispute."  Dkt. 18, p. 12.  On the contrary, Defendant has disclosed that more than ███████████████████ ████████████ Ex. G.  Additionally, Defendant estimated that they have more than ████████████████████.  Ex. G.  Those ████████ have conducted and are continuing to conduct ████████████████████ business transactions in the WDTX.  *Id.*  In particular, Clover's partnership with ██████████████████ located in the WDTX produces a strong local interest that counsels against transfer.  Ex. I.

Indeed, Defendant has ███████████████████████████████████ across Texas to resell the Accused Products, including but not limited to Clover Station Solo, Clover Station Duo, and Clover Mini.  Ex. D, ███ Depo. at 49:7-14; *see also* Ex. I.  Clover's own internal documents reveal that Texas ██████████████████ in which Clover advertises its products.  Ex. L.

Defendant has aggressively marketed its products in the WDTX.  Clover marketed by distributing marketing literature, stickers, slicks, brochures, and providing marketing materials to businesses who would be interested in using Clover Network products.  Ex. D, ███ Depo. at 41:11-

---

[5] This Court cited more than a dozen cases to show WDTX has less congestion and reaches trial faster than the NDCA.  *Id.* at 35-36.  *See also Kajeet v. Trend Micro, Inc.*, No. 6:21-CV-389-ADA, 2022 U.S. Dist. LEXIS 6603, at *22 (W. D. Tex. Jan. 12, 2022) (median time-to-trial in NDCA is 2.95 years longer than in WDTX); *CPC Pat. Techs. Pty Ltd. v. Apple Inc.*, 6:21-cv-00165, 2022 U.S. Dist. LEXIS 165507, at *22 (W.D. Tex. Feb. 8, 2022) (Albright, J.) (transfer to NDCA would cause great delay due to administrative difficulties); *Bel Power Sols. Inc. v. Monolithic Power Sys.*, 2022 U.S. Dist. LEXIS 86707, at *28 (Federal Circuit's import on efficient, speedy litigation).

22.  Defendant's ███████████ repeatedly in the WDTX and consisted of a ███████████ ███████████ and conspicuously advertising Defendant's products.  *Id.*

Defendant's specious assertion that "The NDCA has a strong–and indeed the only–local interest in this case" is undermined by Defendant's own extensive business activities taking place within the WDTX.  Dkt. 18, p. 12.  The customers in the WDTX "have a local interest in the resolution of this case."  *Traxcell Techs., LLC v. Verizon Wireless Personal Communications, LP,* No. 6:20-CV-01175, 2022 U.S. Dist. LEXIS 70384, at *11 (W.D. Tex. Feb. 1, 2022) (Albright, J.) (stating that allegedly infringing customers have a local interest in the resolution of this case).  The competing interests cancel out and therefore this factor is neutral.  *Id.* at 11-12.

### 3.  The familiarity with governing law factor is neutral

CloudofChange agrees with Defendant that this factor is neutral.

### 4.  The conflict of laws factor is neutral

CloudofChange agrees with Defendant that this factor is neutral.

## IV.  <u>CONCLUSION</u>

The Northern District of California is not a clearly more convenient forum than the WDTX. The motion to transfer should be denied because: (1) Defendant has no evidence that transfer is warranted when its self-serving testimony is excluded, (2) Clover Sport was designed and developed in the WDTX, and (3) the WDTX is not the clearly less convenient forum as shown by Defendant's activities here including its non-Clover Sport employees (both present and former), extensive ███████████ advertising, and conservatively ███████████████ of business conducted in this District.

Dated: February 17, 2023

Respectfully submitted,

PATTERSON + SHERIDAN LLP

*/s/  John A. Yates*

John A. Yates
Attorney In Charge
Texas State Bar No. 24056569
jyates@pattersonsheridan.com

B. Todd Patterson
Texas State Bar No. 00789537
tpatterson@pattersonsheridan.com

Kyrie Kimber Cameron
Texas State Bar No. 24097450
kcameron@pattersonsheridan.com

Edgar Neil Gonzalez
Texas State Bar No. 24092431
egonzalez@pattersonsheridan.com

Jordan D. Brown
Texas State Bar No. 24120724
jbrown@pattersonsheridan.com

**Patterson + Sheridan LLP**
24 Greenway Plaza, Suite 1600
Houston, Texas 77046
(Tel): 713-623-4844
(Fax): 713-623-4846

Abelino Reyna
Texas State Bar No. 24000087
areyna@pattersonsheridan.com

Craig V. Depew
Texas State Bar No. 05655820
cdepew@pattersonsheridan.com

**Patterson + Sheridan LLP**
729 Washington Ave., Suite 200
Waco, Texas 76701
(Tel.): 254-777-5248
(Fax): 877-777-8071

16

*Attorneys for Plaintiff*
*CloudofChange, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on all counsel of record on February 17, 2023.

*/s/ John A. Yates*
John A. Yates

