# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| CLOUDOFCHANGE, LLC, | |
| Plaintiff, | Civil Action No. 6:22-CV-00634-ADA-DTG |
| v. | JURY TRIAL DEMANDED |
| CLOVER NETWORK, INC., | |
| Defendant. | |

## CLOVER'S OPPOSED MOTION TO STAY

Defendant Clover Network, LLC[1] moves to stay this case pending the final order on Clover's Motion to Transfer to the Northern District of California ("NDCA").

## FACTUAL BACKGROUND

At the conclusion of the April 14, 2023 hearing, this Court held that the NDCA is a clearly more convenient forum and verbally granted Clover's Motion to Transfer. The Court stated that it will issue a written order "shortly that does grant that transfer, but it will build in time for the objection period and a ruling by the district judge in response." Hr'g Tr. at 26:1-4.[2] That written order has not yet been issued, and the subsequent briefing deadlines have therefore not yet been set.

In the interim, however, deadlines set by the most recent Scheduling Order remain in place. *See* Dkt. 57 (1st Am. Sched. Order). Under the current Scheduling Order, final infringement contentions and final invalidity contentions are due on June 5, 2023. Additionally, merits discovery opened the same week as the hearing on Clover's transfer motion. The day fact discovery began, Plaintiff served first sets of interrogatories and requests for production, as well as requests for inspection. *See id*; *see also* Exs. 1-3 (Inspection Requests, Interrogatories, and Requests for Production)[3]. Plaintiff's discovery requests include requests to inspect prototypes, associated back office software, and source code for all accused products, including the "Clover Sport (formerly, Bypass)" product, "including but not limited to, versions under the name Bypass." Ex. 2 at 1-2. Plaintiff's discovery on the Clover Sport product and historic versions of the Bypass product is notable given that the entity that owns that product is not a party to this lawsuit.

---

[1] Clover Network, Inc. converted to Clover Network, LLC in 2021.
[2] The transcript of the April 14, 2023 hearing on Clover's Motion to Transfer is attached as Sealed Exhibit 4 to the Declaration of Kelly Ransom.
[3] Exhibits 1 through 3 are attached as exhibits to the Declaration of Kelly Ransom.

Because Clover's Transfer Motion is a "top priority" and the Court has ruled that the NDCA is the more convenient forum, Clover requests that the Court stay further proceedings in this venue until Clover's Motion to Transfer is fully and finally resolved after objections, if any.

## LAW AND ARGUMENT

**A.      Final resolution of Clover's Transfer Motion is a "top priority."**

The Federal and Fifth Circuits agree that transfer is a threshold matter that a district court must address at the outset of the litigation. *In re Horseshoe*, 337 F.3d 429, 433 (5th Cir. 2003); *In re Apple*, 52 F.4th 1360, 1361 (Fed. Cir. 2022). The transfer statute is designed "to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Cont'l Grain Co. v. The Barge FBL-585*, 364 U.S. 19, 27 (1960). This fundamental purpose of the transfer statute is "thwarted" when protracted litigation occurs in a clearly inconvenient venue before transfer is resolved. *In re Apple*, 52 F.4th at 1361 (*quoting In re EMC Corp.*, 501 F. App'x 973, 975-76 (Fed. Cir. 2013)). Thus, defendants must move to transfer promptly at the outset of a case, and district courts must rule on transfer motions promptly. *See In re Wyeth*, 406 F. App'x 475, 477 (Fed. Cir. 2010) (citation omitted); *In re Apple*, 979 F.3d at 1337-38. The Federal Circuit has repeatedly reinforced the directive that "once a party files a transfer motion, disposition of that motion should unquestionably take top priority." *In re Apple*, 979 F.3d at 1337; *see In re Horseshoe*, 337 F.3d at 433 ("[I]n our view disposition of that [transfer] motion should have taken a top priority in handling of this case by the . . . District Court."); *In re Apple Inc.*, 52 F.4th at 1363; *In re TracFone*, 848 F. App'x 899, 900-01 (Fed. Cir. 2021); *In re SK Hynix Inc.*, 835 F. App'x 600, 600-01 (Fed. Cir. 2021); *In re Google*, No. 2015-138, 2015 WL 5294800, at *1-2 (Fed. Cir. July 16, 2015).

Here, Judge Gilliland promptly ruled on Clover's Motion to Transfer, determining at the hearing that the NDCA was a clearly more convenient forum. With fact discovery proceeding and final contentions now fast approaching, however, a stay of this case pending a final order on

Clover's Transfer Motion is necessary to heed the Federal Circuit's directive to prioritize resolution of transfer motions.

