# **<u>EXHIBIT 2</u>**

## PLAINTIFF'S APRIL 11, 2023 INTERROGATORIES

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| CloudofChange, LLC, | |
| Plaintiff, | Case No. 6:22-CV-00634-ADA-DTG |
| v. | |
| Clover Network, Inc., | **JURY TRIAL DEMANDED** |
| Defendant. | |

## <u>PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT (NOS. 1-15)</u>

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Definitions and Instructions that follow, Plaintiff CloudofChange, LLC ("Plaintiff" or "CloudofChange"), requests that Defendant Clover Network, Inc. ("Defendant" or "Clover") respond to the following interrogatories separately, fully, and under oath within thirty (30) days after service thereof.[1]

### <u>DEFINITIONS</u>

The following definitions shall apply to the requests set forth below:

1.      The terms "Clover Network, Inc.," "Clover Network, LLC," "Clover," "you," "your," and/or "Defendant" means Defendant Clover Network, Inc., and where applicable, it officers, director, employees, partners, corporate parent, affiliates, or subsidiaries, including by not limited to Clover Network, LLC, Supertill LLC, Price Professional Solutions, LLC, and Clover Sport.

2.      The term "communication" means transmittal of information (in the form of facts, ideas, inquiries, or otherwise) in any form.

---

[1]  Pursuant to the Court's Standing Order Governing Proceedings (OGP) – Patent Cases, Plaintiff previously set discovery requests related to venue, served on November 4, 2023, and December 12, 2023.

3.      The term "concerning" means relating to, referring to, describing, evidencing, supporting, refuting, or constituting.

4.      The term "document" as used herein is synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34, any "writings and recording" and "photographs," as defined by Fed. R. Evid. 1001, and any other tangible thing subject to production under Fed. R. Civ. P. 34.  In accordance with Fed. R. Civ. P. 34, the term "document" includes electronically stored information including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

5.      The term "person" means any natural person or business, legal, or governmental entity or association.

6.      The term "third party" or "third parties" shall mean any person or entity who is not an employee, agent, representative subsidiary, affiliate, predecessor in interest, or successor in interest of Clover.

7.      The term "identify" (with respect to persons) means to give, to the extent known, the person's full name, present or last known address, e-mail address, and telephone number, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

8.      The term "identify" (with respect to documents) means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s),

2

addressee(s), and recipient(s) or, in the case of documents produced in this litigation, to identify the document(s) by production number.

9.      The term "Complaint" means the Complaint for Patent Infringement (Dkt. 1) filed by Plaintiff on June 17, 2022, and any subsequent amended complaint, including but not limited to Plaintiff's First Amended Complaint for Patent Infringement (Dkt. 24) filed by Plaintiff on December 12, 2022.

10.     The term "'640 Patent" means U.S. Patent No. 9,400,640, as well as the applications leading thereto.

11.     The term "'012 Patent" means U.S. Patent No. 10,083,012, as well as the applications leading thereto.

12.     The term "'793 Patent" means U.S. Patent No. 11,226,793, as well as the applications leading thereto.

13.     The term "Asserted Patents" means the '640 Patent, '012 Patent, and the '793 Patent.

14.     The term "Asserted Claims" means Claims 1, 6, 8-10, and 14 of the '640 Patent; Claims 1-2 and 5-13 of the '012 Patent; and Claims 1-2, 4, 9, 11, 42, and 44 of the '793 Patent.

15.     The term "Prior Art" means all things, patents, publications, disclosures, sales or other acts included within the broadest meaning of 35 U.S.C. § 102 (or any subpart thereof) and 35 U.S.C. § 103.  The term "Prior Art" also includes publications, patents, patent applications, inventions by others, uses, sales, or offers for sale, and disclosures.

16.     The term "Accused Product" means any one or all of Clover's products that use or include technology claimed by the Asserted Patents, including but not limited to, Clover Station Solo, Clover Station Duo, Clover Mini, Clover Dashboard, Clover Web Dashboard, Clover Sport

(formerly, Bypass), Clover software as a service, related hardware, related service(s), application software, mobile device software, tablet software, web software, back office software and services, administrators, and related application software.

17. The term "Component" or "Components" means any and all components, subcomponents, modules, and parts, including hardware and software.

18. The terms "concern," "concerning," "evidence," "evidencing," "related to," "related to," "relating to," "refer to," "referring to," and "regarding," shall be construed broadly to mean in whole or in part alluding to responding to, concerning, regarding, directly or indirectly relating to; connected with; involving; commenting on; in respect of; about; associated with; dealing with; discussing; evidencing; showing; describing; depicting; reflecting; analyzing; summarizing; mentioning; memorializing; bearing upon; consisting of; constituting; containing; embodying; identifying; pertaining to; demonstrating; stating; comprising; tending to support, discredit, refute, or contradict; referring to; and in any way touching upon.

