# EXHIBIT 3

PLAINTIFF'S APRIL 11, 2023
REQUESTS FOR PRODUCTION

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| CloudofChange, LLC, | |
| Plaintiff, | Case No. 6:22-CV-00634-ADA-DTG |
| v. | |
| Clover Network, Inc., | **JURY TRIAL DEMANDED** |
| Defendant. | |

### PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION
### TO DEFENDANT (NOS. 1-43)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Definitions and Instructions that follow, Plaintiff CloudofChange, LLC ("Plaintiff" or "CloudofChange"), serves the following requests for production of documents and things to be answered by Defendant Clover Network, Inc. ("Defendant" or "Clover") within thirty (30) days after service thereof.[1]

### DEFINITIONS

The following definitions shall apply to the requests set forth below:

1.     The terms "Clover Network, Inc.," "Clover Network, LLC," "Clover," "you," "your," and/or "Defendant" means Defendant Clover Network, Inc., and where applicable, its officers, directors, employees, partners, corporate parent, affiliates, or subsidiaries, including by not limited to Clover Network, LLC, Supertill LLC, Price Professional Solutions, LLC, and Clover Sport.

2.     The term "communication" means transmittal of information (in the form of facts, ideas, inquiries, or otherwise) in any form.

---

[1]  Pursuant to the Court's Standing Order Governing Proceedings (OGP) – Patent Cases, Plaintiff previously set discovery requests related to venue, served on November 4, 2023, and December 12, 2023.

3.      The term "concerning" means relating to, referring to, describing, evidencing, supporting, refuting, or constituting.

4.      The term "document" as used herein is synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34, any "writings and recording" and "photographs," as defined by Fed. R. Evid. 1001, and any other tangible thing subject to production under Fed. R. Civ. P. 34.  In accordance with Fed. R. Civ. P. 34, the term "document" includes electronically stored information including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

5.      The term "person" means any natural person or business, legal, or governmental entity or association.

6.      The term "third party" or "third parties" shall mean any person or entity who is not an employee, agent, representative subsidiary, affiliate, predecessor in interest, or successor in interest of Clover.

7.      The term "identify" (with respect to persons) means to give, to the extent known, the person's full name, present or last known address, e-mail address, and telephone number, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

8.      The term "identify" (with respect to documents) means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s),

addressee(s), and recipient(s) or, in the case of documents produced in this litigation, to identify the document(s) by production number.

9. The term "Complaint" means the Complaint for Patent Infringement (Dkt. 1) filed by Plaintiff on June 17, 2022, and any subsequent amended complaint, including but not limited to Plaintiff's First Amended Complaint for Patent Infringement (Dkt. 24) filed by Plaintiff on December 12, 2022.

10. The term "'640 Patent" means U.S. Patent No. 9,400,640, as well as the applications leading thereto.

11. The term "'012 Patent" means U.S. Patent No. 10,083,012, as well as the applications leading thereto.

12. The term "'793 Patent" means U.S. Patent No. 11,226,793, as well as the applications leading thereto.

13. The term "Asserted Patents" means the '640 Patent, '012 Patent, and the '793 Patent.

14. The term "Asserted Claims" means Claims 1, 6, 8-10, and 14 of the '640 Patent; Claims 1-2 and 5-13 of the '012 Patent; and Claims 1-2, 4, 9, 11, 42, and 44 of the '793 Patent.

15. The term "Prior Art" means all things, patents, publications, disclosures, sales or other acts included within the broadest meaning of 35 U.S.C. § 102 (or any subpart thereof) and 35 U.S.C. § 103. The term "Prior Art" also includes publications, patents, patent applications, inventions by others, uses, sales, or offers for sale, and disclosures.

16. The term "Accused Product" means any one or all of Clover's products that use or include technology claimed by the Asserted Patents, including but not limited to, Clover Station Solo, Clover Station Duo, Clover Mini, Clover Dashboard, Clover Web Dashboard, Clover Sport (formerly, Bypass), Clover software as a service, related hardware, related service(s), application

software, mobile device software, tablet software, web software, back office software and services, administrators, and related application software.

17.   The term "Component" or "Components" means any and all components, subcomponents, modules, and parts, including hardware and software.

