# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| CloudofChange, LLC,<br>    Plaintiff,<br>v.<br>Clover Network, Inc.,<br>    Defendant. | Case No. 6:22-cv-634-ADA<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO
## CLOVER'S OPPOSED MOTION TO STAY (DKT. 86)

# TABLE OF CONTENTS

TABLE OF CONTENTS ......................................................................................................... i
TABLE OF AUTHORITIES ................................................................................................... ii
TABLE OF EXHIBITS ........................................................................................................... iii
I.   INTRODUCTION ......................................................................................................... 1
II.   FACTUAL BACKGROUND ....................................................................................... 1
III.   ARGUMENT ................................................................................................................. 2
   A.   Transfer ................................................................................................................ 2
   B.   Discovery Responses .......................................................................................... 3
IV.   CONCLUSION ............................................................................................................. 4

## TABLE OF AUTHORITIES

**Cases**

*Beavers v. Express Jet Holdings, Inc.*,
    421 F.Supp 2d 994 (E.D. Tex. 2005) ................................................................................ 2

*Chrysler Credit Corp. v. Country Chrysler, Inc.*,
    928 F.2d 1509 (10th Cir. 1991) ......................................................................................... 3

*In re Miller*,
    485 F.2d 74 (5th Cir. 1973) ............................................................................................... 3

*Magnetic Engineering & Manufacturing Co. v. Dings Manufacturing Co.*,
    178 F.2d 866 (2nd Cir. 1950) ............................................................................................ 3

*Matrixcare Holdings, Inc. v. Jakubowicz*,
    No. 6:19-CV-00003-ADA, 2019 U.S. Dist. LEXIS 100826 (W.D. Tex. May 8, 2019) .... 2

*MatrixCare Holdings, Inc. v. Jakubowicz*,
    No. 6:19-CV-00003-ADA-JCM, 2019 U.S. Dist. LEXIS 100827 (W.D. Tex. Apr. 22, 2019) ................................................................................................................................. 2

*Munro v. Office*,
    No. 6:21-CV-00666-ADA-JCM, 2022 U.S. Dist. LEXIS 155771 (W.D. Tex. May 24, 2022) ................................................................................................................................. 2

*Munro v. United States Copyright Office*,
    No. 6:21-CV-00666-ADA-JCM, 2022 U.S. Dist. LEXIS 218825 (W.D. Tex. Sep. 15, 2022) ................................................................................................................................. 2

*Spitzfaden v. Dow Corning Corp.*,
    1995 U.S. Dist. LEXIS 16787, No. 95-2578, 1995 WL 662663 (E.D. La. Nov. 8, 1995) . 2

*Tortola Rests., L.P. v. Kimberly-Clark Corp.*,
    987 F. Supp. 1186 (N.D. Cal. 1997) ................................................................................. 2

**Statutes**

28 U.S.C § 636 ............................................................................................................................ 2

**Rules**

FED. R. CIV. P. 26 ........................................................................................................................ 4
FED. R. CIV. P. 33 ........................................................................................................................ 4
FED. R. CIV. P. 34 ................................................................................................................... 2, 4

iii

## TABLE OF EXHIBITS

| Exhibit No. | Description |
|:---:|---|
| A | CLOVER NETWORK, LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS (NOS. 1-43), dated May 11, 2023 |
| B | CLOVER NETWORK, LLC'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES (NOS. 1-15), dated May 11, 2023 |

I.     INTRODUCTION

Plaintiff CloudofChange, LLC files this Response in Opposition to Defendant Clover's Opposed Motion to Stay pending the final order on Clover's Motion to Transfer to the Northern District of California ("NDCA"). *See* Dkt. 86 (Motion to Stay). CloudofChange generally agrees to a stay pending the final order regarding transfer, so long as two (2) exclusions apply.

