# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| CLOUDOFCHANGE, LLC, | |
| Plaintiff, | Civil Action No. 6:22-CV-00634-ADA-DTG |
| v. | JURY TRIAL DEMANDED |
| CLOVER NETWORK, Inc., | |
| Defendant. | |

**CLOVER NETWORK, LLC'S[1] RESPONSES AND OBJECTIONS TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS (NOS. 1-43)**

Defendant Clover Network, LLC responds and objects to Plaintiff CloudofChange, LLC's April 11, 2023 First Set of Requests for Production of Documents to Clover (Nos. 1-43) ("Requests") as set forth below:

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

Clover objects to the Instructions and Definitions in Plaintiff's Requests as follows:

1.      Clover objects to Plaintiff's Definitions and Instructions to the extent that they seek to impose requirements and obligations that differ from or expand the relevant obligations and requirements set forth by the Federal Rules of Civil Procedure, the Local Rules, any applicable court orders, or stipulation or agreement of the parties.  Clover's objections and responses to the Requests, including any production of a privilege log served in connection with Clover's responses, are governed by and comply with the Federal Rules of Civil Procedure, the

---

[1] Clover Network, Inc. converted to Clover Network, LLC in 2021.

- 1 -

Local Rules, and any other applicable court orders, and any stipulation or agreement of the parties.

2.     Clover objects to Definition No. 1 to the extent that it calls for Clover to respond for or on behalf of any person or entity other than Clover Network, LLC, f/k/a Clover Network, Inc.  Clover further objects to the definition to the extent that it calls for the disclosure of privileged attorney client communications and/or protected work product by including Clover's agents in the definition of "Clover," "Clover," "You," and "Your."  Clover's objections and responses are therefore based on information and documents in the possession, custody, or control of Clover Network, LLC only unless otherwise specified.

3.     Clover objects to Definition No. 2 of "communication" as overly broad, vague, and ambiguous, including because it broadly includes "transmittal of information (in the form of facts, ideas, inquiries, or otherwise) in any form."  Clover further objects to this definition to the extent it seeks to impose obligations beyond those set forth in the Federal Rules of Civil Procedure, the Local Rules of this Court, or any other rule or order applicable to this case.  Clover further objects to this definition to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, common interest doctrine, or any other applicable privilege or immunity against disclosure.

4.     Clover objects to Definition No. 3 to the extent it seeks information beyond that required under the Federal Rules of Civil Procedure, the Local Rules of this Court, or any other rule or order applicable to this case. Clover also objects to this definition to the extent that "concerning" as overly broad, vague, and ambiguous, including because it broadly includes "relating to," "referring to," "describing," "evidencing," "supporting," "refuting," or "constituting."

5.      Clover objects to Definition No. 4 to the extent it seeks information beyond that required under the Federal Rules of Civil Procedure, the Local Rules of this Court, or any other rule or order applicable to this case.

6.      Clover objects to Definition No. 5 as overbroad.  Clover will interpret "person" to mean "natural person."

7.      Clover objects to Definition Nos. 7 and 8 to the extent "identify," as defined, would impose obligations on Clover that exceed the Federal Rules of Civil Procedure by purporting to require Clover to disclose documents or information not in its possession, custody, or control.  Clover further objects to each Request, Definition, and Instruction to the extent it seeks documents and information outside of Clover's possession, custody, and control.

8.      Clover objects to Definition No. 16's use of the phrase "any one or all of Clover's products that use or include technology claimed by the Asserted Patents" as vague, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant, admissible evidence, and on the ground that it lacks foundation and assumes facts.  Clover further objects to Definition No. 16 to the extent it purports to shift any burden properly born by CloudofChange to Clover.  Clover further objects to Definition No. 16 to the extent that "Accused Product" refers to any Clover product other than the Clover Solo, Clover Station Duo, Clover, Mini, and Clover Dashboard that are the subject of Plaintiff's claims against Clover.  Clover further objects to Definition No. 16 to the extent that it improperly seeks third party discovery through Clover. Clover does not and never has owned the accused Clover Sport product.

9.      Clover objects to Definition No. 17 as overly broad and unduly burdensome, or seeks discovery of information that is neither relevant to the claims or defenses of any party to

this action nor proportional to the needs of the case to the extent that "Component" refers to components not relevant to the issues in this case.

10.     Clover objects to each Request, Definition, and Instruction to the extent it seeks to require Clover to produce documents or information beyond what Clover is able to locate upon a reasonable search of its own files and from a reasonable inquiry of its current employees.

11.     Clover objects to each Request, Definition, and Instruction to the extent it is overly broad and unduly burdensome, or seeks discovery of information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case.

12.     Clover objects to each Request to the extent it is premature and/or to the extent it: (a) attempts to expedite or otherwise conflicts with any Federal Rule, Local Rule, or schedule entered by the Court; (b) seeks information that is the subject of expert testimony; or (c) depends on depositions and documents that have not been taken or produced.

13.     Clover objects to each Request to the extent it seeks to require Clover to provide information that is publicly available and/or equally available to CloudofChange as to Clover.

14.     Clover objects to each Request to the extent it seeks the discovery of information that is protected from disclosure by the attorney-client privilege, work product doctrine, common interest doctrine, or any other applicable privilege or immunity against disclosure.  Clover intends to and does claim all such protections and privileges.  To the extent privileged or protected information is included in any response, this is inadvertent and shall not constitute a waiver of any protection.

15.     Clover objects to each Request insofar as it seeks the production of information that would violate the privacy rights of third parties (including Clover's current and former employees); confidentiality or non-disclosure arrangements between Clover and any of its actual

or potential customers, current or former employees, or other persons or entities not connected to this litigation; the confidentiality of settlement discussions or agreements; or any court orders restricting the disclosure of such information.

16.     Clover objects to each Request to the extent it requires Clover to draw a legal or expert conclusion.

17.     Clover objects to each Request to the extent that it is duplicative of any other discovery request.

18.     Clover objects to each Request to the extent that CloudofChange is seeking information of a type that it is refusing to produce or include on a privilege log itself.

19.     Responses that refer to July 26, 2016 rely on the issue date of the '640 Patent.  If at any point the '640 Patent is no longer in the case, Clover reserves the right to revise its responses and only provide information based on the then-asserted patents.

20.     Neither these General Objections nor the Specific Objections and Responses set forth below are an admission relative to the existence of any information sought, the relevance or admissibility of any response, or the truth or accuracy of any statement or characterization contained in the Requests.

21.     Nothing in Clover's responses to the Requests constitutes an admission concerning the scope of the claims of any patent at issue nor the relation of any such claims to any services developed, used, licensed, or offered for license by Clover.

22.     Clover's responses are made without waiving or intending to waive any objections as to relevance, materiality, privilege, or admissibility of any information in this or in any subsequent proceeding or at the trial of this or any other action, on any ground.  A partial

answer to a Request that has been objected to, in whole or in part, is not intended to be a waiver of the objection.

23.    Clover has responded to each Request based on information in its current possession, custody, and control.  Clover provides these responses without prejudice to its right to obtain and present additional documents and information ascertained in the future, such as through further investigation, discovery, or otherwise.

24.    Clover will identify the grounds on which it is withholding documents through its objections and responses set forth herein but will not separately identify the individual documents being withheld on grounds other than for privilege. Specifically, Clover will not identify the discovery requests for which each privileged item is withheld. Clover will provide information on its privilege log sufficient to identify the document and the privileged basis for which it is being withheld.

25.    Clover's discovery and investigation of facts relevant to this litigation are ongoing.  Accordingly, Clover reserves its rights to amend, modify, or supplement its responses as necessary and in accordance with Federal Rule of Civil Procedure 26(e).

26.    Clover expressly incorporates the above General Objections as though set forth fully in response to each of the following Requests and, to the extent they are not raised in any particular response, Clover does not waive those objections.

## <u>OBJECTIONS AND RESPONSES TO REQUESTS</u>

The following objections and responses to Request for Production Nos. 1 through 43 are based on the information currently in Clover's possession, custody, or control, and Clover reserves its rights to amend, modify, or supplement the following answers and objections as necessary and in accordance with Fed. R. Civ. P. 26(e).

