# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

|  |  |
|---|---|
| CLOUDOFCHANGE, LLC, | |
| Plaintiff, | Civil Action No. 6:22-CV-00634-ADA-DTG |
| v. | JURY TRIAL DEMANDED |
| CLOVER NETWORK, INC., | |
| Defendant. | |

**CLOVER NETWORK, LLC'S[1] ANSWERS TO PLAINTIFF'S
FIRST SET OF INTERROGATORIES (NOS. 1-15)**

Defendant Clover Network, LLC answers and objects to Plaintiff CloudofChange, LLC's

April 11, 2023 First Set of Interrogatories to Defendant (Nos. 1-15) as set forth below:

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

Clover objects to the Instructions and Definitions in Plaintiff's First Set of Interrogatories

as follows:

1.      Clover objects to CloudofChange's Definitions and Instructions to the extent that

they seek to impose requirements and obligations that differ from and/or expand the relevant

obligations and requirements set forth by the Federal Rules of Civil Procedure, the Local Rules,

any applicable court orders, or stipulation or agreement of the parties. Clover's objections and

answers to Interrogatory Nos. 1-15, including any production of documents pursuant to Federal

Rule of Civil Procedure 33(d) and privilege log served in connection with Clover's responses to

Interrogatory Nos. 1-15, are governed by and comply with the Federal Rules of Civil Procedure,

---

[1] Clover Network, Inc. converted to Clover Network, LLC in 2021.

- 1 -

the Local Rules and any other applicable court orders, and any stipulation or agreement of the parties.

2.      Clover objects to Definition No. 1 to the extent that it calls for Clover to respond for or on behalf of any person or entity other than Clover Network, LLC, f/k/a Clover Network, Inc. Clover further objects to the definition to the extent that it calls for the disclosure of privileged attorney client communications and/or protected work product by including Clover's agents in the definition of "Clover," "Defendant," "You," and "Your." Clover's objections and responses are therefore based on information and documents in the possession, custody, or control of Clover Network, LLC only unless otherwise specified.

3.      Clover objects to Definition No. 2 as overly broad, vague, and ambiguous, including because it broadly includes "transmittal of information (in the form of facts, ideas, inquiries, or otherwise) in any form." Clover further objects to this definition to the extent it seeks to impose obligations beyond those set forth in the Federal Rules of Civil Procedure, the Local Rules of this Court, or any other rule or order applicable to this case. Clover further objects to this definition to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, common interest doctrine, or any other applicable privilege or immunity against disclosure.

4.      Clover objects to Definition No. 3 to the extent, "concerning," as defined therein would impose obligations that exceed the Federal Rules of Civil Procedure, the Local Rules of this Court, or any other rule or order applicable to this case. Clover also objects to this definition to the extent that "concerning" as overly broad, vague, and ambiguous, including because it broadly includes "relating to," "referring to," "describing," "evidencing," "supporting," "refuting," or "constituting."

5.     Clover objects to Definition No. 4 to the extent "document," as defined therein would impose obligations that exceed the Federal Rules of Civil Procedure, the Local Rules of this Court, or any other rule or order applicable to this case.  Clover further objects to this definition to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, work product doctrine, common interest doctrine, or any other applicable privilege or immunity against disclosure.  Specifically, Clover will not identify the Interrogatories for which each privileged item is withheld. Clover will provide information on its privilege log sufficient to identify the document and the privileged basis for which it is being withheld.

6.     Clover objects to Definition No. 5, "person" as overbroad.  Clover will interpret "person" to mean "natural person."

7.     Clover objects to Definition Nos. 7 and 8 to the extent "identify," as defined therein, would impose obligations on Clover that exceed the Federal Rules of Civil Procedure by purporting to require Clover to disclose documents or information not in its possession, custody, or control. Clover further objects to each Interrogatory, Definition, and Instruction to the extent it seeks documents and information outside of Clover's possession, custody, and control.

8.     Clover objects to Definition No. 16's use of the phrase "any one or all of Clover's products that use or include technology claimed by the Asserted Patents" as vague, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant, admissible evidence, and on the ground that it lacks foundation and assumes facts.  Clover further objects to Definition No. 16 to the extent it purports to shift any burden properly born by CloudofChange to Clover.  Clover further objects to Definition No. 16 to the extent that "Accused Product" refers to any Clover product other than the Clover Solo, Clover Station Duo, Clover, Mini, and Clover Dashboard that are the subject of Plaintiff's claims against Clover.  Clover further objects to

Definition No. 16 to the extent that it improperly seeks third party discovery through Clover. Clover does not and never has owned the accused Clover Sport product.

9.      Clover objects to Definition No. 17, "Component" or "Components" as overly broad and unduly burdensome, or seeks discovery of information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case to the extent that "Component" refers to components not relevant to the issues in this case.

