IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| CLOUDOFCHANGE, LLC,<br><br>        Plaintiff,<br>v.<br><br>CLOVER NETWORK, INC.,<br><br>        Defendant. | Civil Action No. 6:22-CV-00634-ADA-DTG<br><br>JURY TRIAL DEMANDED |

### CLOVER'S REPLY IN SUPPORT OF MOTION TO STAY

The parties agree that a stay pending the final order on Clover's Motion to Transfer to the Northern District of California ("NDCA") should be granted. *See* Dkt. 87 (Clover's Motion to Stay); Dkt. 88 (Plaintiff's Resp.). Indeed, at the outset of its Response to Clover Network, LLC's Motion to Stay, Plaintiff states that it "generally agrees to a stay pending the final order regarding transfer …" Resp. at 1. But Plaintiff then conditions its agreement by requesting an order compelling discovery (which would undermine the purpose of a stay) and making the confounding claim that Clover disputes this Court's jurisdiction. With respect to Plaintiff's first argument, there is not a motion to compel or discovery dispute before this Court. And with respect to the second, there is not a dispute as to the fact that this Court retains jurisdiction unless or until the case is transferred or resolved. There is therefore no basis to condition a stay on either of Plaintiff's two requested "exclusions," and Clover's Motion to Stay should therefore be granted.

**II.      There is no discovery dispute before the Court.**

Plaintiff attempts to backdoor a discovery dispute that is neither ripe nor before the Court. Plaintiff has not raised a discovery issue with Clover or requested a meet and confer to discuss the

discovery responses. Plaintiff has therefore not taken even *one* of the steps required by the OGP 4.3 to bring a discovery dispute to this Court.

Plaintiff's reliance on Clover's discovery responses is misplaced, and its argument that *Clover* has transgressed governing rules is both ironic and incorrect. Clover's objections to written discovery do not challenge or change the fact that this **Court** has jurisdiction over this case unless or until the case is transferred or resolved. Clover's objections merely note that Plaintiff's attempts to pursue discovery in a forum that this Court has already held to be improper are inappropriate. Moreover, while Plaintiff highlights Clover's discovery objection based on the Court's transfer order, it ignores Clover's *many* other substantive objections that demonstrate exactly why a stay of discovery pending the forthcoming final transfer order is necessary.

For example, Clover's objections to Plaintiff's requests for discovery on the third-party Clover Sport product as overbroad, unduly burdensome, and disproportionate reflect one of the critical issues that will inevitably be at the center of a discovery dispute in this case. That dispute should be raised to and resolved by the court that will ultimately conduct the trial of this case. The fact that Plaintiff has not properly raised a discovery dispute (despite asking for an order compelling discovery) reflects the substantial logistical problems with allowing discovery to continue after this Court has already held that the NDCA is the more convenient forum and indicated that a written order on transfer is forthcoming. A stay pending a final order on transfer will prevent this and other important issues from lingering unresolved.

## II.     Plaintiff fails to address the stay factors.

Plaintiff's Response does not address the stay factors or challenge the clear precedent supporting granting the stay Clover requests. Both the Federal Circuit and this Court have held that a district court should not proceed to the "merits of the action," including fact discovery, when

a motion to transfer is *merely pending*. *In re Apple Inc.*, 52 F.4th 1360, 1363 (Fed. Cir. 2022). The Federal Circuit has explained that "judicial economy requires that … the court which ultimately decides the merits of the action should also decide the various questions which arise during the pendency of the suit instead of considering it in two courts." *Id.* (citation omitted). That logic is amplified and applies with even more force when, as here, a transfer motion is not merely pending—but has already been granted.

Plaintiff implicitly acknowledges that logic by agreeing that a stay is warranted in significant part. Resp. at 4. Plaintiff's request to "exclude" piecemeal discovery matters that are unripe—which may not be ripe before a final ruling on transfer is issued and which raise significant discovery disputes that the "clearly more convenient" forum should resolve—has no merit. As to all proceedings, judicial economy and the governing stay factors favor the requested stay, and Plaintiff has made no effort to show any harm or prejudice resulting from it.

For these reasons, this case should be stayed in full pending a final ruling on transfer.

May 17, 2023                                             Respectfully submitted

*/s/ Kelly Ransom*_____
Kelly Ransom (Tx. Bar No. 24109427)
**KELLY HART & HALLMAN LLP**
303 Colorado, Suite 2000
Austin, Texas 78701
Tel: (512) 495-6400
kelly.ransom@kellyhart.com

Caitlyn Hubbard (Tx. Bar No. 24097853)
**KELLY HART & HALLMAN LLP**
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Tel: (817) 332-2500
caitlyn.hubbard@kellyhart.com

Gregory H. Lantier (*Pro Hac Vice*)
R. Gregory Israelsen (*Pro Hac Vice*)
Jennifer L. Graber (*Pro Hac Vice*)
**WILMER CUTLER PICKERING HALE AND DOOR LLP**
2100 Pennsylvania Ave., NW
Washington, DC 20037
Tel: (202) 663-6000
Fax: (202) 663-6363
Gregory.Lantier@wilmerhale.com
Greg.israelsen@wilmerhale.com
Jennifer.graber@wilmerhale.com

Sarah B. Petty (*Pro Hac Vice*)
Amy L. Mahan (*Pro Hac Vice*)
Jeannette Leopold (*Pro Hac Vice*)
**WILMER CUTLER PICKERING HALE AND DOOR LLP**
60 State Street
Boston, MA 02109
Tel: (617) 526-6000
Fax: (617) 526-5000
Sarah.Petty@wilmerhale.com
Amy.Mahan@wilmerhale.com
Jeannette.Leopold@wilmerhale.com

Jason D. Kipnis (*Pro Hac Vice*)
**WILMER CUTLER PICKERING HALE AND DOOR LLP**
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel: (650) 858-6000
Fax: (650) 858-6100
Jason.Kipnis@wilmerhale.com

*Attorneys for Clover Network, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record are being served with a copy of the foregoing document via the Court's CM/ECF system on May 17, 2023.

/s/ Kelly Ransom