IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **CLOUDOFCHANGE, LLC,**<br>*Plaintiff,*<br><br>v.<br><br>**CLOVER NETWORK, INC.,**<br>*Defendant.* | §<br>§<br>§<br>§   W-22-CV-00634-ADA-DTG<br>§<br>§<br>§<br>§<br>§ |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Clover Network, LLC's Opposed Motion to Transfer Venue to the Northern District of California Under 28 U.S.C § 1404(a) (ECF No. 18). The Court held a hearing on April 14, 2023, where Defendant's Motion was orally GRANTED. This order memorializes that ruling.

### I.    FACTUAL BACKGROUND

Plaintiff CloudofChange, LLC filed this lawsuit accusing Defendant Clover Network, Inc. of infringing United States Patent Nos. 9,400,640 (the "'640 Patent"); 10,083,012 (the "'012 Patent"), and 11,226,793 (the "'793 Patent"). ECF No. 24 at ¶ 1. Defendant is a California corporation with its principal place of business in Sunnyvale, California. *Id.* at ¶ 3.

Defendant seeks transfer to the Northern District of California under 28 U.S.C. § 1404(a). ECF No. 18. Plaintiff opposes this request to transfer. ECF No. 61.

### II.    LEGAL STANDARD

In patent cases, motions to transfer under 28 U.S.C. § 1404(a) are governed by the law of the regional circuit—here, the Fifth Circuit. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). 28 U.S.C. § 1404(a) provides in part that "[f]or the convenience of parties and

witnesses, . . . a district court may transfer any civil action to any other district or division where it might have been brought . . . " *Id*. "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

The preliminary question under § 1404(a) is whether a civil action "'might have been brought' in the destination venue." *In re Volkswagen, Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) [hereinafter *Volkswagen II*]. If the destination venue would have been a proper venue, then "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004) (footnote omitted). The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) [hereinafter *Volkswagen I*] (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1982)). The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.* Courts evaluate these factors based on the situation which existed at the time of filing, rather than relying on hindsight knowledge of the defendant's forum preference. *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960).

The moving party has the burden to prove that a case should be transferred for convenience. *Volkswagen II*, 545 F.3d at 314. The burden is not simply that the alternative venue is more convenient, but that it is clearly more convenient. *Id.* at 314–15. While "clearly more convenient" is not the same as the "clear and convincing" standard, the moving party must still show more than a mere preponderance. *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-cv-118, 2019 WL 6344267, at *7 (E.D. Tex. Nov. 27, 2019). Yet, the Federal Circuit has clarified that, for a court to hold that a factor favors transfer, the movant need not show an individual factor *clearly* favors transfer. *In re Apple Inc.*, 979 F.3d 1332, 1340 (Fed. Cir. 2020).

### III. DISCUSSION

#### A. Threshold Determination

The threshold determination in the § 1404(a) analysis is whether this case could initially have been brought in the destination venue—the Northern District of California ("NDCA"). Defendant asserts that this case could have originally been brought in the NDCA because Defendant maintains its principal place of business in Sunnyvale, California, thus it operates a regular and established place of venue within the NDCA. ECF No. 18 at 7. Plaintiff does not dispute this point. This Court finds that this case could have been brought in the NDCA. Thus, the Court proceeds with its analysis of the private and public interest factors to determine if the NDCA is clearly more convenient than the Western District of Texas ("WDTX").

#### B. Clover Sport

As an initial matter, the parties dispute whether Accused Product Clover Sport (which was added after the filing of Defendant's Motion to Transfer Venue) should be considered in the transfer analysis. *See* ECF No. 61 at 7; ECF No. 77 at 4. The parties appear to agree that Clover Sport is not a product of the currently named defendant, and plaintiff has not shown that it is made, used, sold, or offered for sale by the named defendant. Thus, materials, related to it—documents

3

and witnesses carry little to no weight in the analysis. The Court declines to rule on whether the addition of this product after the filing of the motion to transfer prevents the Court from considering evidence related to it.

### C. Evaluation of the Factors

The Court turns to evaluation of the private and public interest factors. Defendant asserts that most witnesses are in the NDCA. ECF No. 18 at 8. Plaintiff argues that there are Clover Sport witnesses in the WDTX, and Plaintiff witnesses in Washington and New York. ECF No. 61 at 12. Defendant contends that the Accused Products were and continue to be researched, designed and developed in NDCA. ECF No. 18 at 11. Defendant argues that the custodians of the evidence are located in the NDCA. *Id.* Further, Defendant points to physical evidence such as prototypes that exist in the NDCA. *Id.* Defendant contends that any relevant documents in Plaintiff's possession would not be in Texas. *Id.* Plaintiff instead points to authorized resellers of the Accused Products in the WDTX. ECF No. 61 at 9. Defendant identifies several allegedly relevant non-party witnesses who are subject to the NDCA's subpoena power. Plaintiff counters with several allegedly relevant non-party witnesses subject to the subpoena power of the WDTX. ECF No. 61 at 9–10. Defendant argues that co-pending cases against Lightspeed and NCR involve different defendants and different hardware and software, which negate judicial economy. ECF No. 18 at 13–14. Plaintiff disagrees. ECF No. 61 at 11. Defendant contends that is little or no "difference in docket congestion and time-to-trial" between the WDTX and the NDCA is "negligible." ECF No. 18 at 15. Plaintiff contends that this Court has recently confirmed that the WDTX is less congested than the NDCA. ECF No. 61 at 13. Finally, Defendant argues that the NDCA has the only local interest in this case, because it is where the development, marketing, and business decisions related to the Accused Products occurred, as well as being where Defendant is based. ECF No. 18 at 12. Plaintiff

disagrees because Defendant has merchants in the WDTX and markets its products here. ECF No. 61 at 14–15.

Given the parties' briefing, evidence, and arguments at the hearing, the Court finds that Defendant has demonstrated NDCA is clearly more convenient under the applicable factors. The Court therefore finds that Defendant's Motion should be GRANTED and this case transferred to NDCA.

## IV.

The Court finds that Defendant has met its burden to prove that the Northern District of California is clearly more convenient. It is hereby **ORDERED** that:

(1) Defendant's Motion to Transfer Venue (ECF No. 18) is **GRANTED**;

(2) All deadlines in this case are **VACATED**; and

(3) The case will be transferred 15 days from the date of this order if no objections to this order are filed with the district judge <u>or</u> an order from the district judge resolving any objections to this order under Fed. R. Civ. P. 72(a), whichever is earlier.

SIGNED this 18th day of May, 2023.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE