**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

CloudofChange, LLC,

    Plaintiff,

              v.

Clover Network, Inc.,

    Defendant.

Case No. 6:22-cv-00634-ADA

**JURY TRIAL DEMANDED**

**PLAINTIFF CLOUDOFCHANGE, LLC'S OBJECTIONS TO THE COURT'S
MEMORANDUM OPINION AND ORDER GRANTING TRANSFER TO THE
<u>NORTHERN DISTRICT OF CALIFORNIA (DKT. 91)</u>**

**PUBLIC VERSION**

███████████████

Magistrate Judge Gilliland issued a Memorandum Opinion and Order (the "Order") granting Defendant Clover Network, LLC's ("Defendant" or "Clover") motion to transfer venue to the Northern District of California.  Dkt. 91, p. 5.  Plaintiff CloudofChange, LLC ("Plaintiff" or "CloudofChange") now timely serves and files its objections.  FED. R. CIV. P. 72(a).  "A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  "Such a review means that the Court will examine the entire record, and will make an independent assessment of the law."  *Acosta v. Wok on Wheels USA, LLC*, No. SA16CA902FBHJB, 2019 U.S. Dist. LEXIS 149698, at *2 (W.D. Tex. June 11, 2019).  This Court, reviewing the entire record *de novo*, should deny entry of the Magistrate's Order in light of any of the multiple legal errors found therein.

## I.  CloudofChange Objects to the Order's Application of *Hoffman v. Blaski*

The Order misapplied Supreme Court precedent when claiming that courts evaluate the transfer factors "based on the situation which existed at the time of filing, rather than relying on hindsight knowledge of the defendant's forum preference.  *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960)."  Dkt. 91, p. 2.  In *Hoffman*, the Supreme Court declined to adopt petitioner's thesis that developments which occur between the bringing of the action and the filing of the transfer motion should empower the district court to transfer to a venue that would otherwise be improper but for those post-complaint developments.  *Hoffman*, 363 U.S., at 342.  *Hoffman*'s holding is plainly distinguishable from the facts of this case because, unlike in *Hoffman*, no factual developments change the appropriateness of this district as a venue.  *Hoffman* had to do with post-complaint *factual changes* that pre-dated the motion to transfer.  *Id.*  ("They argue that in the interim between the bringing of the action and the filing of a motion to transfer it, the defendants may move their residence to, or, if corporations, may begin the transaction of business in, some other district ….").

1

The law is well-settled that post-complaint factual changes do not impact the transfer analysis. *Proler Steel Corp. v. Luria Bros. & Co.*, 225 F. Supp. 412, 413 (S.D. Tex. 1964) ("It is well settled that venue and jurisdiction are determined by the facts as they exist at the time the action is filed." (citing *Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283 (1938))).  Here, Clover Sport's connection to the Western District of Texas existed prior to, during, and after Plaintiff's filing of its Complaint.[1]  Plaintiff merely updated its Complaint and preliminary infringement contentions in a timely manner in accordance with this Court's instructions to reflect the facts that already existed at the time of the filing of the Complaint but were discovered during the course of venue discovery.  Dkt. 16, p. 3; *see also* Standard Order Governing Proceedings (OGP) 4.2–Patent Cases; *see also* Ex. A, Sealed Hearing Tr., at 16:6-15.

Because Clover's ties to the Western District of Texas existed prior to, during, and after Plaintiff's filing of its Complaint, the Order's reliance on *Hoffman* is distinguishable. Accordingly, CloudofChange objects.