**B.     A short stay pending the final order on transfer will conserve party and judicial resources.**

Courts in this District consider three factors to determine whether a stay is warranted: (1) any potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources saved if a stay is granted. *Yeti Coolers, LLC v. Home Depot U.S.A., Inc.*, 1:17-cv-342, 2018 WL 2122868, at *1 (W.D. Tex. Jan. 8, 2018); *B & D Produce Sales, LLC v. Packman1, Inc.*, No. SA-16-CV-99-XR, 2016 WL 4435275, at *1 (W.D. Tex. Aug. 19, 2016). Here, all three factors favor a short stay pending the final order on Clover's Motion to Transfer.

**1.     A short stay will not prejudice Plaintiff.**

A stay will not prejudice Plaintiff. This Court has already granted transfer to the NDCA and specified that it would issue an order "shortly" setting the deadline for Plaintiff to file objections. Transcript 26:2. Thus, the stay requested herein will be for a short and definite amount of time. If Plaintiff does not object to the order, it will be final and the case promptly transferred to the NDCA. If Plaintiff objects to this Court's order, the stay will only need to be extended until Plaintiff's objections are resolved.

Plaintiff will face little if any prejudice during a short stay because Plaintiff does not compete with Clover or "sell any product that practices the claimed invention." *In re Morgan Stanley*, 417 F. App'x 947, 950 (Fed. Cir. 2011). While the Complaint includes a prayer for injunctive relief, Plaintiff has not pursued that relief in this case or in prior proceedings asserting infringement of the same patents. *See* Dkt. 1 at 81; *NCR Corp.*, No. 6-19-cv-00513. Plaintiff presumably has not pursued that relief because it makes no products, making injunctive relief

3

inappropriate. Because any recovery by Plaintiff is thus limited to monetary damages, the only theoretical prejudice Plaintiff may suffer is a delay of a damages award. It is well settled, however, that such possible delay alone does not establish undue prejudice as a matter of law. *See, e.g., VirtualAgility, Inc. v. Salesforce.com, Inc*., 759 F.3d 1307, 1318 (Fed. Cir. 2014). This Court has repeatedly explained that "[p]arty interest is diminished where only monetary recovery is available." *Xylon Licensing*, 2022 WL 2078030, at *2; *Tarco Specialty Prods.*, 2021 WL 4555804, at *2 ("[t]he weight of Plaintiff's interest in timely enforcement is diminished here where a stay would merely delay Plaintiff's potential monetary recovery"). Given that Plaintiff waited to file this lawsuit for over four years after it alleges that it sent a notice letter to Clover, Plaintiff can hardly show that it would be prejudiced by a short stay now. *See* Dkt. 1 at ¶ 23 and Dkt. 1-4 (Compl. Ex. 4, Jan 19, 2018 Letter).[4]

### 2.      Clover will be substantially prejudiced absent a stay.

Clover, by contrast, will face substantial prejudice absent a short stay pending transfer. Clover has already demonstrated that an overwhelming majority of party witnesses, non-party witnesses, and prototypes of accused products are in the NDCA. These critical facts not only support this Court's conclusion that the NDCA is the clearly more convenient forum, but they also support a short stay pending transfer.

Fact discovery opened only days before the April 14 transfer hearing, and the critical deadline for the parties to serve final contentions is now less than a month away. Unless this case is stayed, the inconvenience and expense of conducting discovery, including third-party discovery on prior art, in this District rather than the clearly more convenient NDCA where the relevant evidence is located will impose significant hardship and unnecessary expense on Clover.

---

[4] If anything, the short stay will benefit Plaintiff by granting it additional time to prepare its final infringement contentions, which are currently due on June 5, 2023.

Preventing "the waste of time, energy, and money" and protecting "litigants, witnesses and the public against unnecessary inconvenience and expense" are precisely why both the Federal Circuit and Fifth Circuit have directed district courts to prioritize resolving transfer issues. *In re Google*, 2015 WL 5294800, at *1; *see also In re Lloyd's Register N. Am., Inc.*, 780 F.3d 283, 289 (5th Cir. 2015) (explaining that litigating in an inconvenient forum is "the very harm sought to be avoided by transferring venue") (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 319 (5th Cir. 2008) (en banc)).

Proceeding further into the merits prior to a final order on transfer will also risk significant but avoidable inefficiencies and waste of resources. Clover plans to serve third-party subpoenas to obtain discovery needed for its final invalidity contentions. But any subpoena issued by this Court will no longer be a subpoena "from the Court where the action is pending," which may complicate enforcement after a final order granting transfer of this case to the NDCA. Fed. R. Civ. P. 45(a)(2). Thus, unless this case is stayed, Clover will likely have to duplicate efforts to obtain the same third party discovery after this case is transferred. Staying this case now completely avoids the risk of wasting time and resources on such duplicative discovery.

Furthermore, unless stayed, any dispute that is raised before the order on Clover's Motion to Transfer is final will be governed by this Court's local rules, Order Governing Proceedings, and other orders. Once transferred, however, the NDCA district court's own rules and procedures will govern. To the extent that a discovery or other dispute is raised but remains unresolved when this case is transferred, the dispute will likely have to be re-briefed and litigated under the transferee court's rules and procedures. Such inefficiencies pose a risk of prejudicing both parties, as well as a third party that asserts objections or seeks to quash a subpoena from this Court.