19. The term "Western District of Texas" means areas subject to the jurisdiction of the Western District of Texas, including the following Texas counties: Bastrop, Blanco, Burleson, Burnet, Caldwell, Gillespie, Hays, Kimble, Lampasas, Lee, Llano, Mason, McCulloch, San Saba, Travis, Washington, and Williamson; Edwards, Kinney, Maverick, Terrell, Uvalde, Val Verde, and Zavala; El Paso and Hudspeth; Brewster, Culberson, Jeff Davis, Loving, Pecos, Presidio, Reeves, Ward, and Winkler; Atascosa, Bandera, Bexar, Comal, Dimmit, Frio, Gonzales, Guadalupe, Karnes, Kendall, Kerr, Medina, Real, and Wilson; Bell, Bosque, Coryell, Falls, Freestone, Hamilton, Hill, Leon, Limestone, McLennan, Milam, Robertson, and Somervell; Andrews, Crane, Ector, Martin, Midland, and Upton.

## INSTRUCTIONS

The following instructions shall apply to the interrogatories set forth below:

1.      Each Interrogatory herein is deemed to be continuing to the full extent allowed by Rule 26(e) of the Federal Rules of Civil Procedure.  You should supplement your responses as you learn or discover new information.  If at any time after responding to these Interrogatories you acquire actual or constructive possession, custody, or control of any additional documents or information within the scope of a particular Interrogatory, such information should be promptly provided to counsel for Plaintiff.

2.      In responding to each Interrogatory, please set forth each Interrogatory in full before each response.

3.      In answering the Interrogatories that follow, you are required to furnish all information available to you or reasonably obtainable by you.

4.      If you refuse to answer, in whole or in part, any of the Interrogatories on grounds of any asserted privilege, you must furnish (i) the general subject matter of the information, (ii) the identity of each person who has knowledge of such information and each person who was present when the information was stated or discussed, (iii) the dates on which the information was stated or discussed; and (iv) the specific basis or ground upon which the information is being withheld.  Failure to do so will constitute a waiver of such a claim.

5.      If you are unable to answer any of the Interrogatories fully and completely after exercising due diligence to obtain the information necessary to make a full and complete answer, so state and answer the Interrogatory to the fullest extent possible, specifying the extent of your knowledge and your inability to answer the remainder, and setting forth whatever information or

knowledge you may have concerning the unanswered portions thereof and the efforts you made to obtain the requested information.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify each version, model, iteration, and/or generation, by product and/or brand names, model number, or other unique identifier of the Accused Product, which has been developed, tested, commercialized, sold, and/or offered for sale by or for you or imported into the United States by or for you (including the identities of all third parties) and the respective time frame each such version, model, iteration, and/or generation of the Accused Product existed or continues to exist.

**RESPONSE:**


**INTERROGATORY NO. 2:**

Identify the status of each Component of the Accused Product, including identifying each entity that owns, leases, rents, licenses, operates, maintains, provides, or otherwise controls the component, as well as the nature of that interest.

**RESPONSE:**


**INTERROGATORY NO. 3:**

Describe in detail the identity and role played by all entities, including any Clover parent entities, subsidiaries, or affiliates (including Fiserv, First Data, Bypass, Clover Sport, Supertill LLC, and Price Professional Solutions LLC), or any third-party entity, including vendors and public or private cloud service providers, involved in the design, development, manufacture, testing, importation, distribution, marketing (including the promotional budgets, channels of trade, and marketing mediums of all past, current, or future advertising or promotional plans), sales, and

support of each Accused Product or any components thereof, and including identifying the persons with relevant knowledge and the documents reflecting these facts.

**RESPONSE:**


**INTERROGATORY NO. 4:**

For each Asserted Claim of the Asserted Patents you contend is invalid, describe in detail all facts and legal bases, including providing a claim chart for each prior art reference supporting or otherwise concerning such contentions.  With respect to invalidity under 35 U.S.C. §§ 102 and/or 103, your description should identify each item of prior art that allegedly anticipates each Asserted Claim or renders it obvious; each combination of items of prior art that allegedly make a claim obvious and the motivation to combine such items; and explain, on an element-by-element basis, where specifically in each item of prior art each element of each Asserted Claim allegedly is found.  With respect to any other contention that an Asserted Claim is invalid (*e.g.*, under 35 U.S.C. §§ 101, 112, and/or 282), your description should explain in detail for each such claim all facts and circumstances supporting or otherwise concerning any such contention.

**RESPONSE:**


**INTERROGATORY NO. 5:**

For each Asserted Claim of the Asserted Patents that you contend is not infringed by the Accused Product, describe in detail (on an element-by-element basis) the factual and legal basis for your contention of non-infringement, including providing a claim chart for each Accused Product showing on an element-by-element basis any limitations that you believe are not satisfied, and identifying all evidence upon which you rely and the persons with relevant knowledge (and

please note that simply stating that a claim element is missing is not by itself a sufficient response without an explanation for why you contend it is missing).