18.   The terms "concern," "concerning," "evidence," "evidencing," "related to," "related to," "relating to," "refer to," "referring to," and "regarding," shall be construed broadly to mean in whole or in part alluding to responding to, concerning, regarding, directly or indirectly relating to; connected with; involving; commenting on; in respect of; about; associated with; dealing with; discussing; evidencing; showing; describing; depicting; reflecting; analyzing; summarizing; mentioning; memorializing; bearing upon; consisting of; constituting; containing; embodying; identifying; pertaining to; demonstrating; stating; comprising; tending to support, discredit, refute, or contradict; referring to; and in any way touching upon.

19.   The term "Western District of Texas" means areas subject to the jurisdiction of the Western District of Texas, including the following Texas counties: Bastrop, Blanco, Burleson, Burnet, Caldwell, Gillespie, Hays, Kimble, Lampasas, Lee, Llano, Mason, McCulloch, San Saba, Travis, Washington, and Williamson; Edwards, Kinney, Maverick, Terrell, Uvalde, Val Verde, and Zavala; El Paso and Hudspeth; Brewster, Culberson, Jeff Davis, Loving, Pecos, Presidio, Reeves, Ward, and Winkler; Atascosa, Bandera, Bexar, Comal, Dimmit, Frio, Gonzales, Guadalupe, Karnes, Kendall, Kerr, Medina, Real, and Wilson; Bell, Bosque, Coryell, Falls, Freestone, Hamilton, Hill, Leon, Limestone, McLennan, Milam, Robertson, and Somervell; Andrews, Crane, Ector, Martin, Midland, and Upton.

## **INSTRUCTIONS**

The following instructions shall apply to the interrogatories set forth below:

1. Each Request for Production herein is deemed to be continuing to the full extent allowed by Rule 26(e) of the Federal Rules of Civil Procedure. You should supplement your responses as you learn or discover new information. If at any time after responding to these Requests you acquire actual or constructive possession, custody, or control of any additional documents or information within the scope of a particular Request, such documents or information should be promptly provided to counsel for Plaintiff.

2. These requests shall apply to all documents and things in your possession, custody, or control at the present time, or coming into your possession, custody, or control during the pendency of this litigation. If you know of the existence, past or present, of documents requested below, but are unable to produce such documents because they are not presently in your possession, custody, or control (whether due to their destruction, loss, or otherwise), you shall so state and shall identify such documents, and the person who has possession, custody, or control of such documents. Documents in your possession, custody, or control shall include documents in the possession, custody, or control of a third party over which you have control.

3. In the event a document is withheld or redacted on a claim of attorney-client privilege or work-product, you shall provide a detailed privilege log that describes the privilege being claimed and the information withheld in a manner sufficient to disclose facts upon which you rely in asserting your claim, and to permit your claim of attorney-client privilege and/or work-product to be assessed by the parties issuing this subpoena.

4. Where an objection is made to a discovery request, state all grounds upon which the objection is based and, if applicable, the extent to which the discovery request is nonetheless being responded to. Pursuant to Fed. R. Civ. P. 34(b)(2)(C), your response must state whether any responsive materials are being withheld on the basis of such objections.

5

5.      If you object to a part of a request, you shall state the basis for your objection and respond to all parts of the request not subject to your objection.

6.      In the event that you object to a request or a term used therein as vague and/or ambiguous, identify the particular words, terms, or phrases that are asserted to make such request vague and/or ambiguous and specify the meaning you actually attribute to such words for purposes of your response.

7.      These requests are not limited as to time period unless explicitly stated.

8.      The singular shall always include the plural and the present tense shall also include the past tense.  Any pronoun shall mean the masculine, feminine, and/or gender neutral as in each case is most appropriate.

9.      No discovery request or part thereof shall be construed as a limitation on any other discovery request or part thereof.

10.    If, after exercising due diligence, you are unable to determine the existence of any documents, person, or things falling within a discovery request requesting identification or production of documents, persons, or things, you shall so state in it a written response.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All documents referencing the Asserted Patents.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**

All documents related to the actions you took, if any, as a result of becoming aware of the Asserted Patents, including documents sufficient to show how and when you first became aware of each of the Asserted Patents.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**

All documents concerning your contention that you do not infringe any claim of the Asserted Patents, including but not limited to, documents concerning your contention that the Asserted Patents are not infringed by your production (or will not be infringed by any planned production) of the Accused Product.  This request seeks both technical documents as well as any communications concerning your alleged non-infringement, including communications with any customer, supplier, manufacturer, or other third party.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**