*First*, CloudofChange expects the report and recommendation, objection and briefing, and final order process to proceed pursuant to the Federal Rules. Clover's Motion suggests that Clover agrees on this point. Dkt. 86, p. 2 ("Clover requests that the Court stay further proceedings in this venue until Clover's Motion to Transfer is fully and finally resolved after objections, if any.") However, as discussed herein, Clover's discovery responses suggest that Clover believes this Court is "lacking in jurisdiction on the ground that Clover's Motion to Transfer Venue to the Northern District of California under 28 U.S.C. § 1404(a) was granted on April 14, 2023." Ex. A, Clover's RFP Responses, *passim*; Ex. B, Clover's Interrogatory Responses, *passim*. Accordingly, CloudofChange opposes any stay request that directly or indirectly seems to deny that this Court retains jurisdiction until the transfer becomes effective.

*Second*, CloudofChange requests that this Court compel Clover to serve meaningful responses to CloudofChange's previously-served written discovery requests, including the requested document production.

II.    FACTUAL BACKGROUND

Prior to this filing, Clover endeavors to instate its own stay by refusing to substantively respond or produce documents to written discovery requests, served on April 11, 2023, prior to the hearing before Judge Gilliland on April 14, 2023. *See* Dkt. 82. Specifically, on April 11, 2023, CloudofChange served written discovery requests on Clover. On April 14, 2023, Judge Gilliland heard the parties' arguments regarding Clover's Motion to Transfer and orally granted the Motion

1

to Transfer to the NDCA, subject to this Courts approval. *See* Dkt. 82; Dkt. 87, Exhibit 4 to the Declaration of Kelly Ransom—Hearing Transcript on Clover's Motion to Transfer, at 26:1–4.

On May 11, 2023, Clover served its written discovery responses refusing to substantively respond or produce documents to each and every discovery request, claiming that this Court is "lacking jurisdiction." Yet on May 9, 2023, Clover filed an opposed Motion to Stay asking this Court to grant its Motion to Stay pending the final order on Clover's Motion to Transfer to the NDCA.

### III.   ARGUMENT

#### A. Transfer

*First*, this Court retains jurisdiction. *See Tortola Rests., L.P. v. Kimberly-Clark Corp.*, 987 F. Supp. 1186, 1187 (N.D. Cal. 1997) (citing *Spitzfaden v. Dow Corning Corp.*, 1995 U.S. Dist. LEXIS 16787, No. 95-2578, 1995 WL 662663, *4 n.1 (E.D. La. Nov. 8, 1995)) (holding that the transferor court "retain[ed] exclusive jurisdiction until the … transfer become effective" in the context of an MDL transfer). In the absence of governing circuit precedent, this Court treats motions to transfer venue as dispositive which—absent consent of the parties—magistrate judges may only recommend an appropriate disposition. *See Beavers v. Express Jet Holdings, Inc.*, 421 F.Supp 2d 994, (E.D. Tex. 2005); *see also Munro v. United States Copyright Office*, No. 6:21-CV-00666-ADA-JCM, 2022 U.S. Dist. LEXIS 218825, at *1 (W.D. Tex. Sep. 15, 2022) (*adopting Munro v. Office*, No. 6:21-CV-00666-ADA-JCM, 2022 U.S. Dist. LEXIS 155771, at *1 n.1 (W.D. Tex. May 24, 2022)); *Matrixcare Holdings, Inc. v. Jakubowicz*, No. 6:19-CV-00003-ADA, 2019 U.S. Dist. LEXIS 100826, at *1 (W.D. Tex. May 8, 2019) (*adopting MatrixCare Holdings, Inc. v. Jakubowicz*, No. 6:19-CV-00003-ADA-JCM, 2019 U.S. Dist. LEXIS 100827, at *1 n.1 (W.D. Tex. Apr. 22, 2019)).

This is consistent with Judge Gilliland's oral ruling on April 14, 2023, which indicated that he would submit a Report and Recommendation ("R&R"), by building in an "objection period and a ruling by the district judge in response." Dkt. 87, Exhibit 4 to the Declaration of Kelly Ransom—Hearing Transcript on Clover's Motion to Transfer, at 26:1–4. Judge Gilliland's forthcoming R&R regarding Clover's Motion to Transfer has not been issued. *See* Dkt. 82. Further, CloudofChange "[n]otwithstanding any provisions of law to the contrary," is entitled to "fourteen days" to "serve and file written objections" to Judge Gilliland's "findings and recommendations." 28 U.S.C. § 636(b)(1).