**REQUEST FOR PRODUCTION NO. 1**

All documents referencing the Asserted Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**

Clover incorporates by reference its General Objections as if fully set forth herein. Clover also objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of the case, including because it broadly seeks "[a]ll documents." Clover further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it is not limited in time. Clover further objects to this Request to the extent it seeks information that is publicly available or already in the possession of CloudofChange. Clover further objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of the case, including because it broadly seeks documents "referencing the Asserted Patents." Clover further objects to this Request as vague and ambiguous because the use of "referencing" renders the Request unclear. Clover further objects to this Request to the extent it seeks information that is protected by attorney-client privilege, the work product doctrine, common interest doctrine, or any other applicable privilege or immunity from disclosure.

Clover further objects to this request as premature, overbroad, unduly burdensome, and lacking in jurisdiction on the ground that Clover's Motion to Transfer Venue to the Northern District of California under 28 U.S.C. § 1404(a) was granted on April 14, 2023. Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and on the basis of the above objections, Clover states that it is not producing documents at this time.

**REQUEST FOR PRODUCTION NO. 2**

All documents related to the actions you took, if any, as a result of becoming aware of the Asserted Patents, including documents sufficient to show how and when you first became aware of each of the Asserted Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2**

Clover incorporates by reference its General Objections as if fully set forth herein. Clover also objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of the case, including because it broadly seeks "[a]ll documents." Clover further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it is not limited in time. Clover further objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of the case, including because it broadly seeks documents "related to" actions Clover took. Clover further objects to this Request as vague and ambiguous because the use of "related to" renders the Request unclear. Clover further objects to this Request on the ground that it seeks information that is protected by attorney-client privilege, the work product doctrine, common interest doctrine, or any other applicable privilege or immunity from disclosure. Clover further objects to this Request to the extent it seeks information that is publicly available.

Clover further objects to this request as premature, overbroad, unduly burdensome, and lacking in jurisdiction on the ground that Clover's Motion to Transfer Venue to the Northern District of California under 28 U.S.C. § 1404(a) was granted on April 14, 2023. Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and on the basis of the above objections, Clover states that it is not producing documents at this time.

- 8 -

**REQUEST FOR PRODUCTION NO. 3**

All documents concerning your contention that you do not infringe any claim of the Asserted Patents, including but not limited to, documents concerning your contention that the Asserted Patents are not infringed by your production (or will not be infringed by any planned production) of the Accused Product. This request seeks both technical documents as well as any communications concerning your alleged non-infringement, including communications with any customer, supplier, manufacturer, or other third party.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3**

Clover incorporates by reference its General Objections as if fully set forth herein. Clover also objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of the case, including because it broadly seeks "[a]ll documents." As indicated in its General Objections, Clover further objects to Plaintiff's definition of "communication" as overly broad, vague, and ambiguous, including because it broadly includes "transmittal of information (in the form of facts, ideas, inquiries, or otherwise) in any form." Clover further objects to this Request to the extent it is seeking expert testimony. Clover further objects to this Request to the extent it seeks information that is protected by attorney-client privilege, the work product doctrine, common interest doctrine, or any other applicable privilege or immunity from disclosure. Clover further objects to this Request to the extent it seeks information that is publicly available. Clover further objects to this Request to the extent that it calls for a legal conclusion. Clover further objects to this Request to the extent it calls for Clover's contentions with respect to legal issues.

Clover further objects to this request as premature, overbroad, unduly burdensome, and lacking in jurisdiction on the ground that Clover's Motion to Transfer Venue to the Northern District of California under 28 U.S.C. § 1404(a) was granted on April 14, 2023. Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and on the basis of the above objections, Clover states that it is not producing documents at this time.

- 9 -

**REQUEST FOR PRODUCTION NO. 4**

All documents concerning your contention that one or more claims of the Asserted Patents are invalid or unenforceable, including but not limited to, documents concerning the relevant art for the Asserted Claims for the Asserted Patents. This request seeks both technical documents as well as any communications regarding the alleged invalidity of the Asserted Patents, including communications with any customer, supplier, manufacturer, or other third party.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

Clover incorporates by reference its General Objections as if fully set forth herein. Clover also objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of the case, including because it broadly seeks "[a]ll documents." Clover further objects to this Request as vague and ambiguous because the use of "concerning" renders the Request unclear.  Clover further objects to this Request as vague and ambiguous because the use of the phrase "relevant art" renders the Request unclear.  As indicated in its General Objections, Clover further objects to Plaintiff's definition of "communication" as overly broad, vague, and ambiguous, including because it broadly includes "transmittal of information (in the form of facts, ideas, inquiries, or otherwise) in any form."  Clover further objects to this Request to the extent it is seeking expert testimony.  Clover further objects to this Request to the extent it seeks information that is protected by attorney-client privilege, the work product doctrine, common interest doctrine, or any other applicable privilege or immunity from disclosure.  Clover further objects to this Request to the extent it seeks information that is publicly available.  Clover further objects to this Request to the extent that it calls for a legal conclusion.  Clover further objects to this Request to the extent it calls for invalidity contentions prematurely.

Clover further objects to this request as premature, overbroad, unduly burdensome, and lacking in jurisdiction on the ground that Clover's Motion to Transfer Venue to the Northern

District of California under 28 U.S.C. § 1404(a) was granted on April 14, 2023.  Pursuant to Fed.

R. Civ. P. 34(b)(2)(C), and on the basis of the above objections, Clover states that it is not

producing documents at this time.

**REQUEST FOR PRODUCTION NO. 5**

Documents sufficient to show your past and present organizational structure, including but not limited to, organizational charts (including all subsidiaries, affiliates, or related third-party entities) and other documents concerning your company, including any documents that list or identify the person or persons who had responsibility for the following functions: chief executive officer or manager, chief operating officer or manager, chief financial officer or manager, product manager, product operations, manufacturing, marketing or distribution, sales, product development, product engineering, and research and development.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5**

Clover incorporates by reference its General Objections as if fully set forth herein.

Clover further objects to this Request as overly broad, unduly burdensome, and not proportional

to the needs of the case because it is not limited in time.  Clover further objects to this Request

because it is overly broad, unduly burdensome, and not proportional to the needs of the case,

including because it broadly seeks information regarding the "organizational charts (including all

subsidiaries, affiliates or related third-parties."  Clover further objects to this Request as vague

and ambiguous because the use of "related third-parties" renders the Request unclear.  Clover

further objects to this Request as vague and ambiguous because the use of "affiliates,"

"manufacturing," "marketing," "distribution," and "sales" render the Request unclear.  Clover

further objects to this Request to the extent it seeks information that is protected by attorney-

client privilege, the work product doctrine, common interest doctrine, or any other applicable

privilege or immunity from disclosure.  Clover further objects to this Request to the extent that it

seeks disclosure of information that Clover is under an obligation to a third party not to disclose.

Clover further objects to this Request to the extent it seeks information that is publicly available.

Clover further objects to this request as premature, overbroad, unduly burdensome, and lacking in jurisdiction on the ground that Clover's Motion to Transfer Venue to the Northern District of California under 28 U.S.C. § 1404(a) was granted on April 14, 2023.  Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and on the basis of the above objections, Clover states that it is not producing documents at this time.

**REQUEST FOR PRODUCTION NO. 6**

All documents sufficient to show, for each Component of the Accused Product, any ownership, lease, rental, license, or other controlling interest.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6**

Clover incorporates by reference its General Objections as if fully set forth herein. Clover also objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of the case, including because it broadly seeks "[a]ll documents."  As indicated in its General Objections, Clover objects to Plaintiff's definition of "Accused Product." Clover further objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of the case, including because it broadly seeks information regarding "each Component of the Accused Product," under CloudofChange's overbroad definition of Component.

Clover further objects to this request as premature, overbroad, unduly burdensome, and lacking in jurisdiction on the ground that Clover's Motion to Transfer Venue to the Northern District of California under 28 U.S.C. § 1404(a) was granted on April 14, 2023.  Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and on the basis of the above objections, Clover states that it is not producing documents at this time.

**REQUEST FOR PRODUCTION NO. 7**

All documents sufficient to establish, for each Component of the Accused Product, any obligations by anyone to operate, maintain, provide, or control the Component.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7**

Clover incorporates by reference its General Objections as if fully set forth herein. Clover also objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of the case, including because it broadly seeks "[a]ll documents." As indicated in its General Objections, Clover objects to Plaintiff's definition of "Accused Product." Clover further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it is not limited in time. Clover further objects to this Request because it is overly broad, unduly burdensome, vague and ambiguous, and not proportional to the needs of the case, including because it broadly seeks information regarding "any obligations by anyone to operate, maintain, provide, or control" every component of every Accused Product. Clover further objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of the case, including because it broadly seeks information regarding "each Component of the Accused Product," under CloudofChange's overbroad definition of Component.