10.      Clover objects to Definition No. 18, "concern," "concerning," "evidence," "evidencing," "related to," "related to," "relating to," "refer to," "referring to," and "regarding," as overly broad, vague, and ambiguous, including because it broadly includes "responding to, concerning, regarding, directly or indirectly relating to; connected with; involving; commenting on; in respect of; about; associated with; dealing with; discussing; evidencing; showing; describing; depicting; reflecting; analyzing; summarizing; mentioning; memorializing; bearing upon; consisting of; constituting; containing; embodying; identifying; pertaining to; demonstrating; stating; comprising; tending to support, discredit, refute, or contradict; referring to; and in any way touching upon."

11.      Clover objects to each Interrogatory, Definition, and Instruction to the extent it seeks to require Clover to produce documents or information beyond what Clover is able to locate upon a reasonable search of its own files and from a reasonable inquiry of its current employees.

12.      Clover objects to each Interrogatory, Definition, and Instruction to the extent it is overly broad and unduly burdensome, or seeks discovery of information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case.

13.      Clover objects to each Interrogatory to the extent it is premature and/or to the extent it: (a) attempts to expedite or otherwise conflicts with any Federal Rule, Local Rule, or schedule

entered by the Court; (b) seeks information that is the subject of expert testimony; or (c) depends on depositions and documents that have not been taken or produced.

14.    Clover objects to each Interrogatory to the extent it seeks to require Clover to provide information that is publicly available and/or equally available to CloudofChange as to Clover.

15.    Clover objects to each Interrogatory to the extent it seeks the discovery of information that is protected from disclosure by the attorney-client privilege, work product doctrine, common interest doctrine, or any other applicable privilege or immunity against disclosure.  Clover intends to and does claim all such protections and privileges. To the extent privileged or protected information is included in any response, this is inadvertent and shall not constitute a waiver of any protection.

16.    Clover objects to each Interrogatory insofar as it seeks the production of information that would violate the privacy rights of third parties (including Clover's current and former employees); confidentiality or non-disclosure arrangements between Clover and any of its actual or potential customers, current or former employees, or other persons or entities not connected to this litigation; the confidentiality of settlement discussions or agreements; or any court orders restricting the disclosure of such information.

17.    Clover objects to each Interrogatory to the extent it requires Clover to draw a legal or expert conclusion.

18.    Clover objects to each Interrogatory to the extent that it is compound, as it is an improper attempt to circumvent Judge Albright's standing order governing patent cases.

19.    Clover objects to each Interrogatory to the extent that it is duplicative of any other discovery interrogatory.

20.     Clover objects to each Interrogatory to the extent that CloudofChange is seeking information of a type that it is refusing to produce or include on a privilege log itself.

21.     Responses that refer to July 26, 2016 rely on the issue date of the '640 Patent.  If at any point the '640 Patent is no longer in the case, Clover reserves the right to revise its responses and only provide information based on the then-asserted patents.

22.     Neither these General Objections nor the Specific Objections and Responses set forth below are an admission relative to the existence of any information sought, the relevance or admissibility of any response, or the truth or accuracy of any statement or characterization contained in the Interrogatories.

23.     Nothing in Clover's responses to the Interrogatories constitutes an admission concerning the scope of the claims of any patent at issue nor the relation of any such claims to any services developed, used, licensed, or offered for license by Clover.

24.     Clover's responses are made without waiving or intending to waive any objections as to relevance, materiality, privilege, or admissibility of any information in this or in any subsequent proceeding or at the trial of this or any other action, on any ground.  A partial answer to an Interrogatory that has been objected to, in whole or in part, is not intended to be a waiver of the objection.

25.     Clover has responded to each Interrogatory based on information in its current possession, custody, and control.  Clover provides these responses without prejudice to its right to obtain and present additional documents and information ascertained in the future, such as through further investigation, discovery, or otherwise.

26.    Clover's discovery and investigation of facts relevant to this litigation are ongoing. Accordingly, Clover reserves its rights to amend, modify, or supplement its responses as necessary and in accordance with Federal Rule of Civil Procedure 26(e).

27.    Clover expressly incorporates the above General Objections as though set forth fully in response to each of the following Interrogatories and, to the extent they are not raised in any particular response, Clover does not waive those objections.

## OBJECTIONS AND ANSWERS TO INTERROGATORIES

The following objections and answers to Interrogatory Nos. 1 through 15 are based on the information currently in Clover's possession, custody, or control, and Clover reserves its rights to amend, modify, or supplement the following answers and objections as necessary and in accordance with Federal Rule of Civil Procedure 26(e).

## INTERROGATORY NO. 1

Identify each version, model, iteration, and/or generation, by product and/or brand names, model number, or other unique identifier of the Accused Product, which has been developed, tested, commercialized, sold, and/or offered for sale by or for you or imported into the United States by or for you (including the identities of all third parties) and the respective time frame each such version, model, iteration, and/or generation of the Accused Product existed or continues to exist.