## II.    CloudofChange Objects to the Order's Analysis of the Transfer Factors

The Order erred in the evaluation of the transfer factors.  Judges must adjudicate motions for transfer according to an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).  However, the Order lacks sufficient discussion of key elements of the transfer analysis.  Dkt. 91, pp. 4-5.  The Order was silent concerning the following:



[1] *See* Dkt. 61-4, ▮▮▮▮▮ at 95:2-7 ▮▮▮▮▮▮▮▮▮▮▮, 95:16-18 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, 133:3-18 ▮▮▮▮▮▮▮▮, 149:20-150:4 ▮▮▮▮▮▮▮▮▮▮▮; *see also* Dkt. 61-5 ▮▮▮▮▮▮; *see also* Dkt. 61-10 ▮▮▮▮▮▮▮▮▮▮▮

(1) the factors that weighed in favor of transfer; (2) the factors that weighed against transfer; (3) the factors that were neutral to the transfer analysis; (4) the magnitude of each factor (*i.e.*, did a factor weigh strongly or slightly in a particular direction); and (5) the means by which the decision to transfer was reached. *Id.; see generally Acquisition, L.L.C. v. Google LLC*, No. W-21-CV-00816-ADA, 2022 U.S. Dist. 191155 (W.D. Tex. Oct. 5, 2022) (Albright, J.) (analyzing each factor individually before specifically detailing whether each factor weighs against or for transfer).

Here, the Order reflects a summary of select positions taken by the parties and the Magistrate's conclusion, but lacks detailed legal and factual analysis concerning how the decision to transfer was reached.[2]  Dkt. 91, p. 5 ("Given the parties' briefing, evidence, and arguments at the hearing, the Court finds that Defendant has demonstrated NDCA is clearly more convenient under the applicable factors.  The Court therefore finds that Defendant's Motion should be GRANTED and this case transferred to NDCA.").  Likewise, the April 14 hearing also lacked detailed analysis concerning how the Magistrate reached the decision to transfer the case to the NDCA. *See* Ex. A, Sealed Hearing Tr., at 26:1-4 (summarily granting Clover's motion to transfer).

In light of the foregoing, Plaintiff has been denied its opportunity to meaningfully challenge the Order's decision. *See In re Missionary Baptist Found. of Am., Inc.*, 796 F.2d 752, 761 (5th Cir. 1986) (determining that the "proper solution is to remand the case for a factual determination" when a lower court's conclusory findings leave the appellate court with "no basis for meaningful review"); *see also Golf City, Inc. v. Wilson Sporting Goods Co., Inc.*, 555 F.2d 426, 432 (5th Cir. 1977) (requiring a "clear understanding of the ground or basis of the decision of the trial court"); *see also Ratliff v. Governor's Highway Safety Program*, 791 F.2d 394, 400 (5th

---

[2] For example, it is unclear whether the Magistrate properly weighed the availability of third parties and evidence from third parties in the transfer analysis because the record is silent on both. *See*, *e.g.*, Dkt. 61, p. 8 ("For example, Price Professional Solutions (d/b/a "Clover POS Austin") is an authorized reseller of Defendant's Accused Products operating out of the WDTX.").

Cir. 1986) ("The perfunctory and conclusory findings of the Magistrate do not comport with the requirement of Federal Rule of Civil Procedure 52(a), which provides that a trial court 'shall find the facts specifically.'").  Therefore the Court should reject the Magistrate's Order.  *See id.*

### III.   CloudofChange Objects to the Determination Regarding Clover Sport

Plaintiff objects to the Order's legal conclusions as tainted by an inaccurate assessment of the facts.  The Order claimed that *both* parties "appear to agree that Clover Sport is not a product of the currently named defendant, and plaintiff has not shown that it is made, used, sold, or offered for sale by the named defendant."  Dkt. 91, p. 3.  Not so.[3]  If anything, the evidence supports the opposite.  *See* Ex. A, at ███████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████████  Neither Clover's motion to transfer nor reply brief rebut the fact that Clover Sport uses the originally accused Clover products.  *See* Dkt. 18, Dkt. 77.