Most importantly, "judicial economy … requires that the court which ultimately decides the merits of the action should also decide the various questions which arise during the pendency

5

of the suit instead of considering it in two courts." *In re Apple*, 52 F.4th at 1363 (citation and internal quotation marks omitted). Allowing this case to progress past the critical final contentions deadline and further into the merits will undoubtedly make the transferee court's task of becoming familiar with this case even harder. A short stay pending transfer will minimize if not completely prevent such risks.

### 3. A stay will save judicial resources.

A stay pending a final decision on transfer will conserve judicial resources by minimizing the need for duplicative proceedings in both the transferor and transferee courts. *See In re Apple*, 2022 WL 16753325, at *2. As detailed above, the owner of the Clover Sport product is not a party in this case, and Plaintiff's first sets of merits discovery make clear that Plaintiff is nevertheless pursuing discovery from Clover on the third-party product. Clover's responses to the first sets of merits discovery are due on May 10. Unless this case is stayed, a dispute stemming from the Clover Sport issue will almost inevitably arise before the transfer order is final. However, given that this Court's order granting transfer and setting the deadline for Plaintiff to object will be issued "shortly," any such dispute is unlikely to be fully briefed and decided before the transfer order becomes final. Thus, the time and resources expended by the parties and this Court litigating such a dispute will have been wasted and the parties' efforts will likely have to be duplicated in the transferee court where the dispute will have to be resolved. The same waste will occur with respect to any motion practice arising from third-party discovery as well. Staying the case now will completely avoid the potential for such waste of time and resources.

As the Federal Circuit explained, "judicial economy requires that another district court should not burden itself with the merits of the action until it is decided that a transfer should be effected and such consideration additionally requires that the court which ultimately decides the merits of the action should also decide the various questions which arise during the pendency of

the suit instead of considering it in two courts." *Id.* Here, this Court should not burden itself with the merits of the case when it has already concluded that the NDCA is the clearly more convenient forum. This final factor, therefore, also favors a stay.

## CONCLUSION

Unlike a request to stay *pending* a transfer ruling, Clover now seeks a stay *because of* this Court's transfer ruling. This Court has already concluded that the NDCA is the clearly more convenient forum. And under the Federal Circuit's and this Court's precedent, no further merits proceedings should occur in this venue that—as it stands—has been judicially decreed as inconvenient. A short stay pending a final order on Clover's Motion to Transfer will conserve party and judicial resources, and this Motion should therefore be granted.

May 9, 2023

Respectfully submitted

*/s/ Kelly Ransom*
Kelly Ransom (Tx. Bar No. 24109427)
**KELLY HART & HALLMAN LLP**
303 Colorado, Suite 2000
Austin, Texas 78701
Tel: (512) 495-6429
kelly.ransom@kellyhart.com

Caitlyn Hubbard (Tx. Bar No. 24097853)
**KELLY HART & HALLMAN LLP**
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Tel: (817) 332-2500
caitlyn.hubbard@kellyhart.com

Greg H. Lantier (*Pro Hac Vice*)
R. Gregory Israelsen (*Pro Hac Vice*)
Jennifer L. Graber (*Pro Hac Vice*)
**WILMER CUTLER PICKERING HALE AND DOOR LLP**
1875 Pennsylvania Ave., NW
Washington, DC 20006
Tel: (202) 663-6000
Fax: (202) 663-6363
Gregory.Lantier@wilmerhale.com

        Greg.israelsen@wilmerhale.com
        Jennifer.graber@wilmerhale.com

        Sarah B. Petty (*Pro Hac Vice*)
        Amy L. Mahan (*Pro Hac Vice*)
        Jeannette Leopold (*Pro Hac Vice*)
        **WILMER CUTLER PICKERING HALE AND DOOR LLP**
        60 State Street
        Boston, MA 02109
        Tel: (617) 526-6000
        Fax: (617) 526-5000
        Sarah.Petty@wilmerhale.com
        Amy.Mahan@wilmerhale.com
        Jeannette.Leopold@wilmerhale.com

        and

        Jason D. Kipnis (*Pro Hac Vice*)
        **WILMER CUTLER PICKERING HALE AND DOOR LLP**
        2600 El Camino Real, Suite 400
        Palo Alto, CA 94306
        Tel: (650) 858-6000
        Fax: (650) 858-6100
        Jason.Kipnis@wilmerhale.com

        *Attorneys for Clover Network, LLC*

### CERTIFICATE OF CONFERENCE

Undersigned counsel certifies that the parties have conferred, and Plaintiff is opposed to this Motion.

        */s/ Kelly Ransom*

### CERTIFICATE OF SERVICE

I hereby certify that all counsel of record are being served with a copy of the foregoing document via the Court's CM/ECF system on May 9, 2023.

        */s/ Kelly Ransom*