**RESPONSE:**

**INTERROGATORY NO. 6:**

If you contend that acceptable, non-infringing alternatives to the Asserted Claims of the Asserted Patents do exist or have existed, specifically describe each such alternative in detail by stating when it became available, and describe in detail the basis for your contention that it is a non-infringing and acceptable alternative to the Asserted Claims in the Asserted Patents.

**RESPONSE:**

**INTERROGATORY NO. 7:**

Identify the three persons employed by you who are most knowledgeable about the substance of your answer to Interrogatory No. 6.

**RESPONSE:**

**INTERROGATORY NO. 8:**

For the period starting on July 26, 2016 and continuing through the present, state by month, quarter, and year, your revenues, subscriptions sold, active POS terminals, hardware components, and other components of the Accused Product sold (including but not limited to wholesale and retail), costs (including but not limited to fixed, variable, marketing, advertising, sales commissions, distribution costs, shipping costs, rebates, actuarial regulatory, research and

development, and overhead costs), gross profits, and net profits associated with your production and sales of the Accused Product.

**RESPONSE:**


**INTERROGATORY NO. 9:**

For each Asserted Claim of the Asserted Patents, describe the qualifications (including, without limitation, the skills, education, training, and work experience) of a person having ordinary skill in the relevant art.

**RESPONSE:**


**INTERROGATORY NO. 10:**

Describe in detail all facts and circumstances under which Clover first became aware of the Asserted Patents (or the inventions that became the Asserted Patents) and what actions you took after becoming aware of the Asserted Patents, including but not limited to: the date(s) when Clover first became aware of the Asserted Patents (or the inventions that became the Asserted Patents), how Clover became aware of the Asserted Patents (or the inventions that became the Asserted Patents), and identity of the employee(s), representative(s), or agent(s) of Clover who became aware of the Asserted Patents (or the inventions that became the Asserted Patents).

**RESPONSE:**

**INTERROGATORY NO. 11:**

Identify any additional products or services that have been sold along with the Accused Product, listing for each: the customer, quantity sold, and price of each such additional product or service.

**RESPONSE:**

**INTERROGATORY NO. 12:**

Describe in detail the design, development, function, operation, and method of use of each Accused Product or any components thereof identified in your response to Interrogatory No. 1, including any related factory or user settings or configuration options, any restrictions, dependencies, incompatibilities or other limitations of each Accused Product or any components thereof, and including identifying the persons with relevant knowledge and the documents reflecting these facts.

**RESPONSE:**

**INTERROGATORY NO. 13:**

Describe in detail the ways in which each Accused Product or any components thereof is sold, distributed, or otherwise provided to others, including distributors, wholesalers, resellers, integrators, end-users, third-party support organizations, repairers, and refurbishers, including explaining what distribution mediums and channels are used, any difference in pricing between different mediums, channels, volumes, or recipients, what other products or software are bundled with each Accused Product or any components thereof, whether there is a separate charge for each Accused Product or any components thereof, any additional licenses or fees required for end-users

to use each Accused Product or any components thereof, and including identifying the persons with relevant knowledge and the document reflecting these facts.

**RESPONSE:**


**INTERROGATORY NO. 14:**

Describe in detail all factual and legal bases for what you believe are the appropriate damages if infringement is found, including explaining what you believe is the appropriate royalty base and royalty rate, and including identifying the persons with relevant knowledge and the documents reflecting these facts.

**RESPONSE:**


**INTERROGATORY NO. 15:**

Describe all other litigation or administrative proceedings in which you have directly or indirectly participated, that involved each Accused Product, including identifying the case or matter name, court or administrative body, docket or proceeding number, type of case or matter, parties, current status, and outcome, and including identifying the persons with relevant knowledge and the documents reflecting these facts.

**RESPONSE:**


Dated: April 11, 2023                              Respectfully submitted,

                                                   PATTERSON + SHERIDAN LLP

                                                   */s/ John A. Yates*
                                                   John A. Yates

Attorney In Charge
Texas State Bar No. 24056569
jyates@pattersonsheridan.com

B. Todd Patterson
Texas State Bar No. 00789537
tpatterson@pattersonsheridan.com

Kyrie Kimber Cameron
Texas State Bar No. 24097450
kcameron@pattersonsheridan.com

Edgar Neil Gonzalez
Texas State Bar No. 24092431
egonzalez@pattersonsheridan.com

Jordan D. Brown
Texas State Bar No. 24120724
jbrown@pattersonsheridan.com

**Patterson + Sheridan LLP**
24 Greenway Plaza, Suite 1600
Houston, Texas 77046
(Tel): 713-623-4844
(Fax): 713-623-4846

Abelino Reyna
Texas State Bar No. 24000087
areyna@pattersonsheridan.com

Craig V. Depew
Texas State Bar No. 05655820
cdepew@pattersonsheridan.com

**Patterson + Sheridan LLP**
729 Washington Ave., Suite 200
Waco, Texas 76701
(Tel): 254-777-5248
(Fax): 877-777-8071

*Attorneys for Plaintiff*
*CloudofChange, LLC*

13

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served on counsel of record on April 11, 2023.

*/s/ John A. Yates*
John A. Yates