All documents concerning your contention that one or more claims of the Asserted Patents are invalid or unenforceable, including but not limited to, documents concerning the relevant art

7

for the Asserted Claims for the Asserted Patents. This request seeks both technical documents as well as any communications regarding the alleged invalidity of the Asserted Patents, including communications with any customer, supplier, manufacturer, or other third party.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**

Documents sufficient to show your past and present organizational structure, including but not limited to, organizational charts (including all subsidiaries, affiliates, or related third-party entities) and other documents concerning your company, including any documents that list or identify the person or persons who had responsibility for the following functions: chief executive officer or manager, chief operating officer or manager, chief financial officer or manager, product manager, product operations, manufacturing, marketing or distribution, sales, product development, product engineering, and research and development.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**

All documents sufficient to show, for each Component of the Accused Product, any ownership, lease, rental, license, or other controlling interest.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**

All documents sufficient to establish, for each Component of the Accused Product, any obligations by anyone to operate, maintain, provide, or control the Component.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 8:**

All documents evidencing the conception and development of the Accused Product, including Components, suppliers, and testing of the Accused Product.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 9:**

Documents sufficient to show all commercialized models or versions of the Accused Product, including the dates of first release of each model or version, release of each subsequent model or version, and discontinuation of each model or version.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 10:**

All documents evidencing the operation or installation of any Accused Product, including manuals, user's guides, engineering documents, operating instructions, customer training, and other training materials.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 11:**

All documents evidencing the date of introduction of the Accused Product to the market and dates of any revisions, updates, or changes made to the Accused Product.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:**

All documents concerning your business plans, economic analyses, consumer research, market analyses, market studies, market shares, sales forecasts, sales projections, present or future plans for advertising, present or future plans for marketing, and promotions for the Accused Product.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 13:**

All documents evidencing the valuation of the Accused Product.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 14:**

Documents sufficient to show an accounting for each Component of the Accused Product, including active installations per month and active point of sale terminals per month.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 15:**

Documents sufficient to show any products sold and marketed in conjunction with the Accused Product, including software modules, products, or services, including invoices and marketing materials.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:**

Documents and/or communications evidencing competitive assessments or analysis comparing the Accused Product to third party products that compete with the Accused Product.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:**

For each Accused Product, documents and/or communications evidencing pricing analyses, pricing techniques, price elasticity studies, pricing plans, pricing studies, pricing forecasts, pricing comparisons, subscription prices and models, list prices, prices actually charged, average discount off list price by customer, and customer response to price increases.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:**

Documents and/or communications evidencing surveys or studies conducted by Clover or a third party that reflect customer preferences for the features and functionality included in the Accused Product.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:**

Documents and/or communications evidencing industry reports related to the Accused Product, including reports containing market share information for industry participants and reports illustrating criteria considered by customers when evaluating the Accused Product and products that compete with the Accused Product.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:**

Documents and/or communications evidencing industry accolades or other recognition for the Accused Product.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:**

Documents evidencing contracts and any licensing terms between Clover and its customers related to the Accused Product.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:**

Documents sufficient to show the development, design, structure, function, operation, installation, and use of each Accused Product, including manuals, technical specifications, functional specifications, design specifications, engineering documents, network architecture maps and specifications (including with remote servers, cloud service providers), schematics, user's guides, user manuals, operating instructions, operations manuals, customer training, other training manuals, and administrators guides.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:**

Documents sufficient to identify any third-party which possesses product documentation related to the design, structure, function, operation, and use of each Accused Product, including technical specifications, functional specifications, design specifications, network architecture maps and specifications (including with remote servers, cloud service providers), schematics, user manuals, operations, manuals, and administrator's guides.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24:**

All documents relating to the source code used by the Accused Products including, but not limited to: source code for each version of each Accused Product, version/feature update and bug fixing logs (including JIRA or JIRA-type databases or logs), identity of the author(s) of the source code, and all products or software bundled with each of the Accused Products.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25:**

All product documentation and marketing literature provided to distributors, wholesalers, resellers, integrators, third-party support organizations, repairers, refurbishers, and end-users of Accused Products.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26:**

Documents sufficient to identify any third party that has purchased, licensed, or otherwise acquired from you any Accused Product since July 26, 2016.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 27:**

Documents sufficient to show the number of each Accused Product made, used, sold, distributed, licensed, or imported by you or on your behalf, including but not limited to the number of each Accused Product registered in the United States for use by end-users in the United States and worldwide on a monthly basis since July 26, 2016.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 28:**