Accordingly, this Court retains jurisdiction until the transfer becomes effective.

**B. Discovery Responses**

As discussed herein, this Court retains jurisdiction to address Clover's defective discovery responses, and neither Clover's unfounded objections nor FED. R. CIV. P. 34(b)(2)(C) excuse Clover's obligations to comply. It is well settled that "[o]nce transferred, the action retains its procedural identity." *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991). "When an action is transferred, it remains what it was; all further proceedings in it are merely referred to another tribunal, leaving untouched whatever has been already done." *Id.* at 1516 (*quoting Magnetic Engineering & Manufacturing Co. v. Dings Manufacturing Co.*, 178 F.2d 866, 868 (2nd Cir. 1950)); *see also In re Miller*, 485 F.2d 74, 76 (5th Cir. 1973) ("the orders issued prior to the transfer continued as though the case were still pending in the original district")).

Here, Clover effectively and unilaterally gave itself a stay in this matter, and Clover's noncompliance jeopardizes CloudofChange's ability to try its case. Clover's response to written discovery served before the Motion to Transfer will not conserve party and judicial resources

3

because Clover has an obligation to respond to CloudofChange's written discovery requests under the Federal Rules of Civil Procedure (Rules 26, 33, and 34).

Furthermore, a stay not excluding Clover's deficient discovery responses will prejudice CloudofChange. Upon the opening of "Fact Discovery," CloudofChange promptly served written discovery responses that included: (i) fifteen (15) Interrogatories, and (ii) forty-three (43) Requests for Production.[1] In response to each and every discovery request, Clover refused to answer on the grounds that this Court lacks jurisdiction, as follows:

> Clover further objects to this request as premature, overbroad, unduly burdensome, and lacking in jurisdiction on the ground that Clover's Motion to Transfer Venue to the Northern District of California under 28 U.S.C. § 1404(a) was granted on April 14, 2023. Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and on the basis of the above objections, Clover states that it is not producing documents at this time.

Ex. A, p. 7.

> Clover further objects to this Interrogatory as premature, overbroad, unduly burdensome, and lacking in jurisdiction on the ground that Clover's Motion to Transfer Venue to the Northern District of California under 28 U.S.C. § 1404(a) was granted on April 14, 2023. Clover reserves the right to supplement its Response to this Interrogatory as the case progresses.

Ex. B, p. 8.

IV. **CONCLUSION**

The Court should compel Clover to serve meaningful responses to CloudofChange's written discovery responses in compliance with Federal Rules of Civil Procedure 26, 33, and 34. And this Court should grant Clover's requested stay so long as the two (2) exclusions apply.

---

[1] CloudofChange concurrently also served a Request for Inspection of the Accused Products and Source Code, which, to be clear, CloudofChange agrees to be covered by the stay.

4

Dated: May 16, 2023

Respectfully submitted,

**PATTERSON + SHERIDAN LLP**

/s/ *John A. Yates*
John A. Yates
Attorney In Charge
Texas State Bar No. 24056569
jyates@pattersonsheridan.com

B. Todd Patterson
Texas State Bar No. 00789537
tpatterson@pattersonsheridan.com

Kyrie Kimber Cameron
Texas State Bar No. 24097450
kcameron@pattersonsheridan.com

Edgar Neil Gonzalez
Texas State Bar No. 24092431
egonzalez@pattersonsheridan.com

Patterson + Sheridan LLP
24 Greenway Plaza, Suite 1600
Houston, Texas 77046
(Tel): 713-623-4844
(Fax): 713-623-4846

Abelino Reyna
Texas State Bar No. 24000087
areyna@pattersonsheridan.com

Craig V. Depew
Texas State Bar No. 05655820
cdepew@pattersonsheridan.com

Patterson + Sheridan LLP
729 Washington Ave., Suite 200
Waco, Texas 76701
(Tel.): 254-777-5248
(Fax): 877-777-8071

*Attorneys for Plaintiff*
*CloudofChange, LLC*

5

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing document was served on counsel of record on May 16, 2023.

                                                    */s/ John A. Yates*
                                                   John A. Yates