Clover further objects to this request as premature, overbroad, unduly burdensome, and lacking in jurisdiction on the ground that Clover's Motion to Transfer Venue to the Northern District of California under 28 U.S.C. § 1404(a) was granted on April 14, 2023. Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and on the basis of the above objections, Clover states that it is not producing documents at this time.

**REQUEST FOR PRODUCTION NO. 8**

All documents evidencing the conception and development of the Accused Product, including Components, suppliers, and testing of the Accused Product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8**

Clover incorporates by reference its General Objections as if fully set forth herein. Clover also objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of the case, including because it broadly seeks "[a]ll documents." As indicated in its General Objections, Clover objects to Plaintiff's definition of "Accused Product." Clover further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it is not limited in time. Clover objects to this Request on the ground that it is vague and ambiguous in light of the phrasing "including Components, suppliers, and testing." Clover objects to this Request to the extent it seeks documents not within Clover's possession, custody, or control. Clover further objects to this Request to the extent it seeks information that is protected by attorney-client privilege, the work product doctrine, common interest doctrine, or any other applicable privilege or immunity from disclosure.

Clover further objects to this request as premature, overbroad, unduly burdensome, and lacking in jurisdiction on the ground that Clover's Motion to Transfer Venue to the Northern District of California under 28 U.S.C. § 1404(a) was granted on April 14, 2023. Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and on the basis of the above objections, Clover states that it is not producing documents at this time.

**REQUEST FOR PRODUCTION NO. 9**

Documents sufficient to show all commercialized models or versions of the Accused Product, including the dates of first release of each model or version, release of each subsequent model or version, and discontinuation of each model or version.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9**

Clover incorporates by reference its General Objections as if fully set forth herein.  As indicated in its General Objections, Clover objects to Plaintiff's definition of "Accused Product." Clover further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it is not limited in time.  Clover further objects to this Request as vague and ambiguous because the use of "commercialized" and "discontinuation" renders the Request unclear.  Clover further objects to this Request because it seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case, including because it broadly seeks information regarding functionality not at issue in this litigation.  Clover further objects to this Request to the extent it seeks information about Clover products and services not accused in this litigation.

Clover further objects to this request as premature, overbroad, unduly burdensome, and lacking in jurisdiction on the ground that Clover's Motion to Transfer Venue to the Northern District of California under 28 U.S.C. § 1404(a) was granted on April 14, 2023.  Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and on the basis of the above objections, Clover states that it is not producing documents at this time.

**REQUEST FOR PRODUCTION NO. 10**

All documents evidencing the operation or installation of any Accused Product, including manuals, user's guides, engineering documents, operating instructions, customer training, and other training materials.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10**

Clover incorporates by reference its General Objections as if fully set forth herein. Clover also objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of the case, including because it broadly seeks "[a]ll documents."

- 15 -

Clover further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it is not limited in time.  As indicated in its General Objections, Clover objects to Plaintiff's definition of "Accused Product."  Clover further objects to this Request because it seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case, including because it broadly seeks "manuals, user's guides, engineering documents, operating instructions, customer training, and other training materials" of the Accused Products without regard to whether they relate to the purported functionality at issue in this case.  Clover further objects to this Request because the use of "operation," "installation," "engineering documents," "customer training," and "other training materials" render the Request unclear.  Clover further objects to this Request because it seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case, including because it broadly seeks information regarding functionality not at issue in this litigation.  Clover further objects to this Request to the extent it seeks information that is publicly available.

Clover further objects to this request as premature, overbroad, unduly burdensome, and lacking in jurisdiction on the ground that Clover's Motion to Transfer Venue to the Northern District of California under 28 U.S.C. § 1404(a) was granted on April 14, 2023.  Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and on the basis of the above objections, Clover states that it is not producing documents at this time.

**REQUEST FOR PRODUCTION NO. 11**

All documents evidencing the date of introduction of the Accused Product to the market and dates of any revisions, updates, or changes made to the Accused Product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11**

Clover incorporates by reference its General Objections as if fully set forth herein. Clover further objects to this Request to the extent it is duplicative of other requests.  Clover also objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of the case, including because it broadly seeks "[a]ll documents."  As indicated in its General Objections, Clover objects to Plaintiff's definition of "Accused Product."  Clover further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it is not limited in time.  Clover further objects to this Request as vague and ambiguous because the use of "revisions," "updates," and "changes" render this Request unclear. Clover further objects to this Request as vague and ambiguous because the meaning of "introduction," in the context of the Accused Products, is unclear.  Clover further objects to this Request because it seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case, including because it broadly seeks "revisions," "updates," and "changes" made to Accused Products without regard to whether they relate to the purported functionality at issue in this case.  Clover further objects to this Request because it seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case, including because it broadly seeks information regarding functionality not at issue in this litigation.

Clover further objects to this request as premature, overbroad, unduly burdensome, and lacking in jurisdiction on the ground that Clover's Motion to Transfer Venue to the Northern District of California under 28 U.S.C. § 1404(a) was granted on April 14, 2023.  Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and on the basis of the above objections, Clover states that it is not producing documents at this time.

**REQUEST FOR PRODUCTION NO. 12**

All documents concerning your business plans, economic analyses, consumer research, market analyses, market studies, market shares, sales forecasts, sales projections, present or future plans for advertising, present or future plans for marketing, and promotions for the Accused Product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12**

Clover incorporates by reference its General Objections as if fully set forth herein. Clover also objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of the case, including because it broadly seeks "[a]ll documents." As indicated in its General Objections, Clover objects to Plaintiff's definition of "Accused Product." Clover further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it is not limited in time. Clover further objects to this Request because it seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case, including because it broadly seeks information regarding functionality not at issue in this litigation. Clover further objects to this Request because it seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case, including because it seeks information regarding "plans" that may have never gone into effect. Clover further objects to this Request as vague and ambiguous because the use of "business plans" and "promotions" and "present or future plans" render this Request unclear. Clover further objects to this Request to the extent it seeks information that is protected by attorney-client privilege, the work product doctrine, common interest doctrine, or any other applicable privilege or immunity from disclosure.

Clover further objects to this request as premature, overbroad, unduly burdensome, and lacking in jurisdiction on the ground that Clover's Motion to Transfer Venue to the Northern District of California under 28 U.S.C. § 1404(a) was granted on April 14, 2023. Pursuant to Fed.

R. Civ. P. 34(b)(2)(C), and on the basis of the above objections, Clover states that it is not producing documents at this time.

## REQUEST FOR PRODUCTION NO. 13

All documents evidencing the valuation of the Accused Product.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 13

Clover incorporates by reference its General Objections as if fully set forth herein. Clover also objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of the case, including because it broadly seeks "[a]ll documents." As indicated in its General Objections, Clover objects to Plaintiff's definition of "Accused Product." Clover further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it is not limited in time. Clover further objects to this Request as vague and ambiguous because the use of "evidencing the valuation" renders this Request unclear. Clover further objects to this Request because it seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case, including because it broadly seeks information regarding functionality not at issue in this litigation. Clover further objects to this Request to the extent that it seeks documents not relevant to the claims or defenses of any party to this action because damages cannot be obtained prior to July 26, 2016.

Clover further objects to this request as premature, overbroad, unduly burdensome, and lacking in jurisdiction on the ground that Clover's Motion to Transfer Venue to the Northern District of California under 28 U.S.C. § 1404(a) was granted on April 14, 2023. Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and on the basis of the above objections, Clover states that it is not producing documents at this time.

**REQUEST FOR PRODUCTION NO. 14**

Documents sufficient to show an accounting for each Component of the Accused Product, including active installations per month and active point of sale terminals per month.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14**

Clover incorporates by reference its General Objections as if fully set forth herein.  As indicated in its General Objections, Clover objects to Plaintiff's definition of "Accused Product." Clover further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it is not limited in time.  Clover further objects to this Request to the extent it seeks information that Clover does not maintain in the ordinary course of business. Clover further objects to this Request as vague and ambiguous because the use of "an accounting," "Component," "active installations," and "active point of sale terminals" render the Request unclear.  Clover further objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of the case, including because it broadly seeks information regarding "each Component of the Accused Product," under CloudofChange's overbroad definition of Component.  Clover further objects to this Request to the extent it seeks information that is publicly available.  Clover objects to this Request to the extent it purports to require production of materials other than as they are kept in the ordinary course of business.