## RESPONSE TO INTERROGATORY NO. 1

Clover incorporates by reference its General Objections as if fully set forth herein.  Clover further objects to this Interrogatory as overly broad and unduly burdensome and seeking information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case, including because it broadly seeks identification of "the Accused Product." Clover further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case because it is not limited in time.  Clover further objects to this Interrogatory to the extent that CloudofChange's definition of "Accused Product" is overly broad,

- 7 -

as explained above in Clover's General Objections.  Clover further objects to this Interrogatory as overly broad, unduly burdensome, vague, and ambiguous, and seeking information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case, including because it seeks information regarding "each version, model, iteration, and/or generation, by product and/or brand names, model number, or other unique identifier of the Accused Product, which has been developed, tested, commercialized, sold, and/or offered for sale by or for you or imported into the United States."  Clover further objects to this Interrogatory as overly broad, unduly burdensome, and seeking information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case, including because it broadly seeks the identification "of all third parties."  Clover further objects to this Interrogatory as vague and ambiguous, including because the meaning of the "sold" and "sale" is unclear.  Clover further objects to this Interrogatory as vague and ambiguous, including because the meaning of the "version, model, iteration, and/or generation, by product and/or brand names, model number, or other unique identifier" of the Accused Product is unclear.  Clover further objects to this Interrogatory to the extent that it calls for information not within Clover's possession, custody, or control.

Clover further objects to this Interrogatory as premature, overbroad, unduly burdensome, and lacking in jurisdiction on the ground that Clover's Motion to Transfer Venue to the Northern District of California under 28 U.S.C. § 1404(a) was granted on April 14, 2023.  Clover reserves the right to supplement its Response to this Interrogatory as the case progresses.

**INTERROGATORY NO. 2**

Identify the status of each Component of the Accused Product, including identifying each entity that owns, leases, rents, licenses, operates, maintains, provides, or otherwise controls the component, as well as the nature of that interest.

**RESPONSE TO INTERROGATORY NO. 2**

Clover incorporates by reference its General Objections as if fully set forth herein. Clover further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case because it is not limited in time. Clover further objects to this Interrogatory as overly broad and unduly burdensome, and seeking information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case, including because it broadly seeks information regarding "each entity that owns, leases, rents, licenses, operates, maintains, provides, or otherwise controls, as well as the nature of that interest" of "each Component of the Accused Product." Clover further objects to this Interrogatory to the extent that CloudofChange's definition of "Component" is overly broad, as explained above in Clover's General Objections. Clover further objects to this Interrogatory to the extent that CloudofChange's definition of "Accused Product" is overly broad, as explained above in Clover's General Objections. Clover further objects to this Interrogatory as vague and ambiguous because use of the terms "each entity," "owns," "leases," "rents," "licenses," "operates," "maintains," "provides," or otherwise controls" render this Interrogatory unclear. Clover further objects to this Interrogatory as vague and ambiguous because the meaning of "nature of that interest," in the context of the Accused Instrumentalities, is unclear. Clover further objects to this Interrogatory to the extent that it calls for information not within Clover's possession, custody, or control.

Clover further objects to this Interrogatory as premature, overbroad, unduly burdensome, and lacking in jurisdiction on the ground that Clover's Motion to Transfer Venue to the Northern District of California under 28 U.S.C. § 1404(a) was granted on April 14, 2023. Clover reserves the right to supplement its Response to this Interrogatory as the case progresses.

## INTERROGATORY NO. 3

Describe in detail the identity and role played by all entities, including any Clover parent entities, subsidiaries, or affiliates (including Fiserv, First Data, Bypass, Clover Sport, Supertill LLC, and Price Professional Solutions LLC), or any third-party entity, including vendors and public or private cloud service providers, involved in the design, development, manufacture, testing, importation, distribution, marketing (including the promotional budgets, channels of trade, and marketing mediums of all past, current, or future advertising or promotional plans), sales, and support of each Accused Product or any components thereof, and including identifying the persons with relevant knowledge and the documents reflecting these facts.

## RESPONSE TO INTERROGATORY NO. 3

Clover incorporates by reference its General Objections as if fully set forth herein.  Clover further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case because it is not limited in time.  Clover further objects to this Interrogatory as overly broad and unduly burdensome, and seeking information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case, including because it broadly seeks information regarding the "role played by all entities."  Clover further objects to this Interrogatory as overly broad and unduly burdensome, and seeking information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case, including because it broadly seeks information regarding "any Clover parent entities, subsidiaries, or affiliates (including Fiserv, First Data, Bypass, Clover Sport, Supertill LLC, and Price Professional Solutions LLC), or any third-party entity, including vendors and public or private cloud service providers, involved in the design, development, manufacture, testing, importation, distribution, marketing (including the promotional budgets, channels of trade, and marketing mediums of all past, current, or future advertising or promotional plans), sales, and support of each Accused Product or any components thereof."  Clover further objects to this Interrogatory as overly broad, unduly burdensome, and seeking information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case, including because it broadly seeks the

identification of all "persons with relevant knowledge." Clover further objects to this Interrogatory

to the extent that CloudofChange's definition of "Accused Product or any components" is overly

broad, as explained above in Clover's General Objections.   Clover further objects to this