At the hearing, Defendant's counsel claimed ████████████████████████████

████████████████████████████████████████  Ex. A, Sealed Hearing Tr., at 22:15-23.[4]  The Order relied on the assumption the parties agreed Clover Sport was not a product of the Defendant as a basis to discount Clover Sport in the transfer analysis.  Dkt. 91, at pp. 3-4.  But ownership (or lack thereof) is not dispositive to the transfer analysis.  As shown above, the

---

[3] To the extent Clover argues Clover Sport relates to Fiserv and not Clover, Plaintiff has then identified many Fiserv employees in the WDTX using the originally accused products, which at a minimum goes to third party sources of evidence and also to indirect infringement.

[4] If the Court elects to receive further evidence, *e.g.*, beyond Dkt. 61-3, per Fed. R. Civ. P. 72(b)(3), Plaintiff has attached Ex. B (showing Clover Sport comprises the originally accused Clover hardware with enterprise software), Ex. C (same), Ex. D (showing the logo transition between Clover and Clover Sport), and Ex. E (moving Bypass, now Clover Sport, under the Clover brand).

originally accused Clover products are used with Clover Sport in the District (by Defendant and by Clover Sport).  Further, despite Clover's artificial distinction (*see* Dkt. 61, pp. 7-8),   Therefore, Clover Sport should have been weighed in the transfer analysis.

The determination that the materials related to Clover Sport (including documents and witnesses) "**carry little to no weight** in the (transfer) analysis" has incurably tainted the Order. Dkt. 91, pp. 3-4 (emphasis added).  The Order fails to explain the impact that the decision to afford little to no weight to Clover Sport had on the transfer analysis.  *See e.g. Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 388-89 (Tex. 2000) (holding that harmful error results from the commingling of valid and invalid theories where it cannot be determined whether a valid or invalid theory formed the basis of a finding).  To the extent that Clover Sport is treated as a product of a third party (*i.e.*, Fiserv), Plaintiff has shown that the originally accused Clover products

While affording "little to no weight" to Clover Sport, the Magistrate stated that this case was a "tough call."  Ex. A, Sealed Hearing Tr., at 25:25.  But after properly weighing Clover Sport, the Court should deny entry of the Order and deny the transfer motion.

## IV.    Conclusion

Because CloudofChange objects to the misapplication of *Hoffman*, the failure to analyze the transfer factors, and the improper exclusion of Clover Sport in the analysis, Plaintiff objects to the memorandum opinion and order and asks the Court to reject Defendant Clover Network, LLC's Motion to Transfer Venue to the Northern District of California (Dkt. 18).

Dated: June 1, 2023

Respectfully submitted,

PATTERSON + SHERIDAN LLP

*/s/ John A. Yates*

John A. Yates
Attorney In Charge
Texas State Bar No. 24056569
jyates@pattersonsheridan.com

B. Todd Patterson
Texas State Bar No. 00789537
tpatterson@pattersonsheridan.com

Kyrie Kimber Cameron
Texas State Bar No. 24097450
kcameron@pattersonsheridan.com

Edgar Neil Gonzalez
Texas State Bar No. 24092431
egonzalez@pattersonsheridan.com

Jordan D. Brown
Texas State Bar No. 24120724
jbrown@pattersonsheridan.com

**Patterson + Sheridan LLP**
24 Greenway Plaza, Suite 1600
Houston, Texas 77046
(Tel): 713-623-4844
(Fax): 713-623-4846

Abelino Reyna
Texas State Bar No. 24000087
areyna@pattersonsheridan.com

Craig V. Depew
Texas State Bar No. 05655820
cdepew@pattersonsheridan.com

**Patterson + Sheridan LLP**
729 Washington Ave., Suite 200
Waco, Texas 76701
(Tel.): 254-777-5248
(Fax): 877-777-8071

*Attorneys for Plaintiff*
*CloudofChange, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on all counsel of record on June 1, 2023.

*/s/ John A. Yates*
John A. Yates

█████████████

I hereby certify that on June 1, 2023, I electronically filed the foregoing document under seal with the Clerk of the Court using the CM/ECF system pursuant to the Court's Standing Order regarding Filing Documents under Seal in Patent Cases and Redacted Pleadings.

*/s/ John A. Yates*
John A. Yates