Documents sufficient to show the sales volume, gross revenue, costs of goods sold, gross profits, operating costs, operating profits, and net profits for each Accused Product (including but not limited to subscription purchases, hardware Component sales, and transaction-based revenue (*e.g.*, credit card transaction fee revenues) made, used, sold, distributed, licensed, or imported by you or on your behalf on a monthly, quarterly, and yearly basis since July 26, 2016 on a product-by-product basis and by geographic location.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29:**

Documents that identify any differences in pricing of each Accused Product between different mediums, channels, or recipients.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30:**

Documents that identify what products or software are bundled with, or otherwise provided for no additional charge with, each Accused Product.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31:**

All marketing plans, reports, tests, studies, evaluations, analyses, and white papers for each Accused Product.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32:**

All documents related to any contention by Clover that it lacks, or lacked during any period of time after July 26, 2016, sufficient intent or knowledge to be liable for inducing infringement of the Asserted Patents.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33:**

All documents related to any contention by Clover that it did not induce infringement of the Asserted Patents pursuant to 35 U.S.C. § 271(b).

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 34:**

All documents related to any contention by Clover that it lacks or, lacked during any period of time after July 26, 2016, sufficient intent or knowledge to be liable for contributory infringement of the Asserted Patents.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 35:**

All documents related to any contention by Clover that any Accused Products, in whole or in part, are a staple article or commodity of commerce suitable for substantial noninfringing use.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 36:**

All documents analyzing the need for, value of, or marketing of each Accused Product in comparison or relation to other similar products made by entities other than Clover in the market.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 37:**

All documents related to the quality, value, usability, performance, demand, benefits, costs, or negatives associated with each Accused Product.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 38:**

All documents that identify the date of first manufacture, first use, and first sale or license of each version of each Accused Product.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 39:**

All agreements (including EULAs, Terms & Conditions, privacy agreements with merchants and customers, assignments, licenses, or covenants not to assert a patent) related to the Accused Products.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 40:**

All documents related to evidencing the value of the Accused Product including: all royalties that Clover has paid to or received from third parties since July 26, 2016, involving any patents covering or asserted to cover any Accused Product, such as documents sufficient to identify the licensor, payment amount and date, royalty type (including up front, lump sum, and running royalties), royalty rate, royalty base, and the identity of things licensed.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 41:**

All documents that refer to the Asserted Patents, any of the patent application(s) to which the Asserted Patents claim priority, or any of the named inventors of the Asserted Patents.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 42:**

All documents related to any contention that you have regarding the existence of any acceptable non-infringing alternatives to the inventions claimed in the Asserted Patents, including any efforts to design around or otherwise avoid any claims of the Asserted Patents.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 43:**

All documents related to any contention by Clover that its infringement of the Asserted Patents is not willful and that enhanced damages should not be awarded.

**RESPONSE:**

Dated: April 11, 2023                                    Respectfully submitted,

                                                         PATTERSON + SHERIDAN LLP

                                                         */s/ John A. Yates*
                                                         John A. Yates
                                                         Attorney In Charge
                                                         Texas State Bar No. 24056569
                                                         jyates@pattersonsheridan.com

                                                         B. Todd Patterson

Texas State Bar No. 00789537
tpatterson@pattersonsheridan.com

Kyrie Kimber Cameron
Texas State Bar No. 24097450
kcameron@pattersonsheridan.com

Edgar Neil Gonzalez
Texas State Bar No. 24092431
egonzalez@pattersonsheridan.com

Jordan D. Brown
Texas State Bar No. 24120724
jbrown@pattersonsheridan.com

**Patterson + Sheridan LLP**
24 Greenway Plaza, Suite 1600
Houston, Texas 77046
(Tel): 713-623-4844
(Fax): 713-623-4846

Abelino Reyna
Texas State Bar No. 24000087
areyna@pattersonsheridan.com

Craig V. Depew
Texas State Bar No. 05655820
cdepew@pattersonsheridan.com

**Patterson + Sheridan LLP**
729 Washington Ave., Suite 200
Waco, Texas 76701
(Tel.): 254-777-5248
(Fax): 877-777-8071

*Attorneys for Plaintiff*
*CloudofChange, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on counsel of record on April 11, 2023.

*/s/ John A. Yates*
John A. Yates