Clover further objects to this request as premature, overbroad, unduly burdensome, and lacking in jurisdiction on the ground that Clover's Motion to Transfer Venue to the Northern District of California under 28 U.S.C. § 1404(a) was granted on April 14, 2023.  Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and on the basis of the above objections, Clover states that it is not producing documents at this time.

**REQUEST FOR PRODUCTION NO. 15**

Documents sufficient to show any products sold and marketed in conjunction with the Accused Product, including software modules, products, or services, including invoices and marketing materials.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15**

Clover incorporates by reference its General Objections as if fully set forth herein.  As indicated in its General Objections, Clover objects to Plaintiff's definition of "Accused Product." Clover further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it is not limited in time.  Clover further objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of the case, including because it broadly seeks information regarding "any products."  Clover further objects to this Request because it seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case, including because it broadly seeks information regarding functionality and/or products not at issue in this litigation.  Clover further objects to this Request as vague and ambiguous because the use of "sold and marketed in conjunction with" renders the Request unclear.  Clover further objects to this Request to the extent that it seeks disclosure of information that Clover is under an obligation to a third party not to disclose.  Clover further objects to this Request to the extent it seeks information that is publicly available.

Clover further objects to this request as premature, overbroad, unduly burdensome, and lacking in jurisdiction on the ground that Clover's Motion to Transfer Venue to the Northern District of California under 28 U.S.C. § 1404(a) was granted on April 14, 2023.  Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and on the basis of the above objections, Clover states that it is not producing documents at this time.

**REQUEST FOR PRODUCTION NO. 16**

Documents and/or communications evidencing competitive assessments or analysis comparing the Accused Product to third party products that compete with the Accused Product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16**

Clover incorporates by reference its General Objections as if fully set forth herein.  As indicated in its General Objections, Clover objects to Plaintiff's definition of "Accused Product." Clover further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it is not limited in time.  As indicated in its General Objections, Clover further objects to Plaintiff's definition of "communication" as overly broad, vague, and ambiguous, including because it broadly includes "transmittal of information (in the form of facts, ideas, inquiries, or otherwise) in any form."  Clover further objects to this Request because it seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case, including because it broadly seeks information regarding functionality not at issue in this litigation.  Clover further objects to this Request as vague and ambiguous because the use of "competitive assessments," "analysis," and "third party products that compete with the Accused Product" renders this Request unclear.  Clover further objects to this Request to the extent it seeks information that is protected by attorney-client privilege, the work product doctrine, common interest doctrine, or any other applicable privilege or immunity from disclosure.  Clover further objects to this Request to the extent that it seeks disclosure of information that Clover is under an obligation to a third party not to disclose.

Clover further objects to this request as premature, overbroad, unduly burdensome, and lacking in jurisdiction on the ground that Clover's Motion to Transfer Venue to the Northern District of California under 28 U.S.C. § 1404(a) was granted on April 14, 2023.  Pursuant to Fed.

R. Civ. P. 34(b)(2)(C), and on the basis of the above objections, Clover states that it is not producing documents at this time.

## REQUEST FOR PRODUCTION NO. 17

For each Accused Product, documents and/or communications evidencing pricing analyses, pricing techniques, price elasticity studies, pricing plans, pricing studies, pricing forecasts, pricing comparisons, subscription prices and models, list prices, prices actually charged, average discount off list price by customer, and customer response to price increases.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 17

Clover incorporates by reference its General Objections as if fully set forth herein.  As indicated in its General Objections, Clover objects to Plaintiff's definition of "Accused Product." Clover further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it is not limited in time.  Clover further objects to this Request because it seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case.  Clover further objects to this Request as vague and ambiguous because the use of "pricing analyses," "pricing techniques," "price elasticity studies," "pricing plans," "pricing studies," "pricing forecasts," "pricing comparisons," "subscription … models," "prices actually charged," "average discount off list price by customer," and "customer response to price increases" renders the Request unclear.  Clover further objects to this Request to the extent it purports to require Clover to produce or create documents other than as documents are kept in the ordinary course of business.  Clover objects to this Request to the extent it seeks information Clover is under an obligation to one or more third parties not to disclose.  Clover objects to this Request to the extent it seeks information not in Clover's possession, custody, or control.  Clover further objects to this Request because it seeks information that is neither relevant to the claims or defenses of any party to this action nor

proportional to the needs of the case, including because it seeks information regarding "plans" that may have never gone into effect.  As indicated in its General Objections, Clover further objects to Plaintiff's definition of "communication" as overly broad, vague, and ambiguous, including because it broadly includes "transmittal of information (in the form of facts, ideas, inquiries, or otherwise) in any form."  Clover further objects to this Request to the extent it seeks information that is publicly available.

Clover further objects to this request as premature, overbroad, unduly burdensome, and lacking in jurisdiction on the ground that Clover's Motion to Transfer Venue to the Northern District of California under 28 U.S.C. § 1404(a) was granted on April 14, 2023.  Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and on the basis of the above objections, Clover states that it is not producing documents at this time.

**REQUEST FOR PRODUCTION NO. 18**

Documents and/or communications evidencing surveys or studies conducted by Clover or a third party that reflect customer preferences for the features and functionality included in the Accused Product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18**

Clover incorporates by reference its General Objections as if fully set forth herein.  As indicated in its General Objections, Clover objects to Plaintiff's definition of "Accused Product." Clover further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it is not limited in time.  As indicated in its General Objections, Clover further objects to Plaintiff's definition of "communication" as overly broad, vague, and ambiguous, including because it broadly includes "transmittal of information (in the form of facts, inquiries, or otherwise) in any form."  Clover further objects to this Request as vague and ambiguous because the use of "reflect customer preferences" renders the Request

unclear.  Clover further objects to this Request as vague and ambiguous because it is unclear what "features and functionality included in the Accused Product" means, including whether it means features that are accused in Plaintiff's Infringement Contentions.  Clover further objects to this Request because it seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case, including because it broadly seeks information regarding functionality not at issue in this litigation.  Clover further objects to this Request to the extent that it seeks disclosure of information that Clover is under an obligation to a third party not to disclose.  Clover objects to this Request to the extent it seeks information not in Clover's possession, custody, or control.  Clover further objects to this Request to the extent it seeks information that is protected by attorney-client privilege, the work product doctrine, common interest doctrine, or any other applicable privilege or immunity from disclosure.  Clover further objects to this Request to the extent it seeks information that is publicly available.

Clover further objects to this request as premature, overbroad, unduly burdensome, and lacking in jurisdiction on the ground that Clover's Motion to Transfer Venue to the Northern District of California under 28 U.S.C. § 1404(a) was granted on April 14, 2023.  Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and on the basis of the above objections, Clover states that it is not producing documents at this time.

**REQUEST FOR PRODUCTION NO. 19**

Documents and/or communications evidencing industry reports related to the Accused Product, including reports containing market share information for industry participants and reports illustrating criteria considered by customers when evaluating the Accused Product and products that compete with the Accused Product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19**

Clover incorporates by reference its General Objections as if fully set forth herein.  As indicated in its General Objections, Clover objects to Plaintiff's definition of "Accused Product." Clover further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it is not limited in time.  As indicated in its General Objections, Clover further objects to Plaintiff's definition of "communication" as overly broad, vague, and ambiguous, including because it broadly includes "transmittal of information (in the form of facts, ideas, inquiries, or otherwise) in any form."  Clover further objects to this Request as vague and ambiguous because the use of "related to" renders the Request unclear.  Clover further objects to this Request because it seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case, including because it broadly seeks information regarding functionality not at issue in this litigation.  Clover further objects to this Request as vague and ambiguous because the use of "industry reports" renders this Request unclear.  Clover further objects to this Request as vague and ambiguous in light of "market share information for industry participants" and "criteria considered by customers when evaluating the Accused Product and products that compete with the Accused Product."  Clover further objects to this Request to the extent it purports to require Clover to produce or create documents other than as documents are kept in the ordinary course of business.  Clover objects to this Request to the extent it seeks information Clover is under an obligation to one or more third parties not to disclose.  Clover objects to this Request to the extent it seeks information not in Clover's possession, custody, or control.

Clover further objects to this request as premature, overbroad, unduly burdensome, and lacking in jurisdiction on the ground that Clover's Motion to Transfer Venue to the Northern

District of California under 28 U.S.C. § 1404(a) was granted on April 14, 2023. Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and on the basis of the above objections, Clover states that it is not producing documents at this time.