Interrogatory as vague and ambiguous because use of the terms "involved," "design,"

"manufacture," "testing," "importation," "distribution," "channels of trade," and "support" render

this Interrogatory unclear. Clover further objects to this Interrogatory as vague and ambiguous

because the meaning of "manufacture" and "importation," in the context of the Accused Products,

is unclear.   Clover further objects to this Interrogatory to the extent that it seeks disclosure of

information that Clover is under an obligation to a third party not to disclose.   Clover further

objects to this Interrogatory to the extent it seeks identification of all documents "reflecting these

facts" as overly broad and not proportional to the needs of the case, including because documents

reflecting the "role played by all entities" encompasses an excessively large number of documents.

Clover further objects to this Interrogatory as premature, overbroad, unduly burdensome,

and lacking in jurisdiction on the ground that Clover's Motion to Transfer Venue to the Northern

District of California under 28 U.S.C. § 1404(a) was granted on April 14, 2023.   Clover reserves

the right to supplement its Response to this Interrogatory as the case progresses.

**<u>INTERROGATORY NO. 4</u>**

For each Asserted Claim of the Asserted Patents you contend is invalid, describe in detail all facts and legal bases, including providing a claim chart for each prior art reference supporting or otherwise concerning such contentions. With respect to invalidity under 35 U.S.C. §§ 102 and/or 103, your description should identify each item of prior art that allegedly anticipates each Asserted Claim or renders it obvious; each combination of items of prior art that allegedly make a claim obvious and the motivation to combine such items; and explain, on an element-by-element basis, where specifically in each item of prior art each element of each Asserted Claim allegedly is found. With respect to any other contention that an Asserted Claim is invalid (e.g., under 35 U.S.C. §§ 101, 112, and/or 282), your description should explain in detail for each such claim all facts and circumstances supporting or otherwise concerning any such contention.

**RESPONSE TO INTERROGATORY NO. 4**

Clover incorporates by reference its General Objections as if fully set forth herein. Clover further objects to this Interrogatory as overly broad and unduly burdensome, and not proportional to the needs of the case. Clover further objects to this Interrogatory on the ground that is compound and consists of multiple subparts that properly should be counted as separate and discrete interrogatories. Clover further objects to this Interrogatory to the extent it seeks information or documents protected by the attorney-client privilege, the work product doctrine, and/or other applicable privileges. Clover further objects to this Interrogatory as premature to the extent it seeks expert opinion.

Clover further objects to this Interrogatory as premature, overbroad, unduly burdensome, and lacking in jurisdiction on the ground that Clover's Motion to Transfer Venue to the Northern District of California under 28 U.S.C. § 1404(a) was granted on April 14, 2023. Clover incorporates its supplemental invalidity contentions served on March 12, 2023 by reference, and all further supplementations to same. Clover reserves the right to supplement its Response to this Interrogatory as the case progresses.

**INTERROGATORY NO. 5**

For each Asserted Claim of the Asserted Patents that you contend is not infringed by the Accused Product, describe in detail (on an element-by-element basis) the factual and legal basis for your contention of non-infringement, including providing a claim chart for each Accused Product showing on an element-by-element basis any limitations that you believe are not satisfied, and identifying all evidence upon which you rely and the persons with relevant knowledge (and please note that simply stating that a claim element is missing is not by itself a sufficient response without an explanation for why you contend it is missing).

**RESPONSE TO INTERROGATORY NO. 5**

Clover incorporates by reference its General Objections as if fully set forth herein. Clover further objects to this Interrogatory to the extent that CloudofChange's definition of "Accused

Product" is overly broad, as explained above in Clover's General Objections.  Clover further

objects to this interrogatory because CloudofChange bears the burden of proving infringement.

Clover objects to the Interrogatory to the extent it seeks claim charts and notes that Plaintiff itself,

which bears the burden of proving infringement, has not yet provided separate claim charts for

each accused product.  Clover objects to the Interrogatory's purported attempt to describe what is

and is not a sufficient response.   Clover further objects to this Interrogatory as overly broad and

unduly burdensome, and not proportional to the needs of the case.  Clover further objects to this

Interrogatory on the ground that is compound and consists of multiple subparts that properly

should be counted as separate and discrete interrogatories.   Clover further objects to this

Interrogatory to the extent it seeks information or documents protected by the attorney-client

privilege, the work product doctrine, and/or other applicable privileges.  Clover further objects to

this interrogatory as premature to the extent that it seeks expert opinion.

Clover further objects to this Interrogatory as premature, overbroad, unduly burdensome,

and lacking in jurisdiction on the ground that Clover's Motion to Transfer Venue to the Northern

District of California under 28 U.S.C. § 1404(a) was granted on April 14, 2023.  Clover reserves

the right to supplement its Response to this Interrogatory as the case progresses.