**REQUEST FOR PRODUCTION NO. 20**

Documents and/or communications evidencing industry accolades or other recognition for the Accused Product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20**

Clover incorporates by reference its General Objections as if fully set forth herein. As indicated in its General Objections, Clover objects to Plaintiff's definition of "Accused Product." Clover further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it is not limited in time. As indicated in its General Objections, Clover further objects to Plaintiff's definition of "communication" as overly broad, vague, and ambiguous, including because it broadly includes "transmittal of information (in the form of facts, ideas, inquiries, or otherwise) in any form." Clover further objects to this Request because it seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case, including because it broadly seeks information regarding functionality not at issue in this litigation. Clover further objects to this Request as vague and ambiguous because the use of "industry accolades" and "other recognition" renders this Request unclear.

Clover further objects to this request as premature, overbroad, unduly burdensome, and lacking in jurisdiction on the ground that Clover's Motion to Transfer Venue to the Northern District of California under 28 U.S.C. § 1404(a) was granted on April 14, 2023. Pursuant to Fed.

R. Civ. P. 34(b)(2)(C), and on the basis of the above objections, Clover states that it is not producing documents at this time.

## REQUEST FOR PRODUCTION NO. 21

Documents evidencing contracts and any licensing terms between Clover and its customers related to the Accused Product.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 21

Clover incorporates by reference its General Objections as if fully set forth herein.  As indicated in its General Objections, Clover objects to Plaintiff's definition of "Accused Product." Clover further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it is not limited in time.  Clover further objects to this Request because it is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claims or defenses of any party to this action, including because it seeks information regarding "contracts and any licensing terms between Clover and its customers related to the Accused Product."  Clover further objects to this Request as vague and ambiguous because the use of "licensing terms" renders the Request unclear. Clover further objects to this Request as vague and ambiguous because the use of "related to" renders the Request unclear.  Clover further objects to this Request because it seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case, including because it broadly seeks information regarding the identification of all of Clover's customers for the Accused Products.  Clover further objects to this Request because it seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case, including because it broadly seeks information regarding functionality not at issue in this litigation.  Clover further objects to this Request to the

- 28 -

extent it seeks information that is protected by attorney-client privilege, the work product doctrine, common interest doctrine, or any other applicable privilege or immunity from disclosure. Clover further objects to this Request to the extent it seeks information that is publicly available. Clover further objects to this Request to the extent that it seeks disclosure of information that Clover is under an obligation to a third party not to disclose. Clover objects to this Request to the extent it seeks information not in Clover's possession, custody, or control.

Clover further objects to this request as premature, overbroad, unduly burdensome, and lacking in jurisdiction on the ground that Clover's Motion to Transfer Venue to the Northern District of California under 28 U.S.C. § 1404(a) was granted on April 14, 2023. Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and on the basis of the above objections, Clover states that it is not producing documents at this time.

## REQUEST FOR PRODUCTION NO. 22

Documents sufficient to show the development, design, structure, function, operation, installation, and use of each Accused Product, including manuals, technical specifications, functional specifications, design specifications, engineering documents, network architecture maps and specifications (including with remote servers, cloud service providers), schematics, user's guides, user manuals, operating instructions, operations manuals, customer training, other training manuals, and administrators guides.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 22

Clover incorporates by reference its General Objections as if fully set forth herein. Clover further objects to this Request to the extent it is duplicative of other requests. As indicated in its General Objections, Clover objects to Plaintiff's definition of "Accused Product." Clover further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it is not limited in time. Clover further objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of the case,

including because it broadly seeks "manuals, technical specifications, functional specifications, design specifications, engineering documents, network architecture maps and specifications (including with remote servers, cloud service providers), schematics, user's guides, user manuals, operating instructions, operations manuals, customer training, other training manuals, and administrators guides."  Clover further objects to this Request because the use of "including with remote servers, cloud server providers" and "installation," renders the Request unclear. Clover further objects to this Request as vague and ambiguous because the meaning of "structure," in the context of the Accused Products, is unclear.  Clover further objects to this Request because it seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case, including because it broadly seeks documents "to show the development, design, structure, function, operation, installation, and use" of the Accused Products without regard to whether they relate to the purported functionality at issue in this case.  Clover further objects to this Request to the extent that it seeks source code. Clover will only produce such material in accordance with the protocols that will be established for source code.  Clover further objects to this Request to the extent it seeks information that is publicly available.

Clover further objects to this request as premature, overbroad, unduly burdensome, and lacking in jurisdiction on the ground that Clover's Motion to Transfer Venue to the Northern District of California under 28 U.S.C. § 1404(a) was granted on April 14, 2023.  Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and on the basis of the above objections, Clover states that it is not producing documents at this time.

## REQUEST FOR PRODUCTION NO. 23

Documents sufficient to identify any third-party which possesses product documentation related to the design, structure, function, operation, and use of each Accused Product, including technical specifications, functional specifications, design specifications, network architecture maps and specifications (including with remote servers, cloud service providers), schematics, user manuals, operations, manuals, and administrator's guides.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 23

Clover incorporates by reference its General Objections as if fully set forth herein. As indicated in its General Objections, Clover objects to Plaintiff's definition of "Accused Product." Clover further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it is not limited in time. Clover further objects to this Request because it is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claims or defenses of any party to this action, including because it seeks information regarding the identity of every third party that "possesses product documentation related to the design, structure, function, operation, and use of each Accused Product." Clover further objects to this Request as vague and ambiguous because the use of "related to" renders the Request unclear. Clover further objects to this Request because it seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case, including because it broadly seeks information regarding functionality not at issue in this litigation. Clover further objects to this Request to the extent it seeks information that is publicly available. Clover further objects to this Request on the ground that it seeks information that is not within Clover's possession, custody, or control. Clover further objects to this Request to the extent that it seeks disclosure of information that Clover is under an obligation to a third party not to disclose.

Clover further objects to this request as premature, overbroad, unduly burdensome, and lacking in jurisdiction on the ground that Clover's Motion to Transfer Venue to the Northern District of California under 28 U.S.C. § 1404(a) was granted on April 14, 2023.  Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and on the basis of the above objections, Clover states that it is not producing documents at this time.

## REQUEST FOR PRODUCTION NO. 24

All documents relating to the source code used by the Accused Products including, but not limited to: source code for each version of each Accused Product, version/feature update and bug fixing logs (including JIRA or JIRA-type databases or logs), identity of the author(s) of the source code, and all products or software bundled with each of the Accused Products.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 24

Clover incorporates by reference its General Objections as if fully set forth herein. Clover also objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of the case, including because it broadly seeks "[a]ll documents." Clover further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it is not limited in time.  As indicated in its General Objections, Clover objects to Plaintiff's definition of "Accused Product."   Clover further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case to the extent that it seeks source code for functionality that does not relate to the functionality accused in Plaintiff's Infringement Contentions.  Clover further objects to this Request to the extent that it seeks source code in a manner that is inconsistent with the protocols that will be established for source code.

Clover further objects to this request as premature, overbroad, unduly burdensome, and lacking in jurisdiction on the ground that Clover's Motion to Transfer Venue to the Northern

District of California under 28 U.S.C. § 1404(a) was granted on April 14, 2023.  Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and on the basis of the above objections, Clover states that it is not producing documents at this time.

**REQUEST FOR PRODUCTION NO. 25**

All product documentation and marketing literature provided to distributors, wholesalers, resellers, integrators, third-party support organizations, repairers, refurbishers, and end-users of Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25**

Clover incorporates by reference its General Objections as if fully set forth herein.  As indicated in its General Objections, Clover objects to Plaintiff's definition of "Accused Product." Clover further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it is not limited in time.  Clover further objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of the case, including because it broadly seeks "[a]ll product documentation and marketing literature" provided to various third parties by ***any*** person.  Clover further objects to this Request because it is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claims or defenses of any party to this action, including because it seeks information regarding documents provided to third parties, which includes information that is not relevant to the purported functionality at issue in this case. Clover further objects to this Request as vague and ambiguous because the use of "distributors," "wholesalers," "resellers," "integrators," "third-party support organizations," "repairers," "refurbishers," and "end-users" renders this Request unclear.  Clover further objects to this Clover further objects to this Request to the extent it seeks information that is publicly available. Clover further objects to this Request to the extent it seeks information that is not within

Clover's possession, custody, or control.  Clover further objects to this Request to the extent that it seeks disclosure of information that Clover is under an obligation to a third party not to disclose.

Clover further objects to this request as premature, overbroad, unduly burdensome, and lacking in jurisdiction on the ground that Clover's Motion to Transfer Venue to the Northern District of California under 28 U.S.C. § 1404(a) was granted on April 14, 2023.  Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and on the basis of the above objections, Clover states that it is not producing documents at this time.