**INTERROGATORY NO. 6**

If you contend that acceptable, non-infringing alternatives to the Asserted Claims of the
Asserted Patents do exist or have existed, specifically describe each such alternative in detail by
stating when it became available, and describe in detail the basis for your contention that it is a
non-infringing and acceptable alternative to the Asserted Claims in the Asserted Patents.

**RESPONSE TO INTERROGATORY NO. 6**

Clover incorporates by reference its General Objections as if fully set forth herein.  Clover

further objects to this Interrogatory as overly broad and unduly burdensome, and not proportional

to the needs of the case.  Clover further objects to this Interrogatory on the ground that is compound and consists of multiple subparts that properly should be counted as separate and discrete interrogatories toward the limit set by the Court.  Clover further objects to this Interrogatory to the extent it seeks information or documents protected by the attorney-client privilege, the work product doctrine, and/or other applicable privileges.  Clover further objects to this Interrogatory as premature for seeking expert opinion.  Clover objects to this Interrogatory to the extent it purports to require Clover to offer a legal conclusion.

Clover further objects to this Interrogatory as premature, overbroad, unduly burdensome, and lacking in jurisdiction on the ground that Clover's Motion to Transfer Venue to the Northern District of California under 28 U.S.C. § 1404(a) was granted on April 14, 2023.  Clover states that the Clover products CloudofChange has accused of infringement are non-infringing alternatives to the asserted patents.  Clover reserves the right to supplement its Response to this Interrogatory as the case progresses.

**INTERROGATORY NO. 7**

Identify the three persons employed by you who are most knowledgeable about the substance of your answer to Interrogatory No. 6.

**RESPONSE TO INTERROGATORY NO. 7**

Clover incorporates by reference its General Objections as if fully set forth herein.  Clover incorporates its Specific Objections to Interrogatory No. 6 to the extent applicable to this Interrogatory.  Clover further objects to this Interrogatory as overly broad and unduly burdensome, and seeking information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case.  Clover further objects to this Interrogatory on the ground that is compound and consists of multiple subparts that properly should be counted as separate and

discrete interrogatories.  Clover further objects to this Interrogatory to the extent it seeks

information or documents protected by the attorney-client privilege, the work product doctrine,

and/or other applicable privileges.  Clover further objects to this interrogatory as premature for

seeking expert opinion.  Clover further objects to this Interrogatory as vague and ambiguous

because use of the terms "knowledgeable about the substance" renders this Interrogatory unclear.

Clover further objects to this Interrogatory as premature, overbroad, unduly burdensome,

and lacking in jurisdiction on the ground that Clover's Motion to Transfer Venue to the Northern

District of California under 28 U.S.C. § 1404(a) was granted on April 14, 2023.  Clover reserves

the right to supplement its Response to this Interrogatory as the case progresses.

## INTERROGATORY NO. 8

For the period starting on July 26, 2016 and continuing through the present, state by month,
quarter, and year, your revenues, subscriptions sold, active POS terminals, hardware components,
and other components of the Accused Product sold (including but not limited to wholesale and
retail), costs (including but not limited to fixed, variable, marketing, advertising, sales
commissions, distribution costs, shipping costs, rebates, actuarial regulatory, research and
development, and overhead costs), gross profits, and net profits associated with your production
and sales of the Accused Product.

## RESPONSE TO INTERROGATORY NO. 8

Clover incorporates by reference its General Objections as if fully set forth herein.  Clover

further objects to this Interrogatory as overly broad and unduly burdensome and seeking

information that is neither relevant to the claims or defenses of any party nor proportional to the

needs of the case, including because it broadly seeks identification of "the Accused Product."

Clover further objects to this Interrogatory to the extent that CloudofChange's definition of

"Accused Product" is overly broad, as explained above in Clover's General Objections.  Clover

further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to

the needs of the case because it is not limited in time.  Clover further objects to this Interrogatory

as overly broad and unduly burdensome, and seeking information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case, because it broadly seeks, "revenues, subscriptions sold, active POS terminals, hardware components, and other components of the Accused Product sold (including but not limited to wholesale and retail), costs (including but not limited to fixed, variable, marketing, advertising, sales commissions, distribution costs, shipping costs, rebates, actuarial regulatory, research and development, and overhead costs), gross profits, and net profits associated with your production and sales of the Accused Product."  Clover further objects to this Interrogatory because it seeks information that is neither relevant to the claims or defenses of any party to this action nor proportional to the needs of the case, including because it broadly seeks information regarding functionality not at issue in this litigation. Clover further objects to this Interrogatory as vague and ambiguous, including because the meaning of the your "subscriptions sold," "active POS terminals," "hardware components," and "other components" "sold" "including but not limited to wholesale and retail", "costs," "including but not limited to fixed, variable, marketing, advertising, sales commissions, distribution costs, shipping costs, rebates, actuarial regulatory, research and development, and overhead costs," "associated with," "production," and "sales" is unclear.