**REQUEST FOR PRODUCTION NO. 26**

Documents sufficient to identify any third party that has purchased, licensed, or otherwise acquired from you any Accused Product since July 26, 2016.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26**

Clover incorporates by reference its General Objections as if fully set forth herein.  As indicated in its General Objections, Clover objects to Plaintiff's definition of "Accused Product." Clover further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it is not limited in time.  Clover further objects to this Request because it is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claims or defenses of any party to this action, including because it seeks information regarding the identity of "any third party that has purchased, licensed, or otherwise acquired from you any Accused Product since July 26, 2016." Clover further objects to this Request as vague and ambiguous because the use of "otherwise acquired from" renders the Request unclear.  Clover further objects to this Request to the extent it seeks information that is protected by attorney-client privilege, the work product doctrine,

common interest doctrine, or any other applicable privilege or immunity from disclosure. Clover further objects to this Request to the extent it seeks information that is publicly available. Clover further objects to this Request to the extent that it seeks disclosure of information that Clover is under an obligation to a third party not to disclose.

Clover further objects to this request as premature, overbroad, unduly burdensome, and lacking in jurisdiction on the ground that Clover's Motion to Transfer Venue to the Northern District of California under 28 U.S.C. § 1404(a) was granted on April 14, 2023. Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and on the basis of the above objections, Clover states that it is not producing documents at this time.

**REQUEST FOR PRODUCTION NO. 27**

Documents sufficient to show the number of each Accused Product made, used, sold, distributed, licensed, or imported by you or on your behalf, including but not limited to the number of each Accused Product registered in the United States for use by end-users in the United States and worldwide on a monthly basis since July 26, 2016.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27**

Clover incorporates by reference its General Objections as if fully set forth herein. As indicated in its General Objections, Clover objects to Plaintiff's definition of "Accused Product." Clover further objects to this Request to the extent it seeks information that Clover does not maintain in the ordinary course of business. Clover further objects to this Request as vague and ambiguous because the use of "distributed" "registered in the United States for use" and "end-users" renders the Request unclear. Clover further objects to this Request to the extent that it seeks disclosure of information that Clover is under an obligation to a third party not to disclose. Clover objects to this Request to the extent it purports to require Clover to create or produce documents other than as they are kept in the ordinary course of business.

Clover further objects to this request as premature, overbroad, unduly burdensome, and lacking in jurisdiction on the ground that Clover's Motion to Transfer Venue to the Northern District of California under 28 U.S.C. § 1404(a) was granted on April 14, 2023.  Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and on the basis of the above objections, Clover states that it is not producing documents at this time.

## REQUEST FOR PRODUCTION NO. 28

Documents sufficient to show the sales volume, gross revenue, costs of goods sold, gross profits, operating costs, operating profits, and net profits for each Accused Product (including but not limited to subscription purchases, hardware Component sales, and transaction-based revenue (*e.g.*, credit card transaction fee revenues) made, used, sold, distributed, licensed, or imported by you or on your behalf on a monthly, quarterly, and yearly basis since July 26, 2016 on product-by-product basis and by geographic location.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 28

Clover incorporates by reference its General Objections as if fully set forth herein.  As indicated in its General Objections, Clover objects to Plaintiff's definition of "Accused Product." Clover further objects to Plaintiff's definition of "sales" and "sold" as vague and ambiguous. Clover will interpret these terms to refer to their ordinary meaning, as well as the license of subscriptions to software.   Clover further objects to this Request to the extent it seeks information that Clover does not maintain in the ordinary course of business.   Clover further objects to this Request as vague and ambiguous because the use of "sales volume," "costs of goods sold," "operating costs . . . for each Accused Product," "operating profits . . . for each Accused Product," "net profits . . . for each Accused Product," renders the Request unclear. Clover further objects to this Request to the extent it seeks information that is not maintained in the ordinary course of business. Clover further objects to this Request to the extent it seeks information that is publicly available.

Clover further objects to this request as premature, overbroad, unduly burdensome, and lacking in jurisdiction on the ground that Clover's Motion to Transfer Venue to the Northern District of California under 28 U.S.C. § 1404(a) was granted on April 14, 2023.  Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and on the basis of the above objections, Clover states that it is not producing documents at this time.

**REQUEST FOR PRODUCTION NO. 29**

Documents that identify any differences in pricing of each Accused Product between different mediums, channels, or recipients.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29**

Clover incorporates by reference its General Objections as if fully set forth herein.  As indicated in its General Objections, Clover objects to Plaintiff's definition of "Accused Product." Clover further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it is not limited in time.  Clover further objects to this Request as vague and ambiguous because the use of "any differences in pricing of each Accused Product between different mediums, channels, or recipients" renders this Request unclear.  Clover further objects to this Request to the extent it seeks information that is not maintained in the ordinary course of business.  Clover further objects to this Request to the extent it seeks information that is publicly available.  Clover further objects to this Request to the extent that it seeks disclosure of information that Clover is under an obligation to a third party not to disclose.

Clover further objects to this request as premature, overbroad, unduly burdensome, and lacking in jurisdiction on the ground that Clover's Motion to Transfer Venue to the Northern District of California under 28 U.S.C. § 1404(a) was granted on April 14, 2023.  Pursuant to Fed.

R. Civ. P. 34(b)(2)(C), and on the basis of the above objections, Clover states that it is not producing documents at this time.

## REQUEST FOR PRODUCTION NO. 30

Documents that identify what products or software are bundled with, or otherwise provided for no additional charge with, each Accused Product.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 30

Clover incorporates by reference its General Objections as if fully set forth herein. As indicated in its General Objections, Clover objects to Plaintiff's definition of "Accused Product." Clover further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it is not limited in time. Clover further objects to this Request as vague and ambiguous because the use of "bundled with" and "provided for no additional charge with" renders this Request unclear. Clover further objects to this Request to the extent it seeks information that is publicly available.

Clover further objects to this request as premature, overbroad, unduly burdensome, and lacking in jurisdiction on the ground that Clover's Motion to Transfer Venue to the Northern District of California under 28 U.S.C. § 1404(a) was granted on April 14, 2023. Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and on the basis of the above objections, Clover states that it is not producing documents at this time.

## REQUEST FOR PRODUCTION NO. 31

All marketing plans, reports, tests, studies, evaluations, analyses, and white papers for each Accused Product.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 31

Clover incorporates by reference its General Objections as if fully set forth herein. As indicated in its General Objections, Clover objects to Plaintiff's definition of "Accused Product."

Clover further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it is not limited in time.  Clover further objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of the case, including because it broadly seeks "[a]ll marketing plans, reports, tests, studies, evaluations, analyses, and white papers for each Accused Product."  Clover further objects to this Request as vague and ambiguous because the use of "reports," "tests," "studies," "evaluations," and "analyses" renders the Request unclear.  Clover further objects to this Request because it seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case, including because it broadly seeks information regarding functionality not at issue in this litigation.  Clover further objects to this Request because it seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case, including because it seeks information regarding "plans" that may have never gone into effect.  Clover further objects to this Request to the extent it seeks information that is protected by attorney-client privilege, the work product doctrine, common interest doctrine, or any other applicable privilege or immunity from disclosure.  Clover further objects to this Request to the extent it seeks information that is publicly available.

Clover further objects to this request as premature, overbroad, unduly burdensome, and lacking in jurisdiction on the ground that Clover's Motion to Transfer Venue to the Northern District of California under 28 U.S.C. § 1404(a) was granted on April 14, 2023.  Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and on the basis of the above objections, Clover states that it is not producing documents at this time.

**REQUEST FOR PRODUCTION NO. 32**

All documents related to any contention by Clover that it lacks, or lacked during any period of time after July 26, 2016, sufficient intent or knowledge to be liable for inducing infringement of the Asserted Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32**

Clover incorporates by reference its General Objections as if fully set forth herein. Clover also objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of the case, including because it broadly seeks "[a]ll documents." Clover further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it is not limited in time. Clover further objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of the case, including because it broadly seeks documents "related to any contention by [Clover] that it lacks, or lacked during any period of time after July 26, 2016, sufficient intent or knowledge to be liable for inducing infringement of the Asserted Patents." Clover further objects to this Request as vague and ambiguous because the use of "related to" and "sufficient" renders the Request unclear. Clover further objects to this Request to the extent it seeks information that is protected by attorney-client privilege, the work product doctrine, common interest doctrine, or any other applicable privilege or immunity from disclosure.