Clover further objects to this Interrogatory as premature, overbroad, unduly burdensome, and lacking in jurisdiction on the ground that Clover's Motion to Transfer Venue to the Northern District of California under 28 U.S.C. § 1404(a) was granted on April 14, 2023.  Clover reserves the right to supplement its Response to this Interrogatory as the case progresses.

**INTERROGATORY NO. 9**

For each Asserted Claim of the Asserted Patents, describe the qualifications (including, without limitation, the skills, education, training, and work experience) of a person having ordinary skill in the relevant art.

**RESPONSE TO INTERROGATORY NO. 9**

Clover incorporates by reference its General Objections as if fully set forth herein.  Clover further objects to this Interrogatory because it is vague and ambiguous with respect to the terms "skills" and "relevant art."  Clover further objects to this Interrogatory to the extent it calls for a legal conclusion.

Clover further objects to this Interrogatory as premature, overbroad, unduly burdensome, and lacking in jurisdiction on the ground that Clover's Motion to Transfer Venue to the Northern District of California under 28 U.S.C. § 1404(a) was granted on April 14, 2023.  Clover reserves the right to supplement its Response to this Interrogatory as the case progresses.

**INTERROGATORY NO. 10**

Describe in detail all facts and circumstances under which Clover first became aware of the Asserted Patents (or the inventions that became the Asserted Patents) and what actions you took after becoming aware of the Asserted Patents, including but not limited to: the date(s) when Clover first became aware of the Asserted Patents (or the inventions that became the Asserted Patents), how Clover became aware of the Asserted Patents (or the inventions that became the Asserted Patents), and identity of the employee(s), representative(s), or agent(s) of Clover who became aware of the Asserted Patents (or the inventions that became the Asserted Patents).

**RESPONSE TO INTERROGATORY NO. 10**

Clover incorporates by reference its General Objections as if fully set forth herein.  Clover further objects to this Interrogatory because it is vague and ambiguous with respect to the terms "representative(s)," "agent(s)," and "Clover first became aware."  Clover further objects to this Interrogatory on the ground that it calls for information that is protected by the attorney-client privilege, the work product doctrine, common interest doctrine, or any other applicable privilege or immunity against disclosure.  Clover objects to this Interrogatory to the extent it purports to shift the burden to prove knowledge of the asserted patents and/or willfulness from CloudofChange to Clover.

Clover further objects to this Interrogatory as premature, overbroad, unduly burdensome, and lacking in jurisdiction on the ground that Clover's Motion to Transfer Venue to the Northern District of California under 28 U.S.C. § 1404(a) was granted on April 14, 2023.  Clover reserves the right to supplement its Response to this Interrogatory as the case progresses.

## INTERROGATORY NO. 11

Identify any additional products or services that have been sold along with the Accused Product, listing for each: the customer, quantity sold, and price of each such additional product or service.

## RESPONSE TO INTERROGATORY NO. 11

Clover incorporates by reference its General Objections as if fully set forth herein.  Clover further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case because it is not limited in time.  Clover further objects to this Interrogatory as overly broad and unduly burdensome, and seeking information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case, including because it broadly seeks information regarding "any additional products or services that have been sold along with the Accused Product."  Clover objects to the phrase "products that have been sold along with the Accused Product" as vague and ambiguous.  Clover further objects to this Interrogatory to the extent that CloudofChange's definition of "Accused Product" is overly broad, as explained above in Clover's General Objections.  As explained above in Clover's General Objections, Clover further objects to CloudofChange's definition of "sold" as vague and ambiguous.  Clover will interpret this term to refer to its ordinary meaning, as well as the license of subscriptions to software.  Clover further objects to this Interrogatory to the extent it seeks identification of all documents related to this Interrogatory as overly broad and not proportional to the needs of the

case.  Clover further objects to this Interrogatory to the extent it seeks information that is publicly

available.

Clover further objects to this Interrogatory as premature, overbroad, unduly burdensome,

and lacking in jurisdiction on the ground that Clover's Motion to Transfer Venue to the Northern

District of California under 28 U.S.C. § 1404(a) was granted on April 14, 2023.  Clover reserves

the right to supplement its Response to this Interrogatory as the case progresses.

## INTERROGATORY NO. 12

Describe in detail the design, development, function, operation, and method of use of each Accused Product or any components thereof identified in your response to Interrogatory No. 1, including any related factory or user settings or configuration options, any restrictions, dependencies, incompatibilities or other limitations of each Accused Product or any components thereof, and including identifying the persons with relevant knowledge and the documents reflecting these facts.