Clover further objects to this request as premature, overbroad, unduly burdensome, and lacking in jurisdiction on the ground that Clover's Motion to Transfer Venue to the Northern District of California under 28 U.S.C. § 1404(a) was granted on April 14, 2023. Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and on the basis of the above objections, Clover states that it is not producing documents at this time.

**REQUEST FOR PRODUCTION NO. 33**

All documents related to any contention by Clover that it did not induce infringement of the Asserted Patents pursuant to 35 U.S.C. § 271(b).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33**

Clover incorporates by reference its General Objections as if fully set forth herein. Clover also objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of the case, including because it broadly seeks "[a]ll documents." Clover further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it is not limited in time. Clover further objects to this Request as vague and ambiguous because the use of "related to" renders the Request unclear. Clover further objects to this Request to the extent it seeks information that is protected by attorney-client privilege, the work product doctrine, common interest doctrine, or any other applicable privilege or immunity from disclosure. Clover objects to this Request on the ground that it seeks to shift the burden to prove induced infringement from CloudofChange to Clover.

Clover further objects to this request as premature, overbroad, unduly burdensome, and lacking in jurisdiction on the ground that Clover's Motion to Transfer Venue to the Northern District of California under 28 U.S.C. § 1404(a) was granted on April 14, 2023. Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and on the basis of the above objections, Clover states that it is not producing documents at this time.

**REQUEST FOR PRODUCTION NO. 34**

All documents related to any contention by Clover that it lacks or, lacked during any period of time after July 26, 2016, sufficient intent or knowledge to be liable for contributory infringement of the Asserted Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34**

Clover incorporates by reference its General Objections as if fully set forth herein. Clover also objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of the case, including because it broadly seeks "[a]ll documents." Clover further objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of the case, including because it broadly seeks documents "related to any contention by [Clover] that it lacks, or lacked during any period of time after July 26, 2016, sufficient intent or knowledge to be liable for contributory infringement of the Asserted Patents." Clover further objects to this Request as vague and ambiguous because the use of "related to" and "sufficient" renders the Request unclear.  Clover further objects to this Request to the extent it seeks information that is protected by attorney-client privilege, the work product doctrine, common interest doctrine, or any other applicable privilege or immunity from disclosure.  Clover objects to this Request on the ground that it seeks to shift the burden to prove contributory infringement from CloudofChange to Clover.

Clover further objects to this request as premature, overbroad, unduly burdensome, and lacking in jurisdiction on the ground that Clover's Motion to Transfer Venue to the Northern District of California under 28 U.S.C. § 1404(a) was granted on April 14, 2023.  Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and on the basis of the above objections, Clover states that it is not producing documents at this time.

**REQUEST FOR PRODUCTION NO. 35**

All documents related to any contention by Clover that any Accused Products, in whole or in part, are a staple article or commodity of commerce suitable for substantial non-infringing use.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35**

Clover incorporates by reference its General Objections as if fully set forth herein. Clover also objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of the case, including because it broadly seeks "[a]ll documents."  As indicated in its General Objections, Clover objects to Plaintiff's definition of "Accused Product." Clover further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it is not limited in time.  Clover further objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of the case, including because it broadly seeks documents "related to any contention by [Clover] that any Accused Products, in whole or in part, are a staple article or commodity of commerce suitable for substantial non-infringing use."  Clover further objects to this Request as vague and ambiguous because the use of "related to" and "suitable" renders the Request unclear.  Clover further objects to this Request to the extent it seeks information that is protected by attorney-client privilege, the work product doctrine, common interest doctrine, or any other applicable privilege or immunity from disclosure.  Clover further objects to this Request on the ground that it seeks to shift the burden to prove contributory infringement from CloudofChange to Clover.

Clover further objects to this request as premature, overbroad, unduly burdensome, and lacking in jurisdiction on the ground that Clover's Motion to Transfer Venue to the Northern District of California under 28 U.S.C. § 1404(a) was granted on April 14, 2023.  Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and on the basis of the above objections, Clover states that it is not producing documents at this time.

**REQUEST FOR PRODUCTION NO. 36**

All documents analyzing the need for, value of, or marketing of each Accused Product in comparison or relation to other similar products made by entities other than Clover in the market.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36**

Clover incorporates by reference its General Objections as if fully set forth herein. Clover also objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of the case, including because it broadly seeks "[a]ll documents."  As indicated in its General Objections, Clover objects to Plaintiff's definition of "Accused Product." Clover further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it is not limited in time.  Clover further objects to this Request because it seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case, including because it broadly seeks information regarding functionality and products not at issue in this litigation.  Clover further objects to this Request as vague and ambiguous because the use of "the need for, value of, or marketing," "other similar products," and "entities" renders this Request unclear.  Clover further objects to this Request to the extent it seeks information that is protected by attorney-client privilege, the work product doctrine, common interest doctrine, or any other applicable privilege or immunity from disclosure.  Clover further objects to this Request to the extent that it seeks disclosure of information that Clover is under an obligation to a third party not to disclose.

Clover further objects to this request as premature, overbroad, unduly burdensome, and lacking in jurisdiction on the ground that Clover's Motion to Transfer Venue to the Northern District of California under 28 U.S.C. § 1404(a) was granted on April 14, 2023.  Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and on the basis of the above objections, Clover states that it is not producing documents at this time.

**REQUEST FOR PRODUCTION NO. 37**

All documents related to the quality, value, usability, performance, demand, benefits, costs, or negatives associated with each Accused Product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37**

Clover incorporates by reference its General Objections as if fully set forth herein. Clover also objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of the case, including because it broadly seeks "[a]ll documents." As indicated in its General Objections, Clover objects to Plaintiff's definition of "Accused Product." Clover further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it is not limited in time. Clover further objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of the case, including because it broadly seeks "[a]ll documents." Clover further objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of the case, including because it broadly seeks documents "related to the quality, value, usability, performance, demand, benefits, costs, or negatives associated with each Accused Product." Clover further objects to this Request as vague and ambiguous because the use of "related to," "quality," "value," "usability," "performance," "demand," "benefits," "costs," "negatives," and "associated with" renders the Request unclear. Clover further objects to this Request because it seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case, including because it broadly seeks information regarding functionality not at issue in this litigation. Clover objects to this Request to the extent it seeks information not in Clover's possession, custody, or control.

Clover further objects to this request as premature, overbroad, unduly burdensome, and lacking in jurisdiction on the ground that Clover's Motion to Transfer Venue to the Northern

- 45 -

District of California under 28 U.S.C. § 1404(a) was granted on April 14, 2023.  Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and on the basis of the above objections, Clover states that it is not producing documents at this time.

**REQUEST FOR PRODUCTION NO. 38**

All documents that identify the date of first manufacture, first use, and first sale or license of each version of each Accused Product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38**

Clover incorporates by reference its General Objections as if fully set forth herein. Clover further objects to this Request as duplicative of other requests.  Clover also objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of the case, including because it broadly seeks "[a]ll documents" and is not limited in time.  As indicated in its General Objections, Clover objects to Plaintiff's definition of "Accused Product." Clover further objects to Plaintiff's definition of "sale" as vague and ambiguous.  Clover further objects to this Request as vague and ambiguous, including because "license" is included in Plaintiff's own definition of "sale."  Clover will interpret this term to refer to its ordinary meaning, as well as the license of subscriptions to software.  Clover further objects to this Request as vague and ambiguous because the use of "manufacture" and "version" renders this Request unclear.  Clover further objects to this Request as vague and ambiguous because the meaning of "manufacture," in the context of the Accused Products, is unclear.

Clover further objects to this request as premature, overbroad, unduly burdensome, and lacking in jurisdiction on the ground that Clover's Motion to Transfer Venue to the Northern District of California under 28 U.S.C. § 1404(a) was granted on April 14, 2023.  Pursuant to Fed.

R. Civ. P. 34(b)(2)(C), and on the basis of the above objections, Clover states that it is not producing documents at this time.

**REQUEST FOR PRODUCTION NO. 39**

All agreements (including EULAs, Terms & Conditions, privacy agreements with merchants and customers, assignments, licenses, or covenants not to assert a patent) related to the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39**

Clover incorporates by reference its General Objections as if fully set forth herein. As indicated in its General Objections, Clover objects to Plaintiff's definition of "Accused Product." Clover further objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of the case, including because it broadly seeks "[a]ll agreements . . . related to the Accused Products." Clover further objects to this Request because it seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case, including because it broadly seeks information regarding agreements, assignments, licenses, and covenants that are not relevant to the purported functionality at issue in this case. Clover further objects to this Request as vague and ambiguous because the use of "related to" renders the Request unclear. Clover further objects to this Request to the extent that it seeks disclosure of information that Clover is under an obligation to a third party not to disclose.