## RESPONSE TO INTERROGATORY NO. 12

Clover incorporates by reference its General Objections as if fully set forth herein.  Clover

further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to

the needs of the case because it is not limited in time. Clover further objects to this Interrogatory

as overly broad and unduly burdensome, and seeking information that is neither relevant to the

claims or defenses of any party nor proportional to the needs of the case, including because it

broadly seeks information regarding "any components [of the Accused Products]" and "any related

factory or user settings or configuration options, any restrictions, dependencies, incompatibilities

or other limitations of each Accused Product or any components thereof."  Clover objects to this

Interrogatory as overly broad, unduly burdensome, and seeking information that is neither relevant

to the claims or defenses of any party nor proportional to the needs of the case to the extent it seeks

information regarding functionality that is not at accused of infringement.  Clover further objects

to this Interrogatory as overly broad, unduly burdensome, and seeking information that is neither

- 19 -

relevant to the claims or defenses of any party nor proportional to the needs of the case, including because it broadly seeks the identification of all "persons with relevant knowledge." Clover further objects to this Interrogatory to the extent that CloudofChange's definition of "Accused Product" is overly broad, as explained above in Clover's General Objections. Clover further objects to this Interrogatory as vague and ambiguous because use of the terms "related factory or user settings or configuration options" and "any restrictions, dependencies, incompatibilities, or other limitations" render this Interrogatory unclear. Clover further objects to this Interrogatory to the extent it seeks identification of all documents "reflecting these facts" as overly broad and not proportional to the needs of the case, including because documents reflecting "the design, development, function, operation, and method of use of each Accused Product or any components thereof" encompasses an excessively large number of documents.

Clover further objects to this Interrogatory as premature, overbroad, unduly burdensome, and lacking in jurisdiction on the ground that Clover's Motion to Transfer Venue to the Northern District of California under 28 U.S.C. § 1404(a) was granted on April 14, 2023. Clover reserves the right to supplement its Response to this Interrogatory as the case progresses.

**INTERROGATORY NO. 13**

Describe in detail the ways in which each Accused Product or any components thereof is sold, distributed, or otherwise provided to others, including distributors, wholesalers, resellers, integrators, end-users, third-party support organizations, repairers, and refurbishers, including explaining what distribution mediums and channels are used, any difference in pricing between different mediums, channels, volumes, or recipients, what other products or software are bundled with each Accused Product or any components thereof, whether there is a separate charge for each Accused Product or any components thereof, any additional licenses or fees required for end-users.

**RESPONSE TO INTERROGATORY NO. 13**

Clover incorporates by reference its General Objections as if fully set forth herein. Clover further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to

the needs of the case because it is not limited in time.  Clover further objects to this Interrogatory as overly broad and unduly burdensome, and seeking information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case, including because it broadly seeks information regarding "the ways in which each Accused Product or any components thereof is sold, distributed, or otherwise provided to others."  Clover further objects to this Interrogatory to the extent that CloudofChange's definition of "Accused Product" is overly broad, as explained above in Clover's General Objections.  As explained above in Clover's General Objections, Clover further objects to CloudofChange's definition of "sold" as vague and ambiguous.  Clover will interpret this term to refer to its ordinary meaning, as well as the license of subscriptions to software. Clover further objects to this Interrogatory as vague and ambiguous because use of the terms "components," "distributors," "wholesalers," "resellers," "integrators," "end-users," "third-party support organizations," "repairers," "refurbishers," "distribution mediums and channels," "mediums," "channels," "volumes," and "bundled" render this Interrogatory unclear.  Clover further objects to this Interrogatory to the extent it seeks identification of all documents related to this Interrogatory as overly broad and not proportional to the needs of the case.  Clover objects to this Interrogatory to the extent it seeks information not in Clover's possession, custody, or control.  Clover objects to this Interrogatory to the extent it seeks information that Clover is under an obligation to one or more third parties not to disclose.  Clover further objects to this Interrogatory to the extent it seeks information that is publicly available.  Clover further objects to this Interrogatory because it is a compound Interrogatory, in that it seeks the information regarding "the ways in which each Accused Product or any components thereof is sold, distributed, or otherwise provided to others, including distributors, wholesalers, resellers, integrators, end-users, third-party support organizations, repairers, and refurbishers, including

explaining what distribution mediums and channels are used" as well as "any difference in pricing between different mediums, channels, volumes, or recipients, what other products or software are bundled with each Accused Product or any components thereof, whether there is a separate charge for each Accused Product or any components thereof, any additional licenses or fees required for end-users."  Clover will count this Interrogatory as two interrogatories toward CloudofChange's limit.

Clover further objects to this Interrogatory as premature, overbroad, unduly burdensome, and lacking in jurisdiction on the ground that Clover's Motion to Transfer Venue to the Northern District of California under 28 U.S.C. § 1404(a) was granted on April 14, 2023.  Clover reserves the right to supplement its Response to this Interrogatory as the case progresses.

## INTERROGATORY NO. 14

Describe in detail all factual and legal bases for what you believe are the appropriate damages if infringement is found, including explaining what you believe is the appropriate royalty base and royalty rate, and including identifying the persons with relevant knowledge and the documents reflecting these facts.