Clover further objects to this request as premature, overbroad, unduly burdensome, and lacking in jurisdiction on the ground that Clover's Motion to Transfer Venue to the Northern District of California under 28 U.S.C. § 1404(a) was granted on April 14, 2023. Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and on the basis of the above objections, Clover states that it is not producing documents at this time.

**REQUEST FOR PRODUCTION NO. 40**

All documents related to evidencing the value of the Accused Product including: all royalties that Clover has paid to or received from third parties since July 26, 2016, involving any patents covering or asserted to cover any Accused Product, such as documents sufficient to identify the licensor, payment amount and date, royalty type (including up front, lump sum, and running royalties), royalty rate, royalty base, and the identity of things licensed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40**

Clover incorporates by reference its General Objections as if fully set forth herein. Clover also objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of the case, including because it broadly seeks "[a]ll documents."  As indicated in its General Objections, Clover objects to Plaintiff's definition of "Accused Product." Clover further objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of the case, including because it broadly seeks documents regarding royalties "involving any patents covering or asserted to cover any Accused Product."  Clover further objects to this Request as vague and ambiguous because the use of "related to evidencing the value" and "things licensed" renders the Request unclear.  Clover further objects to this Request because it seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case, including because it broadly seeks information regarding royalties pursuant to agreements that are not relevant to the purported functionality at issue in this case.  Clover further objects to this Request because it seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case, including because it broadly seeks information regarding royalties that are paid pursuant to agreements that are not comparable in scope or value to the inventions claimed in the Asserted Patents.  Clover further objects to this Request to the extent

that it seeks disclosure of information that Clover is under an obligation to a third party not to disclose.

Clover further objects to this request as premature, overbroad, unduly burdensome, and lacking in jurisdiction on the ground that Clover's Motion to Transfer Venue to the Northern District of California under 28 U.S.C. § 1404(a) was granted on April 14, 2023.  Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and on the basis of the above objections, Clover states that it is not producing documents at this time.

**REQUEST FOR PRODUCTION NO. 41**

All documents that refer to the Asserted Patents, any of the patent application(s) to which the Asserted Patents claim priority, or any of the named inventors of the Asserted Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41**

Clover incorporates by reference its General Objections as if fully set forth herein. Clover further objects to this Request because it is duplicative of other requests.  Clover also objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of the case, including because it broadly seeks "[a]ll documents."  Clover further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it is not limited in time.  Clover further objects to this Request as vague and ambiguous because the use of "refer to" renders the Request unclear.  Clover further objects to this Request because it seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case, including because it broadly seeks "documents that refer to the Asserted Patents, any of the patent application(s) to which the Asserted Patents claim priority, or any of the named inventors of the Asserted Patents."  Clover further objects to this Request to the extent it seeks information that is protected by attorney-

- 49 -

client privilege, the work product doctrine, common interest doctrine, or any other applicable privilege or immunity from disclosure.

Clover further objects to this request as premature, overbroad, unduly burdensome, and lacking in jurisdiction on the ground that Clover's Motion to Transfer Venue to the Northern District of California under 28 U.S.C. § 1404(a) was granted on April 14, 2023.  Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and on the basis of the above objections, Clover states that it is not producing documents at this time.

**REQUEST FOR PRODUCTION NO. 42**

All documents related to any contention that you have regarding the existence of any acceptable non-infringing alternatives to the inventions claimed in the Asserted Patents, including any efforts to design around or otherwise avoid any claims of the Asserted Patents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42**

Clover incorporates by reference its General Objections as if fully set forth herein. Clover also objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of the case, including because it broadly seeks "[a]ll documents." Clover further objects to this Request as vague and ambiguous because the use of "related to" and "acceptable" renders the Request unclear.  Clover further objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of the case, including because it broadly seeks "documents related to . . . any efforts to design around or otherwise avoid any claims of the Asserted Patents."  Clover further objects to this Request because it prematurely seeks identification of expert testimony.  Clover further objects to this Request to the extent it seeks information that is protected by attorney-client privilege, the work product doctrine, common interest doctrine, or any other applicable privilege or immunity from disclosure.

Clover further objects to this request as premature, overbroad, unduly burdensome, and lacking in jurisdiction on the ground that Clover's Motion to Transfer Venue to the Northern District of California under 28 U.S.C. § 1404(a) was granted on April 14, 2023. Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and on the basis of the above objections, Clover states that it is not producing documents at this time.

## REQUEST FOR PRODUCTION NO. 43

All documents related to any contention by Clover that its infringement of the Asserted Patents is not willful and that enhanced damages should not be awarded.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 43

Clover incorporates by reference its General Objections as if fully set forth herein. Clover also objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of the case, including because it broadly seeks "[a]ll documents." Clover further objects to this Request because it is overly broad, unduly burdensome, and not proportional to the needs of the case, including because it broadly seeks documents "related to any contention by [Clover] that its infringement of the Asserted Patents is not willful and that enhanced damages should not be awarded." Clover further objects to this Request as vague and ambiguous because the use of "related to" renders the Request unclear. Clover further objects to this Request to the extent it implies that Plaintiff is entitled to damages in this case. Clover further objects to this Request to the extent it seeks information that is protected by attorney-client privilege, the work product doctrine, common interest doctrine, or any other applicable privilege or immunity from disclosure. Clover further objects to this Request to the extent that it calls for a legal conclusion. Clover objects to this Request on the ground that it purports to shift the burden on willfulness and enhanced damages from Plaintiff to Clover.

Clover further objects to this request as premature, overbroad, unduly burdensome, and lacking in jurisdiction on the ground that Clover's Motion to Transfer Venue to the Northern District of California under 28 U.S.C. § 1404(a) was granted on April 14, 2023.  Pursuant to Fed. R. Civ. P. 34(b)(2)(C), and on the basis of the above objections, Clover states that it is not producing documents at this time.

Dated: May 11, 2023                    Respectfully submitted,

                                       */s/ Kelly Ransom*
                                       Kelly Ransom (Tx. Bar No. 24109427)
                                       **KELLY HART & HALLMAN LLP**
                                       303 Colorado, Suite 2000
                                       Austin, Texas 78701
                                       Tel: (512) 495-6429
                                       kelly.ransom@kellyhart.com

                                       Caitlyn Hubbard (Tx. Bar No. 24097853)
                                       **KELLY HART & HALLMAN LLP**
                                       201 Main Street, Suite 2500
                                       Fort Worth, Texas 76102
                                       Tel: (817) 332-2500
                                       caitlyn.hubbard@kellyhart.com

                                       Greg H. Lantier (*Pro Hac Vice*)
                                       R. Gregory Israelsen (*Pro Hac Vice*)
                                       Jennifer L. Graber (*Pro Hac Vice*)
                                       **WILMER CUTLER PICKERING HALE
                                       AND DORR LLP**
                                       1875 Pennsylvania Ave., NW
                                       Washington, DC 20006
                                       Tel: (202) 663-6000
                                       Fax: (202) 663-6363
                                       Gregory.Lantier@wilmerhale.com
                                       Greg.Israelsen@wilmerhale.com
                                       Jennifer.Graber@wilmerhale.com

                                       Sarah B. Petty (*Pro Hac Vice*)
                                       Amy L. Mahan (*Pro Hac Vice*)
                                       Jeannette Leopold (*Pro Hac Vice*)
                                       **WILMER CUTLER PICKERING HALE
                                       AND DORR LLP**
                                       60 State Street
                                       Boston, MA 02109
                                       Tel: (617) 526-6000
                                       Fax: (617) 526-5000
                                       Sarah.Petty@wilmerhale.com
                                       Amy.Mahan@wilmerhale.com
                                       Jeannette.Leopold@wilmerhale.com

                                       and

                                       Jason D. Kipnis (*Pro Hac Vice*)

- 53 -

**WILMER CUTLER PICKERING HALE AND DORR LLP**
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel: (650) 858-6000
Fax: (650) 858-6100
Jason.Kipnis@wilmerhale.com

*Attorneys for Clover Network, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record are being served with a copy of the foregoing document via email on May 11, 2023.

*/s/ Amy L. Mahan*
Amy L. Mahan