## RESPONSE TO INTERROGATORY NO. 14

Clover incorporates by reference its General Objections as if fully set forth herein.  Clover further objects to this Interrogatory as overly broad, unduly burdensome, and seeking information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case, including because it broadly seeks the identification of all "persons with relevant knowledge" and "all documents."  Clover further objects to this Interrogatory to the extent that it calls for information that is protected by the attorney-client privilege, the work product doctrine, common interest doctrine, or any other applicable privilege or immunity against disclosure.  Clover further objects to this Interrogatory to the extent it calls for a legal conclusion.  Clover further objects to

this Interrogatory to the extent it purports to shift the burden on damages from CloudofChange to

Clover.  Clover further objects to this Interrogatory to the extent that it calls for information not

within Clover's possession, custody, or control.  Clover objects to this Interrogatory to the extent

it prematurely seeks expert testimony.

Clover further objects to this Interrogatory as premature, overbroad, unduly burdensome,

and lacking in jurisdiction on the ground that Clover's Motion to Transfer Venue to the Northern

District of California under 28 U.S.C. § 1404(a) was granted on April 14, 2023.  Clover reserves

the right to supplement its Response to this Interrogatory as the case progresses.

## INTERROGATORY NO. 15

Describe all other litigation or administrative proceedings in which you have directly or
indirectly participated, that involved each Accused Product, including identifying the case or
matter name, court or administrative body, docket or proceeding number, type of case or matter,
parties, current status, and outcome, and including identifying the persons with relevant knowledge
and the documents reflecting these facts.

## RESPONSE TO INTERROGATORY NO. 15

Clover incorporates by reference its General Objections as if fully set forth herein.  Clover

further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to

the needs of the case because it is not limited in time.  Clover further objects to this Interrogatory

as overly broad and unduly burdensome, and seeking information that is neither relevant to the

claims or defenses of any party nor proportional to the needs of the case, including because it

broadly seeks information regarding "all other litigation or administrative proceedings in which

you have directly or indirectly participated, that involved each Accused Product," including

litigations that have nothing to do with the functionality accused of infringement.  Clover further

objects to this Interrogatory as overly broad and unduly burdensome, and unduly burdensome in

light of the phrase "indirectly participated."  Clover further objects to this Interrogatory as overly

broad, unduly burdensome, and seeking information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case, including because it broadly seeks the identification of all "persons with relevant knowledge."   Clover further objects to this Interrogatory to the extent that CloudofChange's definition of "Accused Product" is overly broad, as explained above in Clover's General Objections.  Clover further objects to this Interrogatory to the extent it calls for a legal conclusion.  Clover further objects to this Interrogatory to the extent that it calls for information that is protected by the attorney-client privilege, the work product doctrine, common interest doctrine, or any other applicable privilege or immunity against disclosure.  Clover further objects to this Interrogatory to the extent it seeks identification of all documents "reflecting these facts" as overly broad and not proportional to the needs of the case.  Clover further objects to this Interrogatory to the extent it seeks information that is publicly available.

Clover further objects to this Interrogatory as premature, overbroad, unduly burdensome, and lacking in jurisdiction on the ground that Clover's Motion to Transfer Venue to the Northern District of California under 28 U.S.C. § 1404(a) was granted on April 14, 2023.  Clover reserves the right to supplement its Response to this Interrogatory as the case progresses.

Dated: May 11, 2023

Respectfully submitted,

*/s/ Kelly Ransom*
Kelly Ransom (Tx. Bar No. 24109427)
**KELLY HART & HALLMAN LLP**
303 Colorado, Suite 2000
Austin, Texas 78701
Tel: (512) 495-6429
kelly.ransom@kellyhart.com

Caitlyn Hubbard (Tx. Bar No. 24097853)
**KELLY HART & HALLMAN LLP**
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Tel: (817) 332-2500
caitlyn.hubbard@kellyhart.com

Greg H. Lantier (*Pro Hac Vice*)
R. Gregory Israelsen (*Pro Hac Vice*)
Jennifer L. Graber (*Pro Hac Vice*)
**WILMER CUTLER PICKERING HALE
AND DORR LLP**
1875 Pennsylvania Ave., NW
Washington, DC 20006
Tel: (202) 663-6000
Fax: (202) 663-6363
Gregory.Lantier@wilmerhale.com
Greg.Israelsen@wilmerhale.com
Jennifer.Graber@wilmerhale.com

Sarah B. Petty (*Pro Hac Vice*)
Amy L. Mahan (*Pro Hac Vice*)
Jeannette Leopold (*Pro Hac Vice*)
**WILMER CUTLER PICKERING HALE
AND DORR LLP**
60 State Street
Boston, MA 02109
Tel: (617) 526-6000
Fax: (617) 526-5000
Sarah.Petty@wilmerhale.com
Amy.Mahan@wilmerhale.com
Jeannette.Leopold@wilmerhale.com

and

Jason D. Kipnis (*Pro Hac Vice*)

**WILMER CUTLER PICKERING HALE AND DORR LLP**
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel: (650) 858-6000
Fax: (650) 858-6100
Jason.Kipnis@wilmerhale.com

*Attorneys for Clover Network, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel of record are being served with a copy of the foregoing document via email on May 11, 2023.

<u>*/s/ Amy L. Mahan*</u>
Amy